Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice*)
chenn@ktslaw.com
Charles H. Hooker III (*pro hac vice*)
chooker@ktslaw.com
Bethany R. Nelson (*pro hac vice*)
brnelson@ktslaw.com
Jessica W. Truelove (*pro hac vice*)
jtruelove@ktslaw.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,

Plaintiffs,

v.

**AVIATOR NATION, INC.**, a California corporation; and **PAIGE MYCOSKIE**, a resident of Texas,

Defendants.

Case No. 3:24-cv-740 AN

**SECOND AMENDED COMPLAINT**
(Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing)

**DEMAND FOR JURY TRIAL**

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Second Amended Complaint ("Complaint") against Defendants Aviator Nation, Inc. ("Aviator Nation") and Paige Mycoskie ("Ms. Mycoskie," collectively with Aviator Nation, "Defendants").

## I. INTRODUCTION

1. For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel in an array of colors bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"), which is covered by numerous incontestable federal trademark registrations. Consumers readily recognize adidas's Three-Stripe Mark and uniquely associate it with adidas. And federal courts repeatedly have held that adidas's Three-Stripe Mark is famous.

2. Over the years, Aviator Nation repeatedly has ignored adidas's rights in the Three-Stripe Mark, requiring adidas repeatedly to object to the sale of infringing sweatshirts, sweatpants, hoodies, shorts, and related apparel featuring parallel-stripe designs that are confusingly similar to adidas's Three-Stripe Mark.

3. In settlement agreements signed in 2012, 2013, and 2022 (the "2022 Agreement") (collectively, the "Agreements"), Aviator Nation (i) acknowledged adidas's rights, (ii) agreed not to contest or impair adidas's rights in the Three-Stripe Mark, (iii) agreed to stop selling apparel adidas had identified as infringing the Three-Stripe Mark, and (iv) committed to stop manufacturing, marketing, or selling any product bearing the Three-Stripe Mark or any design, mark, or feature confusingly similar to it. Each of the Agreements was signed by Aviator Nation's CEO and founder, Paige Mycoskie, who exercises complete control over Aviator Nation, who personally directs and authorizes Aviator Nation's sale of infringing apparel, and



Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

who oversees the acts giving rise to this Complaint.

4. Each of the Agreements contains a confidentiality provision requiring the parties to keep the contents of the Agreements strictly confidential and to not disclose their terms to anyone. (The 2022 Agreement is attached as **Exhibit 1**, and the other Agreements are included as exhibits to the 2022 Agreement.[1]) Notwithstanding these confidentiality provisions, Ms. Mycoskie recently appeared on Guy Raz's National Public Radio podcast "How I Built This" in January 2024 where she publicly disclosed and misrepresented the parties' prior disputes and key terms of their 2022 settlement agreement. Specifically, Ms. Mycoskie said:

> Basically, what happened was, in 2012 there were a couple garments that did have three stripes on 'em. I basically said, 'ok,' I said, 'I'll stop doing three stripe garments, but I'm going to continue doing the four stripe.' And so they like basically disappeared for several years, and I stopped doing three stripes. And so anyway, they came like years down the road. I don't remember. I want to say maybe 2016 or something. They came back, and they said, 'Ok, now we think your four stripes are confusingly similar.' And I was like, 'no guys, we made this agreement.' And so anyway, in 2016, you know I had a little bit more money. I think at that point I actually had insurance for trademark protection. And so this went on for a long time, and we did go through mediation and all this stuff. And then in the end, they pretty much let go of it. We just settled on the fact that I wouldn't do three stripes, and I would really not do anything with four stripes that was confusing with their three stripes because one of the stripes blended into the background of the garment or something.

5. Ms. Mycoskie's public statement not only breached the parties' 2022 Agreement but demonstrates the contemptuous indifference she and her company repeatedly have exhibited for the duties and obligations they undertook in the Agreements.

---

[1] Because of the confidentiality provisions in the Agreements, adidas did not originally attach the Agreements to its Complaint, but now files them under seal pursuant to the Protective Order that has been entered in this case.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

6. The Defendants' contempt toward adidas and the parties' Agreements extends beyond Ms. Mycoskie's clear breach of the confidentiality provision in the 2022 Agreement. In the same "2022 Agreement," Aviator Nation agreed to stop selling more than 100 items of striped apparel, examples of which are shown in the chart below on left and in the attached **Exhibit 2**. Notwithstanding its agreement to stop selling these designs, Aviator Nation has continued selling the same designs:

| **Products Aviator Nation Agreed To Stop Selling In 2022 Agreement** | **Products Aviator Nation Currently Continues To Sell** |
|---|---|
|  |  |
|  |  |

| Products Aviator Nation Agreed To Stop Selling In 2022 Agreement | Products Aviator Nation Currently Continues To Sell |
| --- | --- |
|  |  |
|  |  |

7. In addition to these designs, Aviator Nation has, with actual knowledge of and at Ms. Mycoskie's express direction, continued offering for sale and selling apparel bearing confusingly similar imitations of the Three-Stripe Mark (together with the designs above, the "Infringing Apparel")—despite acknowledging adidas's rights in the famous Three-Stripe Mark and committing (repeatedly) to stop infringing adidas's Three-Stripe Mark in each of the three Agreements.

8. Aviator Nation's latest Infringing Apparel imitates adidas's Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation. Defendants' actions are in breach of its obligations under the 2022 Agreement, and Defendants' conduct is diluting and irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark.

9. adidas hoped to avoid bringing this lawsuit by attempting to reach an amicable resolution and getting Aviator Nation to comply with the terms of the 2022 Agreement. Notwithstanding the fact that the 2022 Agreement required the parties to mediate, Ms. Mycoskie refused to attend the parties' mediation in person—despite adidas's repeated efforts to accommodate Ms. Mycoskie's schedule and extend the time in which to conduct the mediation. Despite adidas's efforts, the parties have been unable to resolve their dispute amicably.

