Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (*pro hac vice*)
chenn@ktslaw.com
Charles H. Hooker III (*pro hac vice*)
chooker@ktslaw.com
Bethany R. Nelson (*pro hac vice*)
brnelson@ktslaw.com
Alexander Weathersby (*pro hac vice*)
aweathersby@ktslaw.com
Natalie Baber (*pro hac vice*)
nbaber@ktslaw.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**AVIATOR NATION, INC.**, a California corporation; and **PAIGE MYCOSKIE**, a resident of Texas,<br><br>　　　　　　　　　Defendants. | Case No. 3:24-cv-740 AN<br><br>**PLAINTIFFS' MOTION TO STRIKE EXPERT TESTIMONY REGARDING PANTONES**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel for the parties have conferred in good faith through a telephone conference and email but have been unable to resolve this dispute.

## MOTION FOR EXPEDITED RELIEF

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") request that this Court enter an order striking the expert report of Jill Morton, barring Ms. Morton from testifying regarding Pantone colors, and prohibiting Defendant Aviator Nation, Inc. ("Aviator Nation") and Paige Mycoskie (collectively, "Defendants") from offering Ms. Morton's expert testimony on Pantone colors. This relief is necessary and appropriate due to Defendants' repeated failures to disclose documents or information concerning the Pantones of the accused apparel, despite Defendants' testimony and representations that they had such documents adidas's repeated requests for such information.

Pursuant to L.R. 7.1(g), adidas requests that the Court order expedited briefing and consideration of this Motion. The expert rebuttal deadline is September 15, 2025, only one month after Defendants served their expert report on Pantones, and less than one month from today. Because the Court's resolution of this Motion will determine whether adidas must serve a rebuttal to Ms. Morton's report, adidas respectfully requests expedited briefing and consideration. During the conferral process, Defendants stated that they do not agree to expediting briefing and consideration. adidas respectfully submits that expedited briefing and consideration of this Motion is proper and necessary in order to avoid the needless expenditure of time and resources on matters related to Ms. Morton's Report.

In support of this Motion, adidas relies on the following legal memorandum, the supporting declaration of Charles H. Hooker III ("Hooker Decl."), and the pleadings and documents in the record in this case.

i- PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

Defendants' expert, Jill Morton, offers purportedly expert opinions in which she ███████████████████████████████████████████████████████████████████ ████████████████████████████ (the "Current Disputed Designs" or "CDDs").[1] Throughout discovery, adidas repeatedly requested the Pantone colors of the CDDs through written discovery, deficiency letters, Rule 30(b)(6) topics, and deposition questions. At her deposition, Aviator Nation's founder, Defendant Paige Mycoskie, testified unequivocally ████████████ ███████████████████████████████; and Defendants produced a handful of documents showing they used Pantones in selecting the stripes and background colors of the CDDs.

Notwithstanding the fact that Defendants have documents reflecting the Pantones used on the CDDs—and despite adidas's persistent requests for these documents—however, Defendants refused to produce them. Now, Defendants improperly offer the expert testimony of Jill Morton as an end-run around their discovery obligations, seeking to have Ms. Morton ████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████. Under Federal Rules of Civil Procedure 26, 34, and 37, Defendants' failure to produce documents showing the Pantones of the materials comprising the CDDs precludes them from relying on Ms. Morton's Pantone-based opinions or any argument or evidence based on those facts. The Court should strike Ms. Morton's Report and preclude Defendants from making arguments based on it.

II. **BACKGROUND**

A.  **The 2022 Settlement Agreement References Pantones**

adidas brought this action to stop Aviator Nation's breaches of the parties' 2022 Settlement

---

[1] Pantones are a system of alphanumeric codes for the categorization of colors. *See* What Are Pantone Color Systems?, PANTONE.com, https://www.pantone.com/color-systems/pantone-color-systems-explained (last visited Aug. 20, 2025).

1- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Agreement (the "Agreement") and to halt Defendants' ongoing infringement of adidas's famous Three-Stripe Mark. *See* Hooker Decl. ¶ 2, Ex. A. Among other things, the Agreement ███████████████████████████████████████████████████████████████████████████████████████████████████. *Id.*, Ex. A § 3.1. The Agreement's ███████████████████████████████████████████████ Hooker Decl., Ex. A § 6.1.6. ███████████████████████████████████████████████████████████████████████████████ *Id.*

**B.     adidas Repeatedly Requested Documents Identifying Pantones In Discovery**

Given the potential importance of documents referencing Pantones used for stripes or background colors of CDDs, adidas began requesting such information even before it filed its original Complaint. Hooker Decl. ¶ 3. When discovery began, adidas served requests for production ("RFP") specifically seeking documents and information concerning Pantone colors for the PDDs and CDDs. For example, adidas served the following:

> **RFP 20:** For each Prior Disputed Design, adidas requested "documents sufficient to identify the Pantone color of each stripe and the color of the underlying apparel." Hooker Decl., Ex. B (RFPs) at 10.
>
> **RFP 21:** For each Current Disputed Design, "documents sufficient to identify the Pantone color of each stripe and the color of the underlying apparel."

*Id.* ¶ 4, Ex. B; *see also id.*, RFPs 26, 57 (seeking documents concerning the design and categorization of the CDDs). In response, Aviator Nation objected to each request, then claimed it would produce documents "sufficient to identify the Pantone colors of the stripes and colors of the underlying apparel included in the Current Disputed Designs." Hooker Decl., ¶ 5, Ex. C (AVN's

2-  PLAINTIFFS' MEMORANDUM IN SUPPORT OF
    MOTION TO STRIKE DEFENDANTS' EXPERT
    TESTIMONY ON PANTONES

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Second Amended RFP Responses) at 31–32. Nevertheless, at no point before the end of fact discovery did Defendants produce Pantone assignment sheets, Pantone cards, or any other documents reflecting the assignment or comparison of Pantone numbers to stripes or backgrounds.

Troubled by Defendants' months-long failure to produce anything concerning the Pantones of colors featured on the Aviator Nation apparel in dispute, adidas followed up with repeated deficiency letters, demanding the production of Pantone-related materials and explicitly referencing ████████████████████████████████████████ and Defendants' indication that they would produce such information:

| Letter Date | Pantone Reference |
|---|---|
| Oct. 24, 2024 (adidas) | "To make its case, adidas must be able to understand the Pantone colors of the Prior Disputed Designs. Please confirm that Aviator Nation will produce documents responsive to this request." |
| Nov. 7, 2024 (Defendants) | "Aviator Nation will produce existing documents sufficient to identify the Pantone color for each [of] the Current Disputed Designs and any existing documents sufficient to identify the Pantone color, if any, for the Prior Disputed Designs[.]" |
| Feb. 3, 2025 (adidas) | Noting among "Missing Document Categories": "Internal emails regarding changes to products/compliance with the Settlement Agreement"; "Instructions or guidance regarding changes to [PDD]"; "Design guidelines or brand guidelines"; "Comparisons of [PDD] and [CDD]"; "Documents concerning the design and manufacture of the [CDD], including communications regarding the same" |

Hooker Decl., ¶¶ 6–8, Exs. D–F. Despite adidas's letters following up on its written discovery requests, Defendants failed to produce records of Pantone color assignments for the PDDs or CDDs apart from the handful of scattered documents discussed further below.

**C.  Defendant Paige Mycoskie, Aviator Nation's 30(b)(6) Witness, Testified That Aviator Nation Had Documents Showing Pantones For the Colors Featured On The CDDs**

adidas's 30(b)(6) notice expressly placed Aviator Nation on notice that it must prepare a witness to testify concerning the Pantones involved in the design of the CDDs, as well as any third-party communications on that topic. "Topic 14" included "[t]he designs of the Current Disputed

3-  PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Designs, including . . . *the Pantone colors* that form the Current Disputed Designs," and "Topic 15" included "Aviator Nation's communications with any Third Party concerning the Current Disputed Designs, including . . . [c]ommunications with any Third Party concerning the Pantone colors of the Current Disputed Designs." Hooker Decl., ¶ 9, Ex. G (adidas's 30(b)(6) Notice to Aviator Nation) at 9–10 (emphasis added). Aviator Nation designated Paige Mycoskie on these topics. *Id.*, ¶ 10, Ex. H.