10. In the time since adidas first filed this lawsuit, Aviator Nation has committed further acts in breach of the 2022 Agreement. Specifically, Aviator Nation has, in its Answer, in the parties' Joint Rule 26(f) Report, and in Aviator Nation's written discovery responses, contested adidas's rights in the Three-Stripe Mark, including by denying adidas's rights in the Three-Stripe Mark and by asserting that the Three-Stripe Mark is functional or ornamental. These acts violate the express terms of the 2022 Agreement.

11. This is, therefore, an action at law and in equity for breach of contract, trademark infringement, dilution, and unfair competition arising under: the laws of Oregon; the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Defendants from distributing, marketing, or selling apparel using or bearing confusingly similar imitations of the Three-Stripe Mark;



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(b) award adidas damages and to treble that award; (c) require Aviator Nation to disgorge all of its profits from its sale of the Infringing Apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II. PARTIES

12. Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

13. Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the famous Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

14. On information and belief, Defendant Aviator Nation, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 6363 Regent Street, Huntington Park, California 90255.

15. On information and belief, Defendant Paige Mycoskie is an individual citizen and resident of Texas.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

17. This Court has personal jurisdiction over Defendants because, upon information and belief, (a) Defendants have knowingly and purposefully marketed, distributed, offered for sale, and sold the Infringing Apparel to persons within the State of Oregon; (b) Defendants regularly transact and conduct business within the State of Oregon; and (c) Defendants have otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction. Specifically, Aviator Nation has purposefully targeted, marketed, distributed, offered for sale, and sold the Infringing Apparel to persons within the State of Oregon, and otherwise transacted business within the State of Oregon, all at the direction of Ms. Mycoskie.

18. This Court further has personal jurisdiction over Defendants because Defendants purposefully entered into, and then breached, a settlement agreement with Oregon citizen adidas America, Inc., knowing it would cause harm to adidas in Oregon.

19. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. adidas's Famous Three-Stripe Mark

20. adidas is currently, and for many years has been, one of the world's leading manufacturers of athletic apparel, sportswear, footwear, and sporting equipment. At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark, which is nonfunctional as applied to footwear, quickly came to signify the quality and reputation of adidas footwear. Representative examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 3**.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21. At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States and worldwide. The Three-Stripe Mark, which is nonfunctional as applied to apparel, quickly came to signify the quality and reputation of adidas apparel. Representative examples of apparel, including shirts, jackets, pants, and shorts, bearing the Three-Stripe Mark appear below and are attached as **Exhibit 4**.

22. Examples of apparel sold by adidas bearing the Three-Stripe Mark are shown below:







**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

















23. adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the United States Patent and Trademark Office ("USPTO") on October 12, 1999, for the



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of Certificate of Registration No. 2,284,308 is attached as **Exhibit 5**.

24. adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the USPTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely, shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of Certificate of Registration No. 2,278,591 is attached as **Exhibit 6**.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

25. adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the USPTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 7**.

26. adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the USPTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for "Clothing, namely . . . pants, shorts, bottoms, . . . tracksuits, training suits, [and] warm-up suits."

A copy of Certificate of Registration No. 4,910,643 is attached as **Exhibit 8**. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.





**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

27. adidas is the owner of additional incontestable federal registrations for the Three-Stripe Mark covering other items of apparel, including shirts, jackets, coats, vests, and headwear, including Reg Nos. 2,016,963, 2,058,619, 3,087,329, 3,183,656, 3,183,663, and 3,236,505. Copies of these Certificates of Registration are attached collectively as **Exhibit 9**.

28. adidas is also the owner of incontestable federal registrations for the Three-Stripe Mark covering footwear, including Reg Nos. 1,815,956, 1,833,868, 2,278,589, 2,909,861, 2,999,646, 3,029,129, and 3,029,135. Copies of these Certificates of Registration are attached collectively as **Exhibit 10**.

29. Additionally, adidas owns federal trademark registrations for the word marks THE BRAND WITH THE 3 STRIPES and THREE STRIPE LIFE, Reg. Nos. 1,674,229 and 6,897,937, respectively (issued by the USPTO on February 4, 1992 and November 15, 2022 respectively for various items of apparel and accessories). Affidavits have been filed for Reg. No. 1,674,229 pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Copies of these Certificates of Registration are attached collectively as **Exhibit 11**.

30. In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.

31. adidas has invested hundreds of millions of dollars building its brand in connection with the Three-Stripe Mark, and federal courts repeatedly have stated that the Three-Stripe Mark is famous among consumers in the United States. Indeed, for more than 50 years, adidas has advertised and promoted the Three-Stripe Mark in the United States through virtually every marketing channel, including print, television, digital advertising, social media, influencer



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

marketing, and sponsorships.

32. Since introducing the Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark in the United States. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of Kansas, the University of Nebraska, the University of Louisville, and the University of Miami. Among many other athletes who wear apparel and footwear bearing the Three-Stripe Mark, adidas sponsors: (a) NBA stars James Harden, Damian Lillard, Donovan Mitchell, Trae Young, and Anthony Edwards; (b) MLB all-stars J.D. Martinez, Julio Rodriguez, and Corey Seager; (c) professional golfers Xander Schauffele, Sergio Garcia, and Ludvig Aberg; (d) NFL quarterback and three-time Super Bowl champion Patrick Mahomes; (e) soccer superstars Lionel Messi, Mohamed Salah, Trinity Rodman, and Lindsey Horan; and (f) top tennis players, including Stefanos Tsitsipas, Jessica Pegula, Alexander Zevrev, and Maria Sakkari. For decades, adidas has also sponsored the world-famous Boston Marathon, along with many other events, teams, clubs, and individuals.

33. adidas also has sponsored the U.S. volleyball and beach volleyball teams. And it is known for sponsoring alpine athletes, including Mikaela Shifrin, Alice Robinson, and Petra Vlhova, as well as extreme sports athletes, such as the official adidas Skateboarding team.