Ms. Mycoskie testified unequivocally that ▮▮▮ Hooker Decl. ¶ 11, Ex. I (Mycoskie Dep.) at 85:12–14 (emphasis added). Ms. Mycoskie followed this testimony by confirming that she was referring to ▮▮▮ *Id.* ¶ 11, Ex. I (Mycoskie Dep.) at 85:15–86:1; *id.* at 92:22–93:4 ▮▮▮). In fact, Ms. Mycoskie testified that ▮▮▮.[2] Ms. Mycoskie further testified that she ▮▮▮ Hooker Decl. ¶ 11, Ex. I (Mycoskie Dep.) at 84:3–7.

Other Aviator Nation witnesses corroborated Ms. Mykoskie's account, testifying that ▮▮▮. Hooker Decl. ¶ 12, Ex. J (Bakhtiar Dep.) at 77:6–7 ▮▮▮); *id.* at 78:18–20 ▮▮▮); *id.* ¶ 14, Ex. L (Gibson Dep.) at 32:4 ▮▮▮



---

[2] *Id.* at 95:11–13; 97:11–13; 99:1–3; 100:13–15; 101:24–102:1; 103:10–13; 104:23–25; 107:25–108:2; 109:13–16; 111:2–4; 112:16–23; 114:6–9; 116:2–5; 119:7–9; 123:8–10; 128:16–18; 134:14–16; 138:15–17; 141:14–17; 142:25–143:3; 145:25–146:14; 147:17–20; 148:23–149:1; 150:16–19; 151:24–152:1; 153:10–17; 165:15–19.

4- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

█████ ); *id.* at 36:10–12 █████

█████ ); *id.* ¶ 13, Ex. K (Gvildys Dep.) at 42:22 █████ ), *id.* at 43:25–44:2 █████ ). They also testified that they communicated with each other and with suppliers concerning Pantones. *See* Hooker Decl. ¶ 12, Ex. J (Bakhtiar Dep.) at 79:16–20 █████ ); *id.* ¶ 13, Ex. K (Gvildys Dep.) at 43:21–44:5 (recounting █████ ).

Notwithstanding Defendants' testimony that they possessed documents reflecting the Pantones of the stripes and background colors featured on the CDDs—and despite adidas's persistent requests— these records were never produced to adidas.

**D. Scattered Documents Defendants Produced During Fact Discovery Further Confirmed The Existence Of Documents Showing The Pantone Colors Of The Stripes And Background Colors Of The CDDs**

What's more, Defendants produced a small handful of documents further showing they possessed documents reflecting Pantones for the CDDs. For example, Defendants produced text messages in which █████ . Hooker Decl. ¶¶ 15, Ex. M at AVN_013971, AVN2_021961 AVN2_023153, AVN2_023477 █████ ). Defendants also produced emails in which their employees describe colors to apparel collaboration partners using Pantones. *Id.*, Ex. M at AVN2_010341 (February 20, 2024 email).

In fact, ***after*** the close of fact discovery—and ***after*** adidas had already deposed all of Defendants' 30(b)(6) witnesses—Defendants produced documents indicating that █████ . *See, e.g.*, Hooker Decl. ¶ 16, Ex. N at AVN2_025889 ( █████ ); AVN2_025890 ( ███ ); AVN2_025892 █████ ); AVN2_025898 ( █████

5- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

█████████████); AVN2_025901 (████████████████████████████████).³

Again, despite documents showing Defendants possessed information identifying the Pantones of the stripes and background colors featured on the CDDs—and despite adidas's persistent requests—Defendants never produced documents identifying the Pantones of the stripes and background colors of the CDDs.

### E. Ms. Morton's "Expert" Report Attempts To Provide The Factual Information Defendants Said They Would Produce In Fact Discovery

On August 15, 2025, the deadline for expert reports from a party not bearing the burden of proof on an issue, Defendants served the expert report of Jill Morton ("Morton Report"). The Morton Report purports to ███████████████████████████████████████████. Ms. Morton assigns █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"⁴ Hooker Decl. ¶ 17, Ex. O (Morton Report) at 14; *see also id. passim*.