34. Beyond the sports world, adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of television and movie stars, social media influencers, and musical artists, including 13-time Grammy Award winning producer Pharrell Williams and world renowned reggaeton artist Bad Bunny.

35. adidas also frequently has sponsored music and lifestyle festivals and events,



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

including, for example, Wanderlust and Lollapalooza.

36. adidas's collaborations with high-end fashion designer brands date back to at least 2002 when adidas announced the first-of-its-kind collaboration with Japanese fashion designer Yohji Yamamoto called "Y-3" (where "the 3 represents the three signature stripes of the [a]didas logo"). *See* **Exhibit 12** ("Think of Adidas, by Way of Porsche," *The New York Times*, February 28, 2008). "Y-3 was one of the first to blend the worlds of high-fashion with sportswear—something we know all too well today—and it continues to dominate this space." *See* **Exhibit 13** (Santiago, Elliot, "Looking Back at 20 Years of Y-3," *Hypebeast*, February 25, 2022; Silbert, Jake, "A Conceptual SS22 Collection Marks Y-3's 20th Anniversary Year" *Highsnobiety*, January 26, 2022). Notably, Mr. Yamamoto was initially interested in the collaboration because of his desire to use the Three-Stripe Mark. *See* **Exhibit 14** (Spagnolo, Angelo, "Walking Backwards Into the Future: Analyzing 15 Years of Y-3," *Grailed*, February 19, 2018). The success of Y-3 eventually paved the way for adidas's collaboration with fashion designer Stella McCartney, which began in 2004. *See* **Exhibit 15** (Zee, Michaela, "What Stella McCartney Taught Us About Sustainability," *L'OFFICIEL*, September 13, 2022). adidas has continued its frequent sponsorships and collaborations with iconic brands including:

a. **Prada**, featuring a "quintessential [a]didas tracksuit . . . sleekly tailored with subtle Prada twists: the track pants' side stripes run along the inseam, a typical coach's jacket is extended to a knee-length coat." *See* **Exhibit 16** (Plumber, Todd, "Prada Teamed Up With Adidas on New Collection of Recycled Clothing—and It's Available Now," *Robb Report*, January 13, 2022);

b. **Gucci**, "merg[ing] Adidas and Gucci logos and popular motifs, namely Adidas' three-strip[e] design and its signature tracksuits." *See* **Exhibit 17** (Ilchi, Layla, "Everything to



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Know About the Adidas x Gucci Collection," *Women's Wear Daily*, June 7, 2022);

c. **Balenciaga**, incorporating "Three Stripes branding both in the literal sense and through a co-branded Trefoil & Balenciaga logo." *See* **Exhibit 18** (Vlahos, Nicholas, "The Full Balenciaga x adidas Collection Drops On November 3rd," *Sole Retriever*, November 2, 2022);

d. **Edison Chen**, Clot founder and fashion designer, recently introduced the Clot x Neighborhood x adidas Superstar shoe featuring the "signature three stripes . . . stitched into the material in a zig-zag pattern." *See* **Exhibit 19** (Torres, Luis, "Clot Founder Edison Chen, Adidas Originals Announce Global Partnership," *Nice Kicks*, October 13, 2023);

e. **Fear of God**, a prominent streetwear label, teamed up with adidas for a collaboration that combines "distinctive aesthetics and the iconic Three Stripes" to create Fear of God Athletics. *See* **Exhibit 20** (Briguglio, Mario, "ADIDAS X FEAR OF GOD ATHLETICS DELIVERY 1 RELEASES DECEMBER 2023," *Sneaker Bar Detroit*, November 29, 2023); and

f. **Wales Bonner**, a British fashion brand known for its fusion of cultural influences, recently collaborated with adidas to construct an adidas Samba collection that "feature[s] metallic studs illuminating the iconic Three Stripes." *See* **Exhibit 21** (Briguglio, Mario, "WALES BONNER'S ADIDAS SAMBA 'STUDDED' PACK LIMITED TO 750 PAIRS EACH," *Sneaker Bar Detroit*, February 9, 2024).

37. Unsolicited media coverage has referred to adidas's "classic three stripes" (Hondorp, Gabrielle, "The Best Tracksuits of 2024: Top Picks for Style, Speed and Comfort," *Sports Illustrated*, January 4, 2024), adidas as the "[b]rand with the Three Stripes" (Hernanadez,



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Jovani "Three Stripes Across 50 States: A Guide To The Best-Selling adidas Shoes In The U.S.," *Sneaker News*, November 15, 2023), adidas's "distinctive three-stripe pattern" (Gupta, Manjari, "5 sneaker models that define Adidas heritage," *Sportskeeda*, May 29, 2023), the "beloved Three Stripes icons" (Le, Michael, "The adidas PUFFYLETTE Creates An Illusory Homage To Iconic Three Stripes Sneakers," *Sneaker News*, December 8, 2022), adidas's "seminal three-stripes style" (Sandoval, Paolo, "From Samba to Superstar: Which Adidas Sneakers Are Right for You?," *Inside Hook,* October 19, 2022), "[t]hink of [a]didas and you think of the Three Stripes" (White, Mark, "Adidas: The history of the Three Stripes on football shirts," *FourFourTwo*, July 15, 2022), adidas's "signature three stripes" (Z., Yna, "Bringing the Lego 10282 Adidas Originals Superstar to life,"*AsiaOne*, July 14, 2021), "the iconic three-stripe [a]didas tag" (Romano, Brittany, "Adidas has finally made a golf shoe version of the popular three-striped Superstar sneaker," *Golf Digest*, August 13, 2020), adidas's "signature three-stripes" (Northman, Tora, "Adidas Originals' Burgundy Track Pants Are the Perfect Retro Staple," *Hypebae*, February 6, 2018), adidas's "signature three stripes" (Butler-Young, Sheena, "The Inside Scoop on How Adidas Became One of the Industry's Most Sought-After Brands," *Footwear News*, March 14, 2017), "iconic three stripes" (Reimel, Erin, "Alexander Wang Announced a Major Collab With Adidas at Fashion Week," *Glamour*, September 11, 2016), "famous Three Stripes" (Schwartz, Rob, "Three Brands That Won At The World Cup," *Forbes*, July 13, 2014). Copies of the foregoing and other unsolicited media articles discussing the adidas brand and the Three-Stripe Mark are attached collectively as **Exhibit 22**.