As discussed further below, Ms. Morton's methodology and opinions depend on ███████████████████████████████████████████████████████████████████████████████████████. This is ***exactly*** the information adidas requested during fact discovery, and that Aviator Nation denied, withheld, and failed to produce throughout fact discovery.

---

³ Because Defendants produced these documents improperly ***after*** the close of fact discovery and ***after*** the conclusion of all fact depositions, adidas will move to exclude such documents from trial and from consideration in connection with any motion(s) for summary judgment; and adidas expressly reserves its rights in this regard.

⁴ Ms. Morton's conclusions concerning whether ████████████████████████████████████████ ██████████ are legal conclusions, which the Federal Rules of Evidence and the *Daubert* line of cases prohibit Ms. Morton from making. *See Simms-Belaire v. Wash. County*, 2024 WL 279020, at *6 (D. Or. Jan 25, 2025) ("Consistent with Rule 704(a), the Ninth Circuit has repeatedly affirmed that an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (citation omitted). adidas reserves its rights to further move to exclude Ms. Morton's report and testimony on this basis if necessary.

6-  PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

III. ARGUMENT

A. Ms. Morton's Pantone-Based Opinions Correspond Directly To Unanswered Discovery Requests

The Morton Report relies on facts Defendants withheld throughout fact discovery. For example, Ms. Morton's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Hooker Decl., Ex. O at 14, 49; *id.* at 9 ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). These facts are the very facts Defendants failed to disclose during fact discovery. Indeed, every aspect of the Morton Report aligns with discovery requests that adidas served and Defendants refused to answer. *See supra* II.A.–C. adidas's written discovery (RFPs 20, 21, 26, 57) sought documents showing Pantone assignments. *Id.*, Ex. B. adidas's 30(b)(6) topics 14 and 15 sought testimony about Pantone numbers in Aviator Nation's designs and communications. *Id.*, Ex. G. adidas's deficiency letters demanded production and clarification regarding Pantone-based documents. *Id.*, Exs. D–F.

All the same, Defendants' document production (including a production made *after* the close of fact discovery), and their deposition testimony, proved Defendants *do* use Pantones—and have records of them. *See supra* II.D. The disconnect is clear: Defendants are *now* attempting to rely on—or manufacture—facts during expert discovery that they abjectly failed to provide during fact discovery.

B. An Expert May Not Rely On Facts Or Evidence Withheld During Fact Discovery

Federal Rule of Civil Procedure 26 requires parties to provide complete and accurate discovery responses, including identifying and producing documents and information relevant to claims and defenses. Fed. R. Civ. P. 26; *see also* Fed. R. Civ. P. 34(b) (requiring parties to produce responsive documents and things in the form they are kept in the ordinary course of business). Rule 26(e)(1) further requires all parties to supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional

7- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also* Fed. R. Civ. P. 26(e)(2) ("For an expert . . . the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.").

In keeping with Rule 26, and under Rule 37, courts in the Ninth Circuit have prohibited parties from relying upon facts they withheld during fact discovery but later cited in connection with an expert report. *See Rago v. Select Comfort Retail Corp.*, 2021 WL 3621890, at *8–9 (C.D. Cal. June 11, 2021) ("[I]t is plaintiff's obligation to timely produce the responsive documents relied upon by her experts. . . . Precluding plaintiff from calling a mitigation damages expert is an appropriate sanction to remedy plaintiff's misconduct and alleviate the prejudice to defendant."); *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 682 (N.D. Cal. 2015) ("Defendant, by producing the spreadsheets after the close of fact discovery, has prevented Plaintiffs from conducting further fact discovery related to the spreadsheets and incorporating Plaintiffs' findings into Plaintiffs' [expert reports]. . . . [T]he only way to restore both parties to equal footing . . . would be to preclude Defendant from using [withheld material].").