38. In addition, adidas's advertising campaigns and sponsorships have themselves received extensive media coverage. For example:

- In 2019, adidas recruited tennis star Billie Jean King and ESPN host Maria Taylor



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

to "promote visibility of women in sport" with its "She Breaks Barriers" campaign. This advertisement also "features athletes Rahaf Khatib, Keni Harrison, Becky Sauerbrunn, and Layshia Clarendon." *See* **Exhibit 23** (Smith, Jordan, "Adidas Launches Campaign for Equal Media Representation in Sport," *Runner's World*, March 12, 2019).

- In 2020, adidas kicked off a campaign "Change Is a Team Sport," directed by and starring Jonah Hill, which emphasizes the power of teamwork and includes other icons such as K-pop's super girl group BLACKPINK, chart-topping producer-singer Pharrell Williams, Brazil's leading diva Anitta, Hong Kong-born singer-rapper Jackson Wang, DJ Kerwin Frost, Japanese fashion designer Nigo, professional gamer Ninja, American actress Yara Shahidi, and French soccer player Paul Pogba. *See* **Exhibit 24** ("Change Is A Team Sport," *adidas News*, January 26, 2020).
- adidas's 2021 "Impossible is Nothing" campaign is a documentary-style work that extensively features the adidas trademarks, including the Three-Stripe Mark, throughout on apparel and footwear and is inclusive of people from different sports, genders, ethnicities, and nationalities, including Siya Kolisi, the first Black captain of the South African rugby team, Tiffany Abreu, the first trans woman to play in Brazilian Volleyball Superliga, Cyrill Gutsch, the award-winning designer and brand/product developer of Parley, Ranveer Singh, awarding-winning Hindi film actor, Mohamed Salah Hamed Mahrous Ghaly, Egyptian professional footballer for Liverpool and captain of the Egypt national team, and numerous WNBA superstars, including Candace Parker, Nneka Ogwumike, Layshia



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Clarendon, and Angel McCoughtry. *See* **Exhibit 25** ("Impossible Is Nothing: Inspiring The World To See Possibilities," *adidas News*, April 19, 2021).

- In 2022, adidas launched a campaign in connection with the 2022 FIFA World Cup called "When Football Is Everything, Impossible is Nothing," which featured icons from across sports and media such as Lionel Messi, Karim Benzema, Achraf Hakimi, Son Heung-Min, Jude Bellingham, Pedro 'Pedri' González López, Serge Gnabry and Stormzy. *See* **Exhibit 26** ("When Football Is Everything Impossible Is Nothing," *adidas News*, November 14, 2022).
- In 2023, adidas launched a series of short films accompanied by a set of triptych stills shot by Chadwick Tyler, with some sets featuring partners, collaborators, and friends of the brand that have helped to tell the story of the Trefoil the world over including: Zinedine Zidane, Jenna Ortega, Pusha T, Anitta, Hoyeon Jung, David Beckham, Jennie, Stormzy. *See* **Exhibit 27** ("Adidas Originals Launches New Global Brand Platform: 'We Gave The World An Original. You Gave Us A Thousand Back,'" *adidas News*, September 15, 2023).
- adidas's 2024 "You Got This" campaign features professional and amateur athletes—including Patrick Mahomes, Trinity Rodman, Lionel Messi, Linda Caicedo, Rohit Sharma, Anthony Edwards, Jude Bellingham and the New Zealand All Blacks rugby team—to address how pressure detracts from their enjoyment of playing a sport. *See* **Exhibit 28** ("Adidas tells athletes of all types: 'You got this,'" *MarketingDive*, February 12, 2024).

39. adidas has built up and now owns extremely valuable goodwill that is symbolized by the Three-Stripe Mark. As a result of adidas's widespread, continuous, and exclusive use of



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

the Three-Stripe Mark in connection with its apparel and footwear for many decades, the general consuming public of the United States recognizes the Three-Stripe Mark as a designation of source of the goods of adidas and it is, therefore, a famous mark. The Three-Stripe Mark became famous long before Aviator Nation began selling the Infringing Apparel.

### B. Aviator Nation's Prior Infringement And The 2012 And 2013 Settlement Agreements

40. In or around 2011, adidas became aware that Aviator Nation was offering for sale and selling a variety of apparel, including t-shirts, long-sleeve shirts, sweatshirts, and zip-up tops featuring three parallel stripes, examples of which are depicted below (the "2011 Infringing Apparel"):











**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222





41. Soon thereafter, adidas communicated its objections to Aviator Nation's sales of the 2011 Infringing Apparel based on adidas's common law and registered rights in the Three-Stripe Mark.

42. adidas and Aviator Nation resolved their dispute by entering into a settlement agreement that was fully executed in April 2012 (the "2012 Agreement"). As part of that Agreement, Aviator Nation agreed not to produce, manufacture, promote, offer for sale, or sell the 2011 Infringing Apparel.

43. Notably, nothing in the 2012 Agreement permitted Aviator Nation to sell products featuring four parallel stripes, and no such products were included in that Agreement's safe harbor exhibit. In fact, in the 2012 Agreement, Aviator Nation expressly agreed not to produce or sell products confusing similar to the Three-Stripe Mark.