**C.     Ms. Morton's Pantone-Based Opinions Must Be Stricken And Defendants Precluded From Using Them**

The Morton Report should be stricken and excluded. Rule 37 creates a self-executing sanction for failure to disclose information required by Rule 26(a) or 26(e): "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1); *see also Jones*, 304 F.R.D. at 679 ("Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from use of that information.") (cleaned up). Exclusion is "automatic and mandatory unless the sanctioned party can show [the] violation [is] either justified or harmless." *Century Indem. Co. v. Marine Grp., LLC*, 2015 WL 5521986, at *3 (D. Or. Sept. 16, 2015); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106

8-   PLAINTIFFS' MEMORANDUM IN SUPPORT OF
     MOTION TO STRIKE DEFENDANTS' EXPERT
     TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(9th Cir. 2001) ("The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material." (alteration in original) (quotation omitted)). The burden of proving substantial justification or harmlessness is Defendants'. *Yeti by Molly*, 259 F.3d at 1106; *Pickens v. United States*, 750 F. Supp. 2d 1243, 1249 (D. Or. 2010).

Here, Defendants cannot demonstrate any justification or harmlessness. The Morton Report is entirely based upon ███████████████████████. That is information that Defendants withheld from adidas during fact discovery despite possessing it. That is a clear violation of Defendants' Rule 26 and Rule 34 obligations. *Rago*, 2021 WL 3621890, at *8 ("As such, plaintiff has failed to justify her failure to satisfy her ongoing duty to produce the responsive documents relied upon by her experts, and the fact that defendant could depose plaintiff's experts is not a sufficient excuse for failing to produce those documents.").

Defendants may claim Ms. Morton should be entitled to ███████████████████████, regardless of the documents Defendants failed to produce during fact discovery. Such an argument would be wrong, given that the record is clear that Defendants possessed and should have produced documents sufficient to identify the Pantone colors of the stripes and background colors on the CDDs. *See supra* II.D (███████████████████████). Courts have rejected arguments that an expert may gin up original research on information concerning which parties were not forthcoming during discovery. *Jones*, 304 F.R.D. at 682 (citations omitted) ("Defendant further argues that Defendant was under no obligation to create TRAV 157202 and 157201 [spreadsheets] in response to Plaintiffs' discovery requests. Again, this argument misses the point. . . . Once Defendant had data in hand that was responsive to Plaintiffs' discovery requests, Defendant had an obligation to timely produce it[.]").

Nor is Defendants' failure harmless. adidas "has experienced prejudice due to [Defendants'] failure to [ ] produce these documents, since it has been denied the ability to timely

9- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

investigate and question [Defendants' fact witnesses] about the late [and un]produced documents, . . . prepare its experts and prepare for [Defendants'] experts, and trust that [Defendants'] disclosures are authentic and complete." *Rago*, 2021 WL 3621890, at *8; *see also Jones*, 304 F.R.D. at 682 ("[E]ven though expert discovery has not yet concluded, the experts are in effect locked-in to the factual record as of the time fact discovery closed.") (citation omitted); *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 160 (S.D.N.Y.2012) ("Plaintiffs effectively deprived Defendants of the tools necessary to challenge the underlying assumptions of Plaintiffs' expert—*i.e.,* the documents or and deposition testimony that would speak to the factual matters being evaluated by the expert.").

Thus, Defendants' use in the Morton Report of facts and information they blatantly withheld from adidas during discovery was neither justified nor harmless. Where, as here, a party cannot show that its belated disclosure of information is substantially justified or harmless, the information must be stricken. *Wong*, 410 F.3d at 1060 (affirming district court's exclusion of expert testimony; "[p]arties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence"); *Jones*, 304 F.R.D. at 679 ("Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from use of that information.") (cleaned up).

## IV.   CONCLUSION

For the foregoing reasons, the Court should expeditiously strike the Pantone-based opinions of Jill Morton and preclude Defendants from offering any argument or evidence at trial that is based on Pantone assignments, comparisons, or related facts that were not properly disclosed during fact discovery.

DATED:  August 28, 2025

10- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**PERKINS COIE LLP**

By: /s/ *Charles H. Hooker III*
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
R. Charles Henn Jr. (*pro hac vice*)
chenn@ktslaw.com
Charles H. Hooker III (*pro hac vice*)
chooker@ktslaw.com
Bethany R. Nelson (*pro hac vice*)
brnelson@ktslaw.com
Alexander Weathersby (*pro hac vice*)
aweathersby@ktslaw.com
Natalie Baber (*pro hac vice*)
nbaber@ktslaw.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

*Attorneys for Plaintiffs*

11- PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXPERT TESTIMONY ON PANTONES

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222