44. Notwithstanding the fact that the parties only recently had entered into the 2012 Agreement in April 2012, approximately six months later—in or around October of 2012—adidas again became aware that Aviator Nation was offering for sale and selling apparel featuring three



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

parallel stripes in violation of adidas's common law and registered trademark rights and in breach of the parties' 2012 Settlement Agreement. Examples of this apparel are shown below (the "2012 Infringing Apparel"):











**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222











**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

45. After adidas contacted Aviator Nation, the parties entered into a letter agreement, according to which Aviator Nation stopped selling the 2012 Infringing Apparel. The Parties executed this letter agreement in January 2013 (the "2013 Agreement").

46. The 2013 Agreement affirmed Aviator Nation's acknowledgement of adidas's rights, and did not modify Aviator Nation's undertakings in the 2012 Agreement.

**C. The Parties' 2022 Agreement And the Present Dispute**

47. Notwithstanding the 2012 and 2013 Agreements, in or around May 2018, adidas again learned that Aviator Nation was offering for sale and selling apparel featuring a stripe design that is confusingly similar to adidas's famous Three-Stripe Mark and in breach of the 2012 Agreement.

48. Specifically, in or around May 2018, adidas became aware that Aviator Nation was selling the apparel depicted below.



49. Following further investigation, adidas identified additional apparel offered for sale and sold in violation of the parties' 2012 Agreement, including the examples shown below, among many other items.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222










**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222





50. While attempting to resolve the dispute, in or around June 2019, adidas became aware that—in blatant disregard of its obligations under the 2012 Agreement—Aviator Nation had begun offering for sale and selling the following counterfeit apparel bearing three stripes:





**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222





51. adidas continued to attempt, but was unable, to amicably resolve its dispute based on Aviator Nation's sale of egregiously infringing apparel, so it filed a lawsuit styled *adidas*



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*America, Inc. et al v. Aviator Nation, Inc.*, Civil Action No. 3:19-cv-02049-HZ, asserting claims for breach of contract, trademark infringement and dilution, unfair competition, and counterfeiting (the "2019 Lawsuit").

52. The parties resolved the 2019 Lawsuit through the 2022 Agreement, which Ms. Mycoskie signed on behalf of Aviator Nation.

53. The 2022 Agreement is valid and enforceable, and Aviator Nation and adidas entered into the 2022 Agreement after arms-length negotiations and a mediation.

54. Aviator Nation specifically agreed not to produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market the above apparel or any of the apparel shown in **Exhibit 2**.

55. Aviator Nation further agreed (again) not to produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market anything confusingly similar to the Three-Stripe Mark.

56. Aviator Nation also agreed expressly not to take any action contesting or impairing adidas's right, title, and interest in the Three-Stripe Mark. This undertaking included, without limitation, a covenant not to assert that the Three-Stripe Mark lacks distinctiveness, or that it is generic, descriptive, functional, or ornamental.

57. On information and belief, Defendants never intended to comply with the 2022 Agreement in word or spirit, and as shown below, have not complied with the 2022 Agreement.

58. adidas discovered in early 2024 that Aviator Nation, at Ms. Mycoskie's direction, was still selling apparel indistinguishable from the very items Aviator Nation agreed not to sell, as shown below:



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| Products Aviator Nation Agreed To Stop Selling In 2022 Agreement | Products Aviator Nation Has Continued To Sell |
| --- | --- |
|  |  |
|  |  |
|  |  |



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| Products Aviator Nation Agreed To Stop Selling In 2022 Agreement | Products Aviator Nation Has Continued To Sell |
|---|---|
|  |  |
|  |  |
|  |  |

| Products Aviator Nation Agreed To Stop Selling In 2022 Agreement | Products Aviator Nation Has Continued To Sell |
|---|---|
|  |  |
|  |  |
|  |  |

59. Thus, Aviator Nation agreed to stop selling the items shown in **Exhibit 2**, as well as anything confusingly similar to adidas's Three-Stripe Mark, and has continued to sell apparel indistinguishable from that which it agreed to stop selling.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

60. In addition, at Ms. Mycoskie's direction, Aviator Nation has continued to sell other Infringing Apparel that violates the 2022 Agreement, including, for example, the apparel shown below:










**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

61. Aviator Nation's current Infringing Apparel even emphasizes three stripes. Such apparel features five stripes down the outseam (where adidas traditionally has placed its Three-Stripe Mark) with three stripes that are much more prominent than the other two stripes, which are substantially similar in color to the background color of the garment and difficult to see. The apparel thus gives the appearance of having three stripes. An example is shown below:




Although the 2022 Agreement includes narrow safe harbors, the apparel shown in Paragraphs 58, 60, and 61 above do not fall within any of these safe harbors.

62. On information and belief, Aviator Nation knowingly, willfully, intentionally, and



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

maliciously has continued using confusingly similar imitations of the Three-Stripe Mark on the Infringing Apparel in violation of the 2022 Agreement.

63. Aviator Nation has displayed the Infringing Apparel in ways that emphasize three of the stripes on the Infringing Apparel, even if the apparel features additional stripes, as shown above and below. Consumers who see the Infringing Apparel displayed in this manner will not know the apparel has any additional stripes, adding to likely initial-interest confusion with adidas and its Three-Stripe Mark, among other forms of consumer confusion.






**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

64. In addition, Aviator Nation has marketed its products with a focus on sports and athletics, all while emphasizing the stripes on the products in a way that is confusingly similar to adidas. For example, Aviator Nation recently opened a fitness studio offering spin, boxing, and other classes called "Aviator Nation Ride", as shown below. As shown in this image, it appears as though the sports bra and shorts bear three stripes.




65. Aviator Nation promotes Aviator Nation Ride and its athletic apparel on Instagram with a page accessible at https://www.instagram.com/aviatornationride/?hl=en. Various posts on its Instagram page promote the fitness studio and show attendees wearing athletic Aviator Nation



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

apparel. As shown in the example below, this product appears as though it bears three stripes:





**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

66. All actions taken by Aviator Nation mentioned in this Complaint have been and are at the direction of Ms. Mycoskie or approved by Ms. Mycoskie.

67. The Infringing Apparel designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and sold by Aviator Nation is not manufactured by adidas, nor is Aviator Nation associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

68. adidas used its Three-Stripe Mark extensively and continuously long before Aviator Nation began distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel; and the Three-Stripe Mark became famous long before Aviator Nation began its infringement, unfair competition, and dilution of adidas's rights.

69. Aviator Nation's use of confusingly similar imitations of adidas's famous Three-Stripe Mark, at the direction of Ms. Mycoskie, is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Infringing Apparel is manufactured or authorized by, or in some manner associated with, adidas, which it is not.

70. The likelihood of confusion, mistake, and deception engendered by Aviator Nation's misappropriation of adidas's famous Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

71. On information and belief, Aviator Nation continues to use confusingly similar imitations of adidas's famous Three-Stripe Mark in connection with the sale of apparel that directly competes with apparel offered for sale by adidas through the same channels of marketing



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

and trade. Aviator Nation began selling the Infringing Apparel long after adidas had established protectable trademark rights in the Three-Stripe Mark and well after the Three-Stripe Mark became famous among the general public in the United States.

72. adidas has attempted to resolve this dispute amicably. adidas sent a letter to Aviator Nation on January 26, 2024, and has engaged in emails, telephone calls, and a mediation (in which Ms. Mycoskie refused to participate in person), all to no avail.

73. In addition to Aviator Nation's breaches of the 2022 Agreement by marketing and selling apparel that violates the agreement's terms and engenders confusion, Aviator Nation has committed further breaches of the 2022 Agreement.

74. Aviator Nation (through Ms. Mycoskie) breached the terms of the 2022 Agreement when Ms. Mycoskie appeared on Guy Raz's National Public Radio podcast "How I Built This" in January 2024 and publicly disclosed and misrepresented the parties' prior disputes and key terms of the 2022 Agreement. This action directly breached the 2022 Agreement's confidentiality provision.

75. Aviator Nation breached the terms of the 2022 Agreement when, in its Answer to adidas's First Amended Complaint (Dkt. 16), Aviator Nation repeatedly denied, and therefore contested and impaired, adidas's rights in the Three-Stripe Mark.

76. Aviator Nation breached the 2022 Agreement when it asserted an affirmative defense of "Classic Fair Use; Utilitarian and/or Aesthetic Functionality," in direct contravention of the terms of the 2022 Agreement preventing Aviator Nation from asserting that the Three-Stripe Mark is functional, aesthetically functional, or merely ornamental. *See* Dkt. 16.

77. Aviator Nation further breached the 2022 Agreement when, in the parties' Joint Rule 26(f) Report, Aviator Nation claimed entitlement to discovery concerning topics related to



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

the validity and strength of adidas's Three-Stripe Mark. The 2022 Agreement prevents Aviator Nation from contesting adidas's rights in the Three-Stripe Mark. *See* Dkt. 21.

78. And Aviator Nation further breached the 2022 Agreement when, in its written discovery responses, Aviator Nation repeatedly contested adidas's rights associated with the Three-Stripe Mark, including by asserting that the Three-Stripe Mark is not distinctive. *See* **Exhibit 29** (excerpts from discovery responses with relevant portions highlighted).

## FIRST CLAIM FOR RELIEF
## (Federal Trademark Infringement)

79. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

80. Aviator Nation's use of confusingly similar imitations of adidas's Three-Stripe Mark, at the direction of Ms. Mycoskie, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Aviator Nation's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

81. adidas and Aviator Nation advertise, market, and sell their respective products through the same or overlapping channels; and Aviator Nation's uses of stripes described in this Complaint are likely to cause confusion, deception, and mistake among consumers before, at the point of, and after the purchase of Aviator Nation's products, resulting in initial-interest, point-of-sale, and post-sale confusion.

82. At the direction of Ms. Mycoskie, Aviator Nation has used marks confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. §§ 1114 and 1125(a). Aviator Nation's activities have caused and, unless enjoined by this Court, will continue



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

83. Aviator Nation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable harm.

84. Aviator Nation has caused, and is likely to continue causing, substantial injury to the public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Aviator Nation's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

85. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.

## SECOND CLAIM FOR RELIEF
## (Federal Unfair Competition)

86. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

87. Aviator Nation's use, at the direction of Ms. Mycoskie, of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Aviator Nation's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

88. Aviator Nation has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Aviator Nation's activities, at the



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

direction of Ms. Mycoskie, have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

89. Aviator Nation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

90. Aviator Nation's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Aviator Nation's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

91. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.

## THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution of the Three-Stripe Mark)**

92. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

93. For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Aviator Nation began promoting, distributing, or offering for sale the Infringing Apparel. Indeed, this Court previously held the Three-Stripe Mark to be "unquestionably famous." *adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1247



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(D. Or. 2016).

94. Aviator Nation, at the direction of Ms. Mycoskie, is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

95. Aviator Nation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

96. Aviator Nation has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Aviator Nation's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

97. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.

**FOURTH CLAIM FOR RELIEF**
**(State Trademark Dilution and Injury to Business Reputation)**

98. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

99. For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

and well-known symbol of adidas and its products among the general public in the United States well before Aviator Nation began promoting, distributing, or offering for sale the Infringing Apparel.

100. Aviator Nation, at the direction of Ms. Mycoskie, is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

101. Aviator Nation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

102. Aviator Nation has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon antidilution act, ORS § 647.107 (2021), as well as the antidilution laws of several other states, including Alabama, Ala. Code § 8-12-17 (2022); Alaska, AK. Stat. § 45.50.180 (2022); Arizona, Ariz. Rev. Stat. Ann. § 44-1448.01 (2022); Arkansas, Ark. Code Ann. § 4-71-213 (2020); California, Cal. Bus. & Prof. Code § 14247 (West 2022); Connecticut, Conn. Gen. Stat. § 35-11i(c) (2022); Delaware, Del. Code Ann. tit. 6, § 3313 (2022); Florida, Fla. Stat. § 495.151 (2022); Georgia, Ga. Code Ann. § 10-1-451 (2022); Hawaii, Haw. Rev. Stat. § 482-32 (2022); Idaho, Idaho Code § 48-513 (2022); Illinois, 765 Ill. Comp. Stat. 1036/65 (2022); Indiana, Ind. Code § 24-2-1-13.5 (2022); Iowa, Iowa Code § 548.113 (2022); Kansas, Kan. Stat. Ann. § 81-214 (2021); Louisiana, La.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Stat. Ann. § 51:223.1 (2022); Maine, Me. Rev. Stat. Ann. tit. 10, § 1530 (2022); Massachusetts, Mass. Gen. Laws ch. 110H, § 13 (2022); Minnesota, Minn. Stat. § 333.285 (2022); Mississippi, Miss. Code Ann. § 75-25-25 (2020); Missouri, Mo. Ann. Stat. § 417.061(1) (2022); Montana, Mont. Code Ann. § 30-13-334 (2022); Nebraska, Neb. Rev. Stat. § 87-140 (2022); Nevada, Nev. Rev. Stat. § 600.435 (2022); New Hampshire, N.H. Rev. Stat. Ann. § 350-A:12 (2022); New Jersey, N.J. Stat. Ann. § 56:3-13.20 (2022); New Mexico, N.M. Stat. Ann. § 57-3B-15 (2021); New York, N.Y. Gen. Bus. Law § 360-l (McKinney 2022); Pennsylvania, 54 Pa. Cons. Stat. § 1124 (2022); Rhode Island, 6 R.I. Gen. Laws § 6-2-12 (2022); South Carolina, S.C. Code Ann. § 39-15-1165 (2022); Tennessee, Tenn. Code Ann. § 47-25-513 (2021); Texas, Tex. Bus. & Com. Code Ann. § 16.103 (2022); Utah, Utah Code Ann. § 70-3a-403 (2022); Washington, Wash. Rev. Code § 19.77.160 (2022); West Virginia, W. Va. Code § 47-2-13 (2022); and Wyoming, Wyo. Stat. Ann. § 40-1-115 (2022).

103. adidas, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

104. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.

## FIFTH CLAIM FOR RELIEF
## (Unfair and Deceptive Trade Practices)

105. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

106. Aviator Nation, at the direction of Ms. Mycoskie, has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Aviator Nation's goods, causing a likelihood of confusion as to



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Aviator Nation's affiliation, connection, or association with adidas, and otherwise damaging the public.

107. Aviator Nation's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, Cal. Bus. & Prof. Code § 17200, et seq. (West 2022); Colorado, Colo. Rev. Stat. §§ 6-1-101 to 6-1-115 (2022); Delaware, Del. Code Ann. tit. 6, §§ 2531 to 2536 (2022); Georgia, Ga. Code Ann. §§ 10-1-370 to 10-1-375 (2022); Hawaii, Haw. Rev. Stat. §§ 481A-1 to 481A-5 (2022); Illinois, 815 Ill. Comp. Stat. 510/1 to 510/7 (2022); Maine, Me. Rev. Stat. Ann. tit. 10, §§ 1211 to 1216 (2022); Minnesota, Minn. Stat. § 325D.43 to .48 (2022); Nebraska, Neb. Rev. Stat. §§ 87-301 to 87-306 (2022); New Mexico, N.M. Stat. Ann. §§ 57-12-1 to 57-12-22 (2021); New York, N.Y. Gen. Bus. Law § 349 (McKinney 2022); Ohio, Ohio Rev. Code Ann. §§ 4165.01 to 4165.04 (2022); and Oklahoma, Okla. Stat. tit. 78, §§ 51 to 55 (2022).

108. Aviator Nation's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

109. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.

## SIXTH CLAIM FOR RELIEF
## (Common Law Trademark Infringement and Unfair Competition)

110. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

111. Aviator Nation's actions, at the direction of Ms. Mycoskie, constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

112. On information and belief, Aviator Nation acted with full knowledge of adidas's use of, and registered and common law rights to, adidas's Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Aviator Nation's activities.

113. Aviator Nation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

114. As a result of Aviator Nation's actions, adidas has been damaged in an amount not yet determined or ascertainable. At minimum, however, adidas is entitled to injunctive relief, to an accounting of Aviator Nation's profits, damages, and costs. Further, in light of Aviator Nation's deliberate and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Aviator Nation from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

115. All of Aviator Nation's complained-of actions are at the direction of, and approved by, Ms. Mycoskie, who is individually liable.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Contract Against Aviator Nation Only)[2]**

116. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

117. The 2022 Agreement is a valid contract.

118. The 2022 Agreement was supported by adequate consideration.

119. The 2022 Agreement was signed by Ms. Mycoskie and binds Aviator Nation's officers and directors.

120. Aviator Nation willfully breached the 2022 Agreement when Aviator Nation manufactured, offered for sale, and/or sold the Infringing Apparel bearing stripe designs that are confusingly similar to adidas's Three-Stripe Mark, including designs that are indistinguishable from the exact designs Aviator Nation agreed to stop selling pursuant to the 2022 Agreement.

121. Aviator Nation (through Ms. Mycoskie) further willfully breached the 2022 Agreement by revealing the confidential contents and terms of that Agreement on a National Public Radio program.

122. Aviator Nation further breached the 2022 Agreement through its conduct in this litigation, namely, and without limitation, through its Answer, the parties' Joint Rule 26(f) Report, and its written discovery responses by contesting adidas's rights in the Three-Stripe Mark.

---

[2] adidas's claim for breach of contract (Seventh Claim for Relief) and its claim for breach of the duty of good faith and fair dealing (Eighth Claim for Relief) are asserted against Aviator Nation only. All other claims asserted by adidas in this Second Amended Complaint are asserted against both Aviator Nation and Ms. Mycoskie personally.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123. Aviator Nation likewise breached the 2022 Agreement through its Affirmative Defenses by asserting that adidas's Three-Stripe Mark is functional, thus challenging the validity of the Three-Stripe Mark contrary to its undertakings in the 2022 Agreement.

124. Aviator Nation's breach of its contractual obligations has damaged adidas, and Aviator Nation's ongoing breach of the 2022 Agreement is inflicting irreparable harm on adidas.

125. Additionally, the 2022 Agreement states that in the event of a breach by Aviator Nation, adidas shall be entitled, in addition to other relief, to "injunctive relief and to recover its costs, including reasonable attorneys' fees." Accordingly, adidas is entitled to permanent injunctive relief, to damages resulting from Aviator Nation's breach, and to recover its costs and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
**(Breach of the Implied Duty of Good Faith and Fair Dealing Against Aviator Nation Only)**

126. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

127. The 2022 Agreement is a valid contract.

128. The 2022 Agreement was supported by adequate consideration.

129. The 2022 Agreement was signed by Ms. Mycoskie and binds Aviator Nation's officers and directors.

130. The 2022 Agreement included an undertaking in which Aviator Nation agreed not to produce, manufacture, distribute, sell, offer for sale, advertise, promote, license or market the products at issue in the 2019 Lawsuit or any other product bearing adidas's Three-Stripe Mark or a feature confusingly similar to adidas's Three-Stripe Mark.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

131. This undertaking, the other terms of the 2022 Agreement, and the 2022 Agreement's stated purpose of resolving the 2019 Lawsuit created in adidas and Aviator Nation the objectively reasonable expectation that Aviator Nation would not produce, market, offer for sale, or sell designs that are materially indistinguishable from the products at issue in the 2019 Lawsuit.

132. Aviator Nation's execution of the 2022 Agreement subjected Aviator Nation to an implied duty of good faith and fair dealing.

133. Aviator Nation willfully breached the 2022 Agreement when Aviator Nation manufactured, offered for sale, and/or sold the Infringing Apparel bearing stripe designs that are confusingly similar to adidas's Three-Stripe Mark, including designs that are indistinguishable from the exact designs Aviator Nation agreed to stop selling pursuant to the 2022 Agreement.

134. Aviator Nation's manufacture, marketing, and sale of designs materially indistinguishable from the products it agreed to stop selling in the 2022 Agreement violated the objectively reasonable expectations of adidas and Aviator Nation. Aviator Nation's actions further destroyed adidas's right to receive the fruits of the 2022 Agreement, particularly, and without limitation, Aviator Nation's covenant to stop selling the products at issue in the 2019 Lawsuit.

135. Aviator Nation's actions were willful, malicious, and done in bad faith. And such actions by Aviator Nation defeated the object of the 2022 Agreement and deprived adidas of the benefit of the parties' bargain embodied in the 2022 Agreement.

136. There is no term in the 2022 Agreement which contradicts Aviator Nation's implied duty of good faith and fair dealing, nor could there be, because Aviator Nation's



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

undertaking to stop selling the products at issue in the 2019 Lawsuit was a core provision of the 2022 Agreement.

137. adidas was irreparably injured by Aviator Nation's willful, malicious, and bad-faith breach of the implied duty of good faith, and is accordingly entitled to economic damages, noneconomic damages, consequential damages, punitive damages, injunctive relief, and all other relief available under law.

**PRAYER FOR RELIEF**

WHEREFORE, adidas prays that:

1. Aviator Nation and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Aviator Nation, or in concert or participation with Aviator Nation, and each of them, be enjoined permanently from:

a. using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Aviator Nation's goods (including any products identical or indistinguishable from products Aviator Nation agreed to stop selling pursuant to the 2022 Agreement);

b. passing off, palming off, or assisting in passing off or palming off Aviator Nation's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

c. advertising, promoting, offering for sale, or selling the Infringing Apparel or other goods bearing confusingly similar imitations of adidas's Three-Stripe Mark;



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

2. Aviator Nation be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any confusingly similar imitations of adidas's Three-Stripe Mark that are in Aviator Nation's possession, custody, or control, or have been shipped by Aviator Nation or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Aviator Nation;

3. Aviator Nation be ordered to deliver up for impoundment and for destruction, all apparel, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Aviator Nation that are found to adopt, infringe, or dilute adidas's Three-Stripe Mark or that otherwise unfairly compete with adidas and its products;

4. Aviator Nation be compelled to account to adidas for any and all profits derived by Aviator Nation from the sale or distribution of the Infringing Apparel;

5. adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6. Based on Aviator Nation's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Aviator Nation's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7. Aviator Nation be required to pay adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), the state statutes and common law cited in this Complaint, as well as the 2022 Settlement Agreement;

8. Based on Aviator Nation's willful and deliberate infringement and dilution of adidas's Three-Stripe Mark, as well as its willful and malicious breach of the implied duty of



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

good faith, and to deter such conduct in the future, adidas be awarded punitive damages;

9. adidas be awarded prejudgment and post-judgment interest on all monetary awards;

10. All of the foregoing relief is additionally sought against Ms. Mycoskie personally, because she is an officer of Aviator Nation, directed Aviator Nation's actions, and signed the Agreements on behalf of Aviator Nation; and

11. adidas have such other and further relief as this Court may deem just.

**JURY TRIAL DEMAND**

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: December 6, 2024 **PERKINS COIE LLP**

By: /s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice*)
chenn@ktslaw.com
Charles H. Hooker III (*pro hac vice*)
chooker@ktslaw.com
Bethany R. Nelson (*pro hac vice*)
brnelson@ktslaw.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Attorneys for Plaintiffs