UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| ADIDAS AMERICA, INC., an Oregon | : | |
| corporation; and ADIDAS AG, a | : | |
| foreign entity, | : | |
| Plaintiffs, | : | |
| v. | : | No. 3:24-cv-00740-AN |
| AVIATOR NATION, INC., a | : | |
| California corporation; | : | |
| and PAIGE MYCOSKIE, a resident of Texas, | : | |
| Defendants. | : | |

EXPERT REPORT OF JOHN G. PLUMPE

July 15, 2025

---

Highly Confidential — Attorneys' Eyes Only

# Contents

I   INTRODUCTION                                                                  5

II  ASSIGNMENT                                                                    7

III SUMMARY OF OPINIONS                                                           8

IV  BACKGROUND                                                                   11

    A   Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

       i    Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

       ii   Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

    B   Settlement Agreements Between the Parties . . . . . . . . . . . . . . . . .   26

       i    2012 Settlement Agreement . . . . . . . . . . . . . . . . . . . .   26

       ii   2013 Letter Agreement . . . . . . . . . . . . . . . . . . . . . .   27

       iii  2022 Settlement Agreement . . . . . . . . . . . . . . . . . . . .   27

    C   Accused Products: Trademark Infringement . . . . . . . . . . . . . . . .   29

    D   Accused Products: Breach of Contract . . . . . . . . . . . . . . . . . . .   31

V   OVERVIEW OF MONETARY RELIEF                                                  33

VI  DEFENDANTS' REVENUE                                                         34

    A   Aviator Nation Accused Product Sales . . . . . . . . . . . . . . . . . . .   35

       i    Aviator Nation Shopify Accused Product Sales . . . . . . . . . .   35

       ii   Aviator Nation Wholesale Accused Product Sales . . . . . . .   37

    B   Aviator Nation's Sales: Trademark Infringement . . . . . . . . . . . . . .   39

    C   Aviator Nation's Sales: Breach of Contract . . . . . . . . . . . . . . . .   39

    D   Aviator Nation's Sales: Conclusion . . . . . . . . . . . . . . . . . . . .   40

VII REASONABLE ROYALTY DAMAGES                                                  41

    A   Reasonable Royalty: Hypothetical Negotiation . . . . . . . . . . . . . . .   48

B     Three-Stripe Mark . . . . . . . . . . . . . . . . . . . . . . .    51

C     Royalty Rate . . . . . . . . . . . . . . . . . . . . . . . . . .    52

    i     adidas License Agreements . . . . . . . . . . . . . . . . .    53

    ii     Aviator Nation License Agreements . . . . . . . . . . . . .    62

    iii     Apparel Industry License Agreements . . . . . . . . . . . .    64

    iv     adidas's Benefits and Costs of Licensing the Three-Stripe Mark    65

    v     adidas's Willingness to License the Three-Stripe Mark  . . . .    67

    vi     Aviator Nation's Benefits of Licensing the Three-Stripe Mark    68

    vii     Other Factors . . . . . . . . . . . . . . . . . . . . . . .    69

    viii     Royalty Rate Conclusion . . . . . . . . . . . . . . . . . .    70

D     Royalty Base . . . . . . . . . . . . . . . . . . . . . . . . . .    73

E     Reasonable Royalty Damages Conclusion  . . . . . . . . . . . . . .    74

**VIII  Breach of Contract: Confidentiality**     **76**

**IX    CONCLUSION**     **76**

# List of Tabs

1      Curriculum Vitae

2      List of Documents Considered

3      Summary of Royalty Damages

4      Aviator Nation Accused Product Revenues

5      Aviator Nation Accused Product Wholesale Revenues

6      Aviator Nation Accused Product Shopify Revenues

7      Aviator Nation Company Sales

8      adidas USA Net Sales

9      adidas Agreements

10      Aviator Nation Agreements

11      Industry Royalty Rates

Highly Confidential — Attorneys' Eyes Only

# I INTRODUCTION

**1.** This report provides my findings to date regarding monetary relief in the matter of Case No. 3:24-cv-00740-AN between adidas America, Inc. and adidas AG (collectively, "Plaintiffs" or "adidas"), and Aviator Nation, Inc. ("Aviator Nation") and Paige Mycoskie (collectively, "Defendants").

**2.** I understand Plaintiffs claim that Defendants' sales of certain products have infringed adidas's Three-Stripe Mark (the "Three-Stripe Mark") under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), 1125(c); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.[1] Plaintiffs also allege that Aviator Nation willfully breached the agreement entered into by the parties in 2022 (the "2022 Settlement Agreement).[2] Plaintiffs allege that Defendants have sold apparel bearing confusingly similar imitations of adidas's Three-Stripe Mark.[3] The apparel sold by Defendants that Plaintiffs allege infringe the Three-Stripe Mark and/or are the subject of the breach of contract claims will be referred to herein as the "Accused Products."[4]

**3.** I am a Managing Director at Epsilon Economics, an economic consulting firm. I hold Bachelor of Science and Master of Science degrees in Mechanical Engineering from the University of Illinois, and an M.B.A. from the University of Chicago

---

[1] I understand that Plaintiffs' claims include trademark infringement, unfair competition, dilution, injury to business reputation, unfair and deceptive trade practices, breach of contract, and breach of implied duty of good faith and fair dealing. See Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 10-11, 60, 73-137. I understand that Plaintiffs originally alleged trademark dilution by tarnishment but have since dropped that claim. See adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Second Amended Response to Interrogatory No. 15.

[2] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 4-6, 120-125.

[3] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 2-4.

[4] I also include among the Accused Products the goods adidas identified in the chart in the document entitled Letter re: Disputed Designs and attached Revised Exhibit A, Accused Designs Post-Fact Discovery, June 26, 2025.

Booth School of Business, where I graduated with honors.

**4.** Since 1999, my practice has focused on the analysis of damages, monetary relief, and valuation issues in complex commercial disputes and transactions including trademark/trade dress, copyright, false advertising, patent, trade secret, and breach of contract matters. My engagements frequently involve analyzing economic, accounting, financial and marketing issues related to intellectual property. I have written articles and spoken extensively to various professional organizations and law schools on subjects such as intellectual property damages, defendant's profits, reasonable royalties / license fees, and valuation. I have testified in federal court, in arbitration hearings, and in depositions on issues related to intellectual property monetary relief, including defendant's profits, lost profits, reasonable royalties, and corrective advertising; valuation of intangible assets and businesses; licensing; breach of contract damages; commercial success; and irreparable harm, among other subjects.

**5.** I am active in the International Trademark Association ("INTA"), in which I have held a leadership position for many years. My participation in INTA includes being the Co-Chair of the Presidential Task Force on Intellectual Property Reporting, as well as involvement in the Brand Valuation Project Team and the IP Accounting & Brand Valuation Standards Project Team. I was selected to the World Intellectual Property Organization's ("WIPO") Expert Consultative Group on Valuation of Intangible Assets.

**6.** A copy of my curriculum vitae is attached as Tab 1. Epsilon Economics is compensated for my work in this matter at the rate of $795 per hour, and for the work of other staff members at their hourly rates, which range from $385 - $665 per hour. No part of any compensation to Epsilon Economics is affected by the results of this case.

# II   ASSIGNMENT

**7.** Counsel for adidas retained Epsilon Economics in connection with this matter. My primary focus in this matter is to analyze documents and information for the purpose of developing opinions regarding monetary relief, in the event that Defendants are found liable for the claims made by adidas. The scope of work to date has included the following tasks:

- Review discovery produced in this matter, and in the previous matter between adidas and Aviator Nation, including documents, depositions, and other information;

- Conduct research of publicly available information; and

- Develop opinions and calculations regarding monetary relief that may be available to adidas.

**8.** The documents, data, and information that were considered in preparing this report are identified in Tab 2 and in the footnotes to this report and tabs. I also have been informed by discussions with Sara Vanderhoff, Associate General Counsel for Global Brands and Intellectual Property at adidas; and Josh Van Winkle, Senior Licensing Manager - Global Brand Partnerships at adidas. This information, in addition to my education and experience, forms the basis for the calculations and opinions expressed herein. These calculations and opinions may be supplemented based on additional information, expert reports, deposition transcripts, or other documents or data that may be made available to me in the future. I reserve the right to update my analysis if additional documents, data, or information are furnished to me.

**9.** In addition, I may be asked to review, evaluate, rebut, or comment on opinions, calculations, or conclusions that may be offered by Defendants or experts for Defendants at a future date.

**10.** In conducting my assignment, I have been asked to assume throughout this report the validity of the Three-Stripe Mark. I have also been asked to assume that the ownership or rights to use and/or license the Three-Stripe Mark reside with adidas, and that Defendants will be found liable for the claims made by adidas in the Second Amended Complaint.

# III     SUMMARY OF OPINIONS

**11.** Based on my analysis of the documents and other information produced in this litigation, research, and my education and experience, I have reached the following conclusions:



[5] Tab 4a.
[6] Tab 6c.
[7] Tab 5c.
[8] Tab 4b.
[9] Tab 6a.



- If the fact-finder determines that adidas has been harmed by the actions of Defendants, and that reasonable royalty damages are an appropriate means to compensate adidas for that harm, a reasonable royalty rate can be readily calculated based on extensive evidence discussed below ███████████████



- For the breach of contract claims, in the alternative, if the fact-finder determines

---

[10] Tab 5a.

[11] Tab 3a; Tab 4b.

[12] Tab 3a; Tab 4b.

[13] Tab 3a; Tab 4b.

that it is appropriate to award unjust enrichment monetary relief to adidas in the form of Aviator Nation's profits, I have calculated sales earned by Aviator Nation from the sale of products marketed and sold in breach of the 2022 Settlement Agreement;



12. The remainder of this report and attached exhibits describe in detail the bases and analyses underlying the above conclusions, based on the information and data presently available to me. In connection with my anticipated testimony in this matter, I may use as exhibits various documents produced in this litigation which

---

[14] Tab 4b; Tab 5a; Tab 6a.
[15] Tab 6a.
[16] Tab 5a.
[17] Tab 4b; Tab 5a; Tab 6a.
[18] Tab 6a.
[19] Tab 5a.

refer or relate to the matters discussed in this report. In addition, I may create or assist in the creation of certain demonstrative exhibits to accompany my testimony. I have not yet selected or created such exhibits.

# IV    BACKGROUND

## A    Parties

### i    Plaintiffs

**13.** adidas AG, a listed German stock corporation and parent of the adidas Group, is headquartered in Herzogenaurach, Germany.[20] adidas America, Inc. is headquartered in Portland, Oregon and is an operating subsidiary of adidas AG.[21] Adi Dassler, the founder of adidas, began developing footwear in 1920, officially registered the "Adolph Dassler adidas Sportschuhfabrik" name in 1949, and in that same year, first registered a shoe featuring the Three-Stripe Mark.[22] adidas designs, develops, produces, and markets a broad range of athletic and sports lifestyle products.[23] adidas employs over 62,000 people over Japan/South Korea, Latin America, Greater China, North America, Europe, and Emerging Markets.[24] In 2024, adidas AG's net sales were approximately €5.1 billion in North America and approximately €23.7 billion worldwide.[25] adidas financial reports indicate that it sold approximately €8.2 billion of apparel and €14.0 billion of footwear worldwide in 2024.[26] In the U.S., adidas's sales were approximately $4.2 billion in 2024, of which approximately $1.3 billion was apparel.[27]

---

[20] adidas Annual Report 2024, pages 37 and 100.

[21] adidas Annual Report 2024, page 458.

[22] <www.adidassler.org>; "History," <www.adidas-group.com>l adidas Annual Report 2024, page 58.

[23] adidas Annual Report 2024, pages 54-57, 366.

[24] adidas Annual Report 2024, page 159.

[25] adidas Annual Report 2024, pages 80-81.

[26] adidas Annual Report 2024, page 81.

[27] Tab 8a-b.

**14.** adidas has over 2,500 "own-retail stores, mono-branded franchise stores, shop-in-shops, joint ventures with retail partners and co-branded stores, and an e-commerce channel, which is available to customers in over 50 countries."[28] adidas is focused on marketing efforts that "drive consumer advocacy, build brand equity, and increase demand."[29]

**15.** adidas spent approximately €2.8 billion in 2024 and €2.5 billion in 2023 worldwide on marketing and point-of-sale expenses.[30] Point-of-sale investments include expenses for advertising and promotion initiatives at the point of sale as well as store fittings and furniture while marketing investments relate to sponsorship contracts with leagues, teams and individual athletes as well as to advertising, events, and other communication activities.[31] adidas spent approximately €5.9 billion in 2024 and €5.5 billion in 2023 on distribution and selling expenses.[32]

**16.** adidas spends millions of dollars promoting the Three-Stripe Mark and products bearing the mark in the U.S., along with partner and brand marketing activities, such as advertising, point-of-sale, and grassroots activations, extending through digital platforms.[33] I understand that the Three-Stripe Mark is frequently used in connection with sponsorship of athletic tournaments and organizations, professional athletes, and collegiate sports teams and in connection with sponsorship and collaborations with musical artists.[34]

**17.** Partnership assets include adidas's partnerships and investments in events, such as the Berlin and Boston Marathon; high-profile professional, college, and national teams and leagues, such as Major League Soccer, Manchester United, Real

---

[28] "adidas AG," <www.reuters.com>.

[29] adidas Annual Report 2024, page 333.

[30] adidas Annual Report 2024, page 83.

[31] adidas Annual Report 2024, page 485.

[32] adidas Annual Report 2024, page 83.

[33] adidas Annual Report 2024, page 62; Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 32.

[34] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 32-35.

Madrid, national football team of Argentina, and University of Kansas; and high-profile individuals, such as Lionel Messi, Candace Parker, Patrick Mahomes, Anthony Edwards, Stefanos Tsitsipas, Rohit Sharma, Noah Lyles, Pharrell Williams, Anna Hall, Mikaela Shiffrin, and Bad Bunny.[35]

### a) adidas Brand and Three-Stripe Mark

**18.** The adidas brand is among the top two leading sportswear brands ranked by brand awareness in the United States.[36] The adidas brand has "enormous power" across broad "markets, categories, and channels."[37] adidas continuously invests in research and development to ensure the brand remains "innovative and distinct from competitors"; segmentation strategies are constantly adjusted to ensure the "right product is sold at the right point of sale at an appropriate price" through seven operating segments: Europe, North America, Greater China, Latin America, Japan, South Korea, and Emerging Markets (an extension of European and Southeast-Asian markets).[38] Within these markets, adidas has publicly defined its most important product categories as "Football, Running, Training, Outdoor, and Lifestyle," which are expected to account for more than 95% of revenue growth until 2025.[39] adidas further recognizes that its customers "expect to receive a brand and shopping experience tailored to their preferences," which has driven adidas's transformation into a "direct-to-consumer-led business built around membership," with sustainability and innovation at the forefront of its corporate strategy.[40]

**19.** According to "Kantar BrandZ 2023 Most Valuable Global Brands," adidas had the sixth highest brand value among apparel companies with a 2023 brand value

---

[35] adidas Annual Report 2024, pages 62-64.
[36] Umair Bashir, "Leading sportswear brands ranked by brand awareness in the United States in 2024," Statista, November 18, 2024.
[37] adidas Annual Report 2024, pages 10 and 137.
[38] adidas Annual Report 2024, pages 132 and 443.
[39] "adidas Presents Growth Strategy 'Own the Game' Until 2025," March 10, 2021, <www.adidas-group.com>.
[40] "adidas Presents Growth Strategy 'Own the Game' Until 2025," March 10, 2021, <www.adidas-group.com>.

of approximately \$11.9 billion.[41]  Interbrand's "Top 100 Best Global Brands 2024" ranked adidas 51st overall with an estimated brand value of approximately \$15.5 billion.[42] adidas has consistently ranked on this list since at least 2000.[43]

20.  Aviator Nation employees have acknowledged the well-known nature of the adidas brand. For instance, Paige Mycoskie recalls being aware of adidas at the time she started doing business as Aviator Nation in 2006.[44]

---

[41] ADIANPM0121013 - ADIANPM0121202, at -079.  adidas first appeared in the BrandZ rankings in 2018 (ADIAN0230431 - ADIAN0230577, at -433) and has been included in the rankings since then (ADIAN0230767 - ADIAN0230961, at -784; ADIAN0230578 - ADIAN0230766, at -612; ADIANPM0120653 - ADIANPM0120810, at -673; ADIANPM0120811 - ADIANPM0121012, at -846).  In 2020 and 2022, adidas was ranked the third most valuable among apparel companies (ADIAN0230578 - ADIAN0230766, at -644; ADIANPM0120811 - ADIANPM0121012, at -880).  In 2021, adidas was ranked the second most valuable among apparel companies (ADIANPM0120653 - ADIANPM0120810, at -692).

[42] ADIANPM0119455 - ADIANPM0119487, at -482.

[43] Ranked 53 in 2000 (ADIF0351742, at -747); ranked 70 in 2001 (ADIF0351732, at -738); ranked 68 in 2002 (ADIF0351722, at -728); ranked 67 in 2003 (ADIF0351712, at -718); ranked 69 in 2004 (ADIF0351702, at -708); ranked 71 in 2005 (ADIF0351692, at -698); ranked 71 in 2006 (ADIF0351682, at -688); ranked 69 in 2007 (ADIF0351672, at -678); ranked 70 in 2008 (ADIF0351662, at -668); ranked 62 in 2009 (ADIF0351652, at -657); ranked 62 in 2010 (ADIF0351642, at -647); ranked 60 in 2011 (ADIF0351632, at -637); ranked 60 in 2012 (ADIF0351622, at -627); ranked 55 in 2013 (ADIF0351604, at -609); ranked 59 in 2014 (ADIF0351614, at -618); ranked 62 in 2015 (ADIF0351574, at -579); ranked 60 in 2016 (ADIF0351584, at -589); ranked 55 in 2017 (ADIF0351594, at -599); ranked 50 in 2018 (ADIAN0230364 - ADIAN0230384, at -375); ranked 45 in 2019 (ADIAN0230314 - ADIAN0230363, at -335); ranked 50 in 2020 (ADIAN0230385 - ADIAN0230430, at -421); ranked 49 in 2021 (ADIANPM0119369, at -379); ranked 42 in 2022 (ADIANPM0119385, at -402); ranked 42 in 2023 (ADIANPM0119410, at -451).

[44] Aviator Nation, Inc.'s Third Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, August 3, 2021, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 11.

[45] Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 75-76.

[46] AVN_013155 - AVN_013159, at -157; Deposition of Kourush Bakhtiar, January 27, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 153-155.

**23.** 

**24.** I understand that adidas's marketing and branding expert, Dr. Michel Pham, is of the opinion that adidas is a strong and valuable brand, and that the adidas Three-Stripe Mark is strong and famous.[54]  I further understand that Dr. Pham believes that the adidas brand has maintained its prominence over the past two decades, and that adidas benefits from distinctiveness, exclusivity, and control of the adidas brand and the Three-Stripe Mark.[55]

**25.** The Three-Stripe Mark appears in nearly all of adidas's advertising and promotional materials, and adidas has spent hundreds of millions of dollars annually advertising and promoting the Three-Stripe Mark in the United States.[56]



---

See Deposition of Kelly Gvildys, March 25, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 97-99.

[51] Deposition of Kelly Gvildys, March 25, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 99-100.

[52] ADIANPM0000410 - ADIANPM0000414, at -413.

[53] ADIANPM0000415 - ADIANPM0000425, at -415.

[54] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 16, 18, 65, 86, 94, 112, and 133.

[55] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 16, 67, 137, 143-144.

[56] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 17.  See also, e.g., Deposition of Chris Murphy, May 13, 2025, pages 92-95, 163; ADIANPM0169071.

[57] ADIANPM0169071.

**26.**  The Three-Stripe Mark is a well-known symbol of adidas and its products.[58] adidas witnesses have testified that its marketing strategies always feature the Three-Stripe Mark, and adidas states that "numerous federal courts" have confirmed the Three-Stripe Mark is a "unitary branding device."[59]

**27.**  Chris Murphy, Vice President of Digital and Media for adidas, testified that the "...the three stripes.  It is a known brand, very well-known brand, and everyone knows that it has three stripes..."  and the "3-Stripe mark shows up in lots of things. Shows up in all of our products. Footwear[,] apparel. It shows up in all of our advertising and all of our marketing as well."[60]  According to Mr. Murphy, "We utilize the 3-stripe mark in all of our marketing, so it doesn't matter if I'm talking about social media, television, out of home.  All of our marketing is inclusive of the three stripes, and we talk about utilizing them in as many ways, shapes and forms as we possibly can."[61]

**28.**  Mr. Murphy further testified that adidas tries to "feature the three stripes on product. . . as visibly and as frequently as possible.  And we also utilize our logos on all of our advertising, which is also inclusive of the three stripes."[62]  According to Mr. Murphy, "...we work very hard to drive brand awareness, brand consideration and brand sales, and when we do that, we always utilize brand mark, support 3-Stripes or product to make sure consumers attribute the work to adidas."[63]

**29.**  Mr. Murphy further testified that adidas tries to utilize the Three-Stripe Mark "as much as we possibly can.  adidas is known as the brand with the three stripes, and so if I want to generate awareness of our brand, I want to use three stripes

---

[58] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 11; adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory Nos. 19 and 20.

[59] See, e.g., Deposition of Chris Murphy, May 13, 2025, pages 92-95, and 163; and adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory No. 19.

[60] Deposition of Chris Murphy, May 13, 2025, pages 92 and 107.

[61] Deposition of Chris Murphy, May 13, 2025, page 163.

[62] Deposition of Chris Murphy, May 13, 2025, page 164.

[63] Deposition of Chris Murphy, May 13, 2025, page 85.

as much as possible" and "we push the three stripes from a marketing perspective as much as we possibly can."[64]

**30.** According to the Second Amended Complaint, adidas owns numerous federal trademark registrations for its Three-Stripe Mark.[65] adidas owns numerous federal trademark registrations for the Three-Stripe Mark for apparel, including Reg. No. 2,284,308 (issued by the USPTO on October 12, 1999), Reg. No. 2,278,591 (issued by the USPTO on September 21, 1999), Reg. No. 3,029,127 (issued by the USPTO on December 13, 2005), and Reg. No. 4,910,643 (issued by the USPTO on March 8, 2016).[66] Additionally, adidas owns federal trademark registrations for the word marks THE BRAND WITH THE 3 STRIPES and THREE STRIPE LIFE.[67]

**31.** adidas has manufactured, sold, and promoted apparel in the United States and worldwide using the Three-Stripe Mark since at least 1952 on footwear and since at least as early as 1967 on apparel.[68] adidas considers the Three-Stripe Mark to be a single branding device.[69] adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists — including Pharrell Williams and Bad Bunny — as well as collegiate and professional sports teams and individual athletes.[70]

---

[64] Deposition of Chris Murphy, May 13, 2025, pages 93-95.

[65] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 23-29.

[66] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 23-29. adidas also owns the following trademark registrations covering other items of apparel, including shirts, jackets, coats, vests, and headwear: U.S. Reg. Nos. 2,016,963; 2,058,619; 3,087,329; 3,183,656; 3,183,663; and 3,236,505. adidas also owns the following trademark registrations covering footwear: 1,815,956; 1,833,868; 2,278,589; 2,909,861; 2,999,646; 3,029,129; and 3,029,135.

[67] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 29.

[68] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 1, 20, and 21.

[69] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 3.

[70] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair

Professional athletes adidas has sponsored in connection with the Three-Stripe Mark include National Football League ("NFL") star Patrick Mahomes, National Basketball Association ("NBA") stars James Harden and Trae Young, professional golfers Xander Schauffele and Sergio Garcia, and soccer superstar Lionel Messi.[71] adidas also sponsors world-renowned athletic events, such as the Boston Marathon, in connection with the Three-Stripe Mark.[72] The general public and media recognize adidas's "iconic adidas three stripes," the Three-Stripe Mark, which is incorporated into the company's logos such as the Badge of Sport Mark.[73]

**32.** I understand that all of adidas's apparel bears or is sold in association with the Three-Stripe Mark.[74] adidas witnesses have testified that the Three-Stripe Mark is integral to the company's branding and appears in all adidas marketing. For example, Mr. Murphy testified that the "3-Stripe mark...shows up in all of our advertising and all of our marketing as well," and is featured "as visibly and as frequently as possible."[75] According to Mr. Murphy, "We utilize the 3-stripe mark in all of our marketing, so it doesn't matter if I'm talking about social media, television, out of home. All of our marketing is inclusive of the three stripes, and we talk about utilizing them in as many ways, shapes and forms as we possibly can."[76]

**33.** Further, I understand that the Three-Stripe Mark has been found to be

---

Dealing), December 6, 2024, paragraphs 32-34.

[71] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 32.

[72] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 32.

[73] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024. paragraph 39; Allan Brettman, "World Cup brings out the shoes, uniforms from Adidas, Nike," *The Oregonian*, February 17, 2014; Daniella Tyson, "adidas Originals at Paris Fashion Week: Where Football Heritage Meets Future Fashion," *Soccer Bible*, July 1, 2025.

[74] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 5; Deposition of Chris Murphy, May 13, 2025, page 92.

[75] Deposition of Chris Murphy, May 13, 2025, pages 92 and 164.

[76] Deposition of Chris Murphy, May 13, 2025, page 163.

famous multiple times in federal court.[77]  For example, in Judge Hernández's opinion in the District Court of Oregon in *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, the Three-Stripe Mark was described as "commercially strong" and "famous."[78]  A Ninth Circuit Court of Appeals opinion in that case described the Three-Stripe Mark as "one of the most famous marks in the world."[79]

**34.** adidas sells products exhibiting the Three-Stripe Mark across multiple channels, including adidas-owned retail stores, adidas's e-commerce direct-to-consumer platform, third-party online and brick-and-mortar retail stores, and third-party websites.[80]

**35.** adidas has advertised products featuring the Three-Stripe Mark through a variety of mediums including television, billboards, placards, magazines, newspapers, events, sponsorships, endorsements and online.[81]  adidas interrogatory responses state that the key social platforms in which adidas advertises and engages with consumers include Facebook, Twitter, Instagram, and YouTube.[82]  adidas also uses social media influencers in marketing campaigns.[83]

**36.** As noted above, adidas has spent hundreds of millions of dollars advertising and promoting the Three-Stripe Mark in the U.S. each year for the past five years or more, and the Three-Stripe Mark appears in all or nearly all adidas ad-

---

[77] adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory No. 20.

[78] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 3:15-cv-01741-HZ, Dkt. 184 (August 3, 2017), page 37.

[79] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir. 2018), page 12.

[80] See, e.g., <www.adidas.com>; "Adidas," <www.nordstrom.com>; "Adidas," <www.saksfifthavenue.com>; "Adidas," <www.bloomingdales.com>.

[81] adidas's First Amended Responses and Objections to Defendants' First Interrogatories, February 25, 2025, Response to Interrogatory No. 15; Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 18.

[82] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 18.

[83] Deposition of Chris Murphy, May 13, 2025, pages 138-139.

vertising and promotional materials.[84] Apparel featuring the Three-Stripe Mark has been advertised through a wide variety of channels, including television, billboards, placards, magazines, newspapers, event marketing, sponsorships, endorsements, and online, including through YouTube and adidas's social media accounts on Twitter, Facebook, and Instagram.[85]

### b) adidas Licensing

**37.** In addition to product sales, adidas earns revenue from product licensing involving its trademarks. ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████ ██ ████████████████████████████████

███████████████████████████

## ii   Defendants

**38.** Based in Huntington Park, California, Aviator Nation is a clothing and lifestyle company that was founded in 2006 by Paige Mycoskie, who currently acts as its CEO.[87] Aviator Nation describes itself as a 1970s inspired California lifestyle

---

[84] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 17. See also, e.g., Deposition of Chris Murphy, May 13, 2025, pages 92-95, 163; ADIANPM0169071.

[85] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 17. See also Deposition of Chris Murphy, May 13, 2025, pages 138-139.

[86] Discussion with Josh Van Winkle. Deposition of Sara Vanderhoff, June 10, 2025, pages 270-271.

[87] <www.aviatornation.com>; Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, at paragraphs 3 and 14.

brand and offers a variety of products for sale in categories that include hoodies, crews, sweatpants, women's, men's, outerwear, kids, swim, and surfboards.[88] Further, Aviator Nation offers its clothing in a number of different collections that include Unisex Crew Sweatshirts, Unisex Bolt Collection, Logo Collection, Denim Collection, and Activewear.[89]

**39.** Currently, Aviator Nation sells products online on its website <www.aviatornation.com> and operates approximately 19 retail locations across California, Texas, Colorado, Florida, Nevada, New York, Tennessee, and Hawaii.[90] █████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

**40.** ██████████████████████████ █████████ ████████ ████████

███████████████████████████████████████████████████████████

██████ Ms. Mycoskie has attributed Aviator Nation's growth to its physical retail presence, word-of-mouth advertising, and collaborations.[93]

**41.** In particular, Ms. Mycoskie has described the retail locations as community hubs:[94]

> [T]he first brick-and-mortar Aviator Nation store opened in Venice's Abbot Kinney shopping district in 2009, and it included a stage on the store's back patio where concerts and performances were held. Having this gathering space positioned the store as a popular community hub for shoppers and also allowed Mycoskie to give her musician friends a (literal) platform on which they could

---

[88] <www.aviatornation.com>.

[89] <www.aviatornation.com>.

[90] "About Us," <www.aviatornation.com>.

[91] Deposition of Reed Thompson, May 23, 2025, pages 17 and 59-60; Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, page 57; Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, page 39.

[92] AVN2_023185 - AVN2_023198, at AVN2_023189; AVN2_023172 - AVN2_023184, at AVN2_023176; AVN2_025871 - AVN2_025783, at AVN2_025875.

[93] "Why Brands Like Aviator Nation Are Opting Out Of Venture Capital Funding — And Still Growing," March 4, 2020, <www.forbes.com>.

[94] "Why Brands Like Aviator Nation Are Opting Out Of Venture Capital Funding — And Still Growing," March 4, 2020, <www.forbes.com>.

perform. Over the years, hundreds of performers have graced the Aviator Nation stage, including musicians like Foster the People, Chasing Cars, and Brett Dennen.

**42.** In 2022, Aviator Nation launched a fitness studio in Santa Monica and music space in Malibu.[95] ███████████████████████████████████████████ ███████████████████████████████████████████████████

**43.** In addition, Aviator Nation markets its branded products to new audiences through its partnerships. In 2012, Aviator Nation launched a partnership with Austin City Limits Music Festival.[97] Since then, Aviator Nation has expanded its partnerships and collaborations with music festivals, companies, and events, where Aviator Nation has sold or sells and offers to sell its clothing.[98] ███████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████

**44.** ███████████████████████████████████████████████ ███████████████████████████ For example, Aviator Nation partnered with the dating app Bumble in 2021 to create apparel for Bumble's online store: "The clothing line follows Aviator Nation's track-striped athleisure sensibilities, in a simple color story aligned with Bumble: black, white, and a range of yellows, from cream, to ca-

---

[95] "Aviator Nation Launches Fitness Studio and Music Space In L.A.," May 9, 2022, <www.aviatornation.com>.

[96] Deposition of Paige Mycoskie, April 30, 2025, pages 21-22.

[97] "About Us," <www.aviatornation.com>.

[98] "About Us," <www.aviatornation.com>.

[99] "About Us," <www.aviatornation.com>; Deposition of Reed Thompson, May 23, 2025, pages 29-32; Deposition of Paige Mycoskie, April 29, 2025, page 269; Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 23 and 52; AVN_011640.

[100] Deposition of Reed Thompson, May 23, 2025, pages 166-167; Tab 10a.

[101] Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, page 137; Deposition of Reed Thompson, May 23, 2025, page 30.

nary, to mustard."[102]  Aviator Nation also has collaborated with the spirit company Bacardi; Los Angeles-based restaurant chain Tocaya; and instrument manufacturer Gibson to release co-branded capsule apparel collections.[103] █████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

**45.** Further, an expert consulted in a *Forbes* interview attributed a part of Aviator Nation's growth to its early adoption of organic and paid social media marketing.[105]  Currently, Aviator Nation maintains a social media presence on Facebook, Instagram, Twitter, and TikTok, which it uses to market its products and brand.[106]  As of July 2025, Aviator Nation had approximately 3,700 followers on Twitter, 85,000 followers on Facebook, 360,000 followers and 3,400 posts on Instagram, 3,200 followers and 100 posts on the Aviator Nation RIDE Instagram, 32,000 followers and 78,000 likes on its main TikTok account, 27,000 followers and 457,000 likes on its Miami branch TikTok, 28,000 followers and 17,000 likes on its Austin branch TikTok among other city-based TikTok accounts.[107]

---

[102] "Austin-based Bumble makes new move with buzzworthy clothing line," <www.austin.culturemap.com>.

[103] "BACARDÍ Debuts "Winter Summerland" Campaign, New Collection With Aviator Nation And Return Of The BACARDÍ Coquito," <www.bevnet.com>; "Tocaya Launches Capsule Collection with Aviator Nation," <www.qsrmagazine.com>; "Gibson Announces First-Ever Apparel Collection with Aviator Nation," <www.americansongwriter.com>.

[104] AVN2_024459 - AVN2_024496; AVN2_016702 - AVN2_016704; Deposition of Dave Mason, June 4, 2025, pages 138-142.

[105] "Why Brands Like Aviator Nation Are Opting Out Of Venture Capital Funding — And Still Growing," March 4, 2020, <www.forbes.com>.

[106] Aviator Nation, <www.facebook.com>; Aviator Nation, <www.instagram.com>; Aviator Nation, <www.twitter.com>; Aviator Nation Account, <www.tiktok.com>; Aviator Nation Miami Account, <www.tiktok.com>; Aviator Nation Austin Account, <www.tiktok.com>; Aviator Nation RIDE, <www.instagram.com>; Exhibit 53 to the Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ; Exhibit 54 to the Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ; Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 17-18; Deposition of Jessica Madrid, February 10, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 26, 52-53, and 58.

[107] Aviator Nation, <www.facebook.com>; Aviator Nation, <www.instagram.com>; Aviator Nation, <www.twitter.com>; Aviator Nation Account, <www.tiktok.com>; Aviator Nation Miami Account, <www.tiktok.com>; Aviator Nation Austin Account, <www.tiktok.com>; Aviator Nation RIDE, <www.instagram.com>.

**46.** ████████████████████████████████████████████

████████████████████████████████████████████ ██████████

████████████████████████████████████████████

████████████████████████████████████████

**47.** ████████████████████████████████████████████

████████████████████████████████ ████████ ████████████

████████████████████████████████████████████████

████████████████████ ██ ████████████████████████████

████████████████████████████████████ ██ ████████

████████████████████████████████████████████████

████████████████████████████ ████



**48.** ████████████████████████████████████████████

████████████████████████████

---

[108] Deposition of Curtis Ulrich, May 6, 2025, pages 33, 96-98; Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 23, 37, 54-55, and 208.

[109] See, e.g., ADIAN0226157; SocialMethod000047; SocialMethod000110; ADIAN0226078 - ADIAN0226079; ADIAN0226121 - ADIAN0226122; Exhibit 51 to the Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ; AVN_000906; AVN_000901; ADIAN0226153.

[110] Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 51-53.

[111] Deposition of Curtis Ulrich, May 6, 2025, pages 100-101.

[112] AVN2_023168; AVN2_023169; AVN2_025869.

[113] Tab 7.



# B Settlement Agreements Between the Parties

## i 2012 Settlement Agreement



---

[114] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, at paragraph 40.

[115] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, at paragraphs 41 and 42; Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960).

[116] Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960), at page 1.



### ii   2013 Letter Agreement

**52.**

**53.**

### iii   2022 Settlement Agreement

**54.** In settlement of the civil action no. 3:19-cv-02049-HZ, *adidas America, Inc. et al v. Aviator Nation, Inc.* (asserting claims for breach of contract, trademark infringement and dilution, unfair competition, counterfeiting, cancellation of Aviator Nation's federal trademark registrations, and unfair and deceptive trade under federal

---

[117] Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960), at page 2.

[118] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, at paragraph 44.

[119] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, at paragraphs 45-46; Letter Agreement between adidas AG and Aviator Nation, January 15, 2013 (ADIAN0198477 - ADIAN0198482), at page 4.

[120] Letter Agreement between adidas AG and Aviator Nation, January 15, 2013 (ADIAN0198477 - ADIAN0198482), at page 4.

and state law), adidas and Aviator Nation entered into a settlement agreement.[121]

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████

**55.** ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ ███████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████

**56.** ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████ ████████████████

████████████████████ █████████████

[121] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024).

[122] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 2.

[123] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 3.

[124] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 7.

[125] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 4. ████████████████████████████████████████
████████████████████████████████████ See Deposition of Paige Mycoskie, April 29, 2025, pages 80-91.

[126] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 4.

## C    Accused Products: Trademark Infringement

**57.** I understand that adidas alleges that Aviator Nation continues to sell apparel bearing confusingly similar imitations of the Three-Stripe Mark.[127] The Accused Products in this case include hooded sweatshirts, sweatpants, and shorts, among other products bearing what adidas believes to be confusingly similar imitations of the Three-Stripe Mark.[128] The Accused Products in this case were offered and sold through Aviator Nation's website, <www.aviatornation.com>, Aviator Nation's retail stores, Aviator Nation's app, social media, at festivals and sales events, and through Aviator Nation's wholesale partners.[129]

**58.** Regarding the allegations that Aviator Nation continues to sell apparel bearing confusingly similar imitations of the Three-Stripe Mark, I understand that adidas is asserting claims 1 through 8 from the Second Amended Complaint against a set of Aviator Nation stock keeping units ("SKUs").[130] I understand that adidas asserts that these products infringe the Three-Stripe Mark and are or were being marketed and sold in breach of the 2022 Settlement Agreement.[131] I refer to the following Accused Products with these SKUs as products in "Bucket 1:"[132]

- WSPRS5-NVYB

- WSPRS5-CHARG

---

[127] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 6-8; Exhibit A, Accused Designs Post-Fact Discovery.

[128] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 2, 6, and Exhibit 2; Exhibit A, Accused Designs Post-Fact Discovery.

[129] AVN2_025921; AVN2_025922; AVN2_050091; Defendant Aviator Nation, Inc.'s First Amended Response to Plaintiffs' First Set of Interrogatories, December 4, 2024, Response to Interrogatory No. 12.

[130] Exhibit A, Accused Designs Post-Fact Discovery.

[131] Letter re: Disputed Designs and attached Revised Exhibit A, Accused Designs Post-Fact Discovery, June 26, 2025; Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024.

[132] Tab 4c.

- MSPPRS5-CHARG

- WSPRS5-SKYB

- WSPRS5-VWHTUSA

- WSPRS5-VWHTTAN

- HDRS5-CHARG

- SWRXRS5-CHARG

- HDRS5-SKYB

- MSFLEX5-BLK

- MSFLEX5-NVY

- WSFLEX5JG-SEA

- WSFLEX5JG-RED

- WBRVRS4-BLKBLU

- HDRS5-FDSMK

- WSPRS5-FDSMK

- WSPRS5-LEMYELPUR

- WSLRS5-MAUVEPNKGRN

- KHDRS5-NVYB

# D    Accused Products: Breach of Contract

**59.** I understand that in the civil action no. 3:19-cv-02049-HZ discussed above, adidas asserted claims for breach of contract, trademark infringement and dilution, unfair competition and counterfeiting.[133] I understand that adidas alleges that Defendants continued and continue to sell some or all of the products that were at issue in that matter in breach of the 2022 Settlement Agreement, beginning May 5, 2023 after the sell-off period ended.[134]

**60.** I understand that adidas is asserting claims 7 and 8 from the Second Amended Complaint against a set of Aviator Nation SKUs.[135] I understand that adidas asserts that these products are or were being marketed and sold in breach of the 2022 Settlement Agreement. I refer to the following Accused Products with these SKUs as products in "Bucket 2:"[136]

- WSPRS5-NVY

- MSPPRS5-NVY

- MSPPRS5-CHARB

- WSPRS5-CHARB

- WSPRS5-CHARG

- MSPPRS5-CHARG

- HDRS5-NVY

---

[133] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 51.

[134] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 3, 6, and 73; Exhibit A, Accused Designs Post-Fact Discovery; Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024).

[135] Exhibit A, Accused Designs Post-Fact Discovery.

[136] Tab 4c.

- HDRS5-CHAR

- HDRS5-CHARB

- HDRS5-CHARG

**61.** In addition, I understand that adidas is asserting claims 7 and 8 from the Second Amended Complaint against an additional set of Aviator Nation SKUs.[137] I understand that adidas asserts that these products were marketed and sold to consumers and customers using images of Aviator Nation four-stripe products, allegedly in breach of the 2022 Settlement Agreement.[138] I refer to the following Accused Products with these SKUs as products in "Bucket 3:"[139]

- KSFLEX5JG-KGR

- KSFLEX5-KGR

- KSFLEX5JG-BLK

- KSFLEX5-BLK

**62.** In addition, adidas alleges that Ms. Mycoskie breached the confidentiality provision in the 2022 Settlement Agreement.[140] adidas alleges that Aviator Nation, through Ms. Mycoskie, breached the terms of the 2022 Settlement Agreement when

---

[137] Exhibit A, Accused Designs Post-Fact Discovery.

[138] I understand that pictures of allegedly infringing products were shown to consumers and customers, for example, through Aviator Nation's website, but the actual products shipped to purchasers are not alleged to be in breach of the 2022 Settlement Agreement.

[139] Tab 4c. The document Exhibit A, Accused Designs Post-Fact Discovery includes "-2" at the end of the SKUs "KSFLEX5JG-BLK-2" and "KSFLEX5-BLK-2." ███████████████████████████ (see Deposition of Jessica Madrid, May 8, 2025, page 92).

[140] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 4-6, 74. adidas alleges that the 2022 Settlement Agreement was also breached by other actions taken by Aviator Nation and Ms. Mycoskie. See Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 75-78.

she appeared on the podcast "How I Built This" in January 2024 and publicly disclosed and misrepresented the prior disputes between adidas and Aviator Nation and the terms of the 2022 Settlement Agreeent.[141]

# V      OVERVIEW OF MONETARY RELIEF

**63.** adidas alleges that Aviator Nation has infringed the Three-Stripe Mark under the Lanham Act and state and common law by advertising, promoting, offering for sale, and selling apparel that bear confusingly similar imitations of the Three-Stripe Mark.[142] I understand that the Lanham Act provides that a prevailing plaintiff may, "subject to the principles of equity…recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."[143]  Further, I understand that for the breach of contract and breach of the implied duty of good faith and fair dealing claims, a prevailing plaintiff may recover its damages suffered due to a breach, including royalty damages,[144] or in the alternative, a recovery of a defendant's profits by which it was unjustly enriched.[145]

---

[141] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 74.

[142] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 7-8 and 79-97.  I understand that Plaintiffs also allege that Aviator Nation has used counterfeit marks.  See Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraph 50.

[143] 15 U.S.C. § 1117(a).

[144] See *Fox Broad. Co. v. Dish Network LLC,* 160 F. Supp. 3d 1139, 1180 (C.D. Cal. 2015) (concluding reasonable royalty is a permissible remedy for contract breach claims); *Veritas Operating Corp. v. Microsoft Corp.,* No. C06-0703-JCC, 2008 WL 7404617, at *3-4 (W.D. Wash. Feb. 26, 2008) (ruling that a plaintiff could reasonably expect to be compensated for defendant's breach through a reasonable royalty).

[145] *GNLV, Corp. v. T. Warren Enters., Inc.,* No. 2:13-CV-943 JCM (CWH), 2015 WL 4038968, at *2 (D. Nev. July 1, 2015) (reasoning that unjust enrichment, in the form of a disgorgement of profits, is available as a form of damages for a breach of contract claim); *Vital Pharms., Inc. v. Orange Bang, Inc.,* No. 5:20-cv-01464-DSF-SHK, (C.D. Cal. Apr. 6, 2022), ECF No. 58-2 at 175 (Redacted) (awarding disgorgement of profits as damages for breach of a settlement agreement based on unjust enrichment), confirmed by *Vital Pharms., Inc. v. Orange Bang, Inc.,* EDCV 20-1464 DSF (SHKx), 2022 WL 3007631, at *2 (C.D. Cal. June 30, 2022).

**64.** For this report, I have been asked to calculate forms of monetary relief that may be available to adidas, assuming that liability will be found against Defendants. This includes defendant's profits / unjust enrichment and reasonable royalty damages.

# VI     DEFENDANTS' REVENUE

**65.** I understand that the Lanham Act allows for the recovery of a disgorgement of the profits earned by a defendant related to the infringement of a trademark or other violations.[146] Further, I understand that the Lanham Act provides that the plaintiff is responsible only for establishing sales or revenues associated with the infringement, and that the defendant must establish any and all costs and deductions.[147]

**66.** I also understand that as a form of relief for the breach of contract and breach of the implied duty of good faith and fair dealing claims, a plaintiff may recover a reasonable royalty the defendant should have paid for the breaching items, or, in the alternative, the unjust enrichment profits of the defendant related to the breaching items.

**67.** For this report I have considered monetary relief in the form of Aviator Nation's net sales earned from sales of the Accused Products. Based on the information provided by Aviator Nation, and as described in the sections below and tabs to this report, I prepared an analysis of Aviator Nation's net sales generated by the Accused Products.[148] I am not aware of Aviator Nation having produced sufficiently complete or detailed cost information to calculate profits earned from the sale of the Accused Products. I reserve the right to provide supplemental or updated analyses regarding Aviator Nation's sales, costs and profits should additional information become available.

---

[146] 15 U.S.C. § 1117(a).
[147] 15 U.S.C. § 1117(a).
[148] Tab 4a.

## A    Aviator Nation Accused Product Sales

**68.** As discussed above, Plaintiffs allege that Aviator Nation's sales of Accused Products infringe the Three-Stripe Mark (product sales in Bucket 1). Other Aviator Nation Accused Products are accused of being sold in breach of the 2022 Settlement Agreement and in breach of the implied duty of good faith and fair dealing (product sales in Bucket 2 and Bucket 3). In order to quantify the revenues earned by Defendants through the sales of the Accused Products, I reviewed and analyzed transactional sales data produced by Aviator Nation.

**69.** ████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ ██ ██████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ ████████████

### i    Aviator Nation Shopify Accused Product Sales

**70.** ████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ █

---

[149] See, e.g., Deposition of Dave Mason, June 4, 2025, pages 31, 149-153.

[150] Defendant Aviator Nation, Inc.'s Second Amended Response to Plaintiffs' First Set of Requests for Production, February 19, 2025, Response to Request for Production No. 5; AVN2_025921; AVN2_025922; AVN2_050091.

[151] See, e.g., AVN2_050091; AVN2_012365; AVN2_012366; Deposition of Curtis Ulrich, May 6, 2025, pages 124-128; Deposition of Dave Mason, June 4, 2025, pages 150-151. ████████████
████████████████████████████████████████████████
████████████████████ See Deposition of Curtis Ulrich, May 6, 2025, pages 125-126 and Deposition of Reed Thompson, May 23, 2025, pages 15-16. ██████████████
████████████████████████████████████████████████
████ See Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG*

**71.** 

**72.**

---

*v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 89-91. See also Deposition of Reed Thompson, May 23, 2025, pages 109 and 111-112.

[152] Deposition of Dave Mason, June 4, 2025, pages 148-149 and 152-153.

[153] Because this data was produced after the Aviator Nation 30(b)(6) witness depositions, I am making reasonable assumptions regarding the data fields in the updated Aviator Nation Shopify sales data, and I reserve the right to update my analysis if Aviator Nation provides more information regarding the updated sales data.

[154] Deposition of Curtis Ulrich, May 6, 2025, pages 109 and 133; Deposition of Dave Mason, June 4, 2025, page 31; Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 18-19; Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 107 and 145.

[155] Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, page 48.

[156] Deposition of Jessica Madrid, May 8, 2025, page 92.

[157] Deposition of Jessica Madrid, May 8, 2025, page 92.



**73.**

**74.**

## ii   Aviator Nation Wholesale Accused Product Sales



**75.**

**76.**

---

[158] Deposition of Curtis Ulrich, May 6, 2025, page 92.

[159] Tab 6d. For purposes of this analysis, I did not consider product size.

[160] ████████████████████████████████████████████████████████████
██████████████████████████

[161] Tab 6c.

[162] Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 161-162.

[163] Deposition of Dave Mason, June 4, 2025, page 31; Deposition of Reed Thompson, May 23, 2025, pages 20-21 and 62; Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 31-32 and 145-147.

[164] Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 33-34; Deposition of Reed Thompson, May 23, 2025, page 86.

[165] ███████████████████████████████████████████████ Deposition of Reed Thompson, May 23, 2025, pages 128-131. ████████
████████████████████████ ████████████████████████████



**77.**

**78.**

As this data was produced after the Aviator Nation 30(b)(6) witness depositions, I am making reasonable assumptions regarding the data fields in the updated Aviator Nation Shopify sales data, and I reserve the right to update my analysis if Aviator Nation provides more information regarding the updated sales data.

[166] Deposition of Reed Thompson, May 23, 2025, page 130.

[167] Deposition of Reed Thompson, May 23, 2025, pages 130-132, 135.

[168] Deposition of Reed Thompson, May 23, 2025, pages 138 and 145.

[169] AVN2_025921.

[170]

[171] Tab 5d.

[172] Tab 5c.

## B    Aviator Nation's Sales: Trademark Infringement

**79.**  As discussed above, regarding the allegations that Aviator Nation continues to sell apparel bearing confusingly similar imitations of the Three-Stripe Mark, I understand that adidas asserts that the Accused Products in Bucket 1 infringe the Three-Stripe Mark and are or were being marketed and sold in breach of the 2022 Settlement Agreement.[173] ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

**80.**  ████████████████████████████████

████████████████████████████████████████

████████████████████████  ████████████████

████████████████████████████

## C    Aviator Nation's Sales: Breach of Contract

**81.**  As discussed above, I understand that adidas asserts that Aviator Nation continued to market and sell certain products in Bucket 2 in breach of the 2022 Settlement Agreement beginning May 5, 2023 after the sell-off period ended.[175]

**82.**  ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[173] Exhibit A, Accused Designs Post-Fact Discovery; Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024.

[174] Tab 4b; Tab 5a; Tab 6a.

[175] Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024, paragraphs 3, 6, and 73; Exhibit A, Accused Designs Post-Fact Discovery.

███████████████.

**83.** ██████████████████████████████

████████████████████ ██████████████████

███████████████ ███████████████████ ███████

████████████████████████ █

**84.** Regarding the allegations that Aviator Nation continued to market certain products in Bucket 3 in breach of the 2022 Settlement Agreement beginning May 5, 2023 after the sell-off period ended.███████████████████

████████████████████████████████

████████████████████████████████

███████████████████████

**85.** ██████████████████████████████

███████████████ ███████████████████████

█████████ ██████████████████████ ████████

████████████████████ █

## D Aviator Nation's Sales: Conclusion

**86.** ██████████████████████████████

██████████ █ █████████████████ ███████ ███

███████████████████████████ █

██████████████████ █████ ████████████

████████████████████ █████████████

██████████ ██████ █████████████████ █████

████████████████████████████████



---

[176] Tab 4b; Tab 5a; Tab 6a.
[177] Tab 4b; Tab 5a; Tab 6a
[178] Tab 4a.
[179] Tab 4b.
[180] Tab 4b.

█████

# VII    REASONABLE ROYALTY DAMAGES

**87.** I understand that one potential form of monetary relief that may be available to adidas is reasonable royalty damages. If the fact-finder determines that adidas has been harmed due to the alleged actions of Defendants, and determines that a reasonable royalty is an appropriate means of providing compensatory damages to adidas as a proxy for the harm it has suffered, I provide an analysis of reasonable royalty damages in the sections below.

**88.** ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This licensing data for adidas trademarks in relation to apparel and other products, coupled with other relevant information regarding licensing, adidas's harm, and Aviator Nation's benefits, provide a reliable basis for calculating reasonable royalty damages using financial and economic terms reached through arm's-length negotiations in the normal course of business.

**89.** adidas states that the Accused Products are "highly likely to cause consumer confusion because the Three-Stripe Mark is both famous and extremely strong" and the Accused Products "are markedly similar to the Three-Stripe Mark."[182] adidas believes that adidas and Aviator Nation compete by selling similar types of apparel through similar channels of trade to similar consumers at similar price points.[183] I understand that Plaintiffs have alleged incidents of actual confusion and/or misattribution regarding the Accused Products and the Three-Stripe Mark. For instance, Plaintiffs allege that there are marketplace listings where consumers listed products

---

[181] Tab 4b.

[182] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[183] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory Nos. 12, 13, and 15.

as adidas when they were actually Aviator Nation products.[184]

**90.** adidas and Aviator Nation both sell apparel for performance, athletic purposes, ath-leisure, or pure fashion, comfort, and/or style.[185] This apparel includes t-shirts, sweatshirts, sweatpants, hoodies, jackets, sports bras, shorts, and swimwear, and the parties sell the apparel into similar channels of trade to similar consumers.[186] Both parties sell apparel online and through third parties.[187] In addition, both parties market their apparel using digital advertising and social media.[188]

**91.** When asked if he believed adidas and Aviator Nation to be competitors, Mr. Murphy testified that "any company creating products in - that is similar to ours in similar spaces, similar sales channels with similar consumers is a competitor."[189] Regarding competitors in the Lifestyle segment of adidas's apparel offerings, Mr. Murphy testified that "there is a lot...there is skate brands, surf brands, music brands, fashion brands. There is a lot of folks we look at as a competitor."[190] He had not seen Aviator Nation listed as a competitor of adidas in a document.[191]

**92.** According to its interrogatory responses, adidas believes its goods and services bear a close relationship to those of Aviator Nation, and that there is direct overlap in the geography of sales, distribution channels, and marketing.[192]

---

[184] See, e.g., ADIANPM0121431 - ADIANPM0121432.

[185] adidas's First Amended Responses and Objections to Defendants' First Interrogatories, February 25, 2025, Response to Interrogatory No. 7; Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 12. See also ADIANPM0125403.

[186] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 12.

[187] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 12.

[188] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory Nos. 12 and 13.

[189] Deposition of Chris Murphy, May 13, 2025, page 108.

[190] Deposition of Chris Murphy, May 13, 2025, page 218.

[191] Deposition of Chris Murphy, May 13, 2025, page 220.

[192] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.



**93.**

**94.**

**95.**

---

[193] See, e.g., Exhibit 98 to the Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, at pages 8, 21.

[194] AVN_012844 - AVN_012846, at -845; AVN_023380 - AVN_023383, at -381; Exhibit 100 to the Deposition of Curtis Ulrich, February 17, 2022 , *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

[195] Exhibit 105 to the Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

[196] Deposition of Curtis Ulrich, May 6, 2025, page 33.

[197] AVN_014660 - AVN_014662, at -660.

[198] AVN_014228 - AVN_014232, at -229 to -230; AVN_013970 - AVN_013974, at -971 and 973-974.

[199] AVN_013970 - AVN_013974, at -971 and -973.

**96.** I understand that Dr. Pham is of the opinion that the adidas brand likely has suffered or will suffer harm due to the alleged infringement by Aviator Nation.[201] Specifically, I understand that such harm to adidas includes a loss or reduction of the distinctiveness, exclusivity, and control of the adidas brand and the Three-Stripe Mark due to the alleged actions of Aviator Nation.[202]

**97.** adidas witnesses described adidas's harm relating to the alleged actions of Aviator Nation. For example, Ms. Vanderhoff testified that Aviator Nation's sales of the Accused Products "weaken the mark" and "lessen the…strong associations that consumers make with adidas and our three-stripe mark and all the qualities that consumer associate with adidas when they see the three-stripe mark."[203] She also testified that the sale of the Accused Products impaired the distinctiveness of adidas's mark.[204] Regarding the qualities associated with the adidas brand potentially being different than Aviator Nation, Ms. Vanderhoff testified that adidas "want[s] consumers to associate the use of our brand with adidas and…want[s] to control that messaging and keep our trademark strong."[205] She also testified that adidas wants to control its brand, "not someone else," and that that would harm adidas's brand.[206] Ms. Vanderhoff testified that damage to adidas occurs at point-of-sale, initial interest, and post-sale.[207]

**98.** According to its interrogatory responses, adidas believes that it has been harmed by the sale of the Accused Products. Further, adidas believes that the Accused Products are "highly likely to cause consumer confusion because the Three-Stripe Mark is both famous and extremely strong," and the Accused Products are

---

[200] See, e.g., AVN‗014228 - AVN‗014232, at -229; AVN‗014210 - AVN‗014213, at -211.

[201] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, Section VIII.

[202] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 16, 137, 143-144.

[203] Deposition of Sara Vanderhoff, June 10, 2025, pages 234, 250, and 252.

[204] Deposition of Sara Vanderhoff, June 10, 2025, page 237.

[205] Deposition of Sara Vanderhoff, June 10, 2025, page 240.

[206] Deposition of Sara Vanderhoff, June 10, 2025, page 242.

[207] Deposition of Sara Vanderhoff, June 10, 2025, page 247.

similar to the Three-Stripe Mark.[208]  adidas believes its goods and services bear a close relationship to those of Aviator Nation, and that there is direct overlap in the geography of sales, distribution channels, and marketing.[209] adidas believes that Defendants' actions have caused adidas to lose control over its brand.[210] For example, "Defendants' uses of confusingly similar stripes on identical kinds of apparel in overlapping channels of trade marketed through the same or overlapping marketing channels harms adidas's ability to control its brand and promote its products featuring the Three-Stripe Mark. Similarly, adidas manages the manner in which it uses multi-color executions of its Three-Stripe Mark. Defendants' uses of confusingly similar multi-color stripe designs on identical kinds of apparel in overlapping channels of trade marketed through the same or overlapping marketing channels harms adidas's ability to control its brand and promote its products featuring the Three-Stripe Mark."[211] adidas believes that "Defendants' manufacturing, marketing, offering for sale, and sale of the [Accused Products] is likely to impair the distinctiveness of the Three-Stripe Mark and degrade the goodwill that adidas has developed in the Three-Stripe Mark," and that Defendants' Accused Products "are likely to lessen the capacity of the Three-Stripe Mark to evoke adidas exclusively and the qualities that the public connotes with adidas, when Defendants and their products represent altogether different qualities."[212]

**99.** In addition, according to adidas's interrogatory responses, Ms. Mycoskie's public statement regarding the 2022 Settlement Agreement "has caused and continues to cause third parties to believe (incorrectly) that adidas does not believe that four-

---

[208] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[209] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[210] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[211] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[212] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Second Amended Response to Interrogatory No. 15.

stripe imitations of its Three-Stripe Mark on identical or similar products create a likelihood of confusion or dilute adidas's mark. It further has caused and continues to cause third parties to believe that adidas will 'pretty much let go of' disputes concerning adidas's iconic Three-Stripe Mark. All of this encourages and fosters infringement, unfair competition, and dilution by others and makes adidas's task of enforcing its rights in the Three-Stripe Mark more difficult and more costly."[213]

**100.**  Similarly, I understand that Dr. Pham is of the opinion that the alleged infringement by Aviator Nation likely results in harm to adidas and the Three-Stripe Mark through a reduction in exclusivity, distinctiveness, positive associations, and the ability to control the mark.[215]

**101.**

**102.** Witnesses from adidas have testified about adidas's practice or interest in maintaining control of how its brand is used in the market, that the Three-Stripe Mark is integral to the company's branding, and appears in all adidas marketing.[217]

**103.**
n

[213] adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025, Response to Interrogatory No. 15.

[214] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraph 144.

[215] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 16, 137, 143-144.

[216] Deposition of Reed Thompson, March 16, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 51-52; Deposition of Reed Thompson, May 23, 2025, page 147.

[217] See, e.g., Deposition of Sara Vanderhoff, June 10, 2025, pages 240-242. See also Deposition of Chris Murphy, May 13, 2025, pages 92-95, 163.

█████ ███████████████ ████████████ █████ As Mr. Murphy testified, adidas's marketing includes use of the Three-Stripe Mark.[219]  Further, as discussed above, the success of adidas's continued branding efforts is evidenced by its high ranking in Interbrand's "Top 100 Best Global Brands 2024," which placed adidas 51st overall,[220] and in "Kantar BrandZ 2023 Most Valuable Global Brands," in which adidas has the sixth highest brand value among apparel companies.[221]  adidas has spent hundreds of millions of dollars advertising and promoting the Three-Stripe Mark in the U.S. each year for the past five years, and the Three-Stripe Mark appears in all or nearly all adidas advertising and promotional materials.[222]

**104.**  As noted in Judge King's Opinion and Order in *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, a "loss of the ability to control [adidas's] reputation for quality is a legally cognizable form of injury."[223]  In that case, Judge King allowed the jury's verdict awarding royalty damages as a means to compensate adidas for the harm to its brand resulting from the defendant's infringement of adidas trademarks.  Further, in the Jury Instructions for that case, Judge King instructed the jury that:[224]

> In determining the amount of adidas's actual damages, you should consider the following:
>
> 1. The injury to adidas's reputation;
>
> 2. The injury to adidas's goodwill, including injury to adidas's general business reputation; and

---

[218] Tab 8c.

[219] See, e.g., Deposition of Chris Murphy, May 13, 2025, page 92.

[220] ADIANPM0119455 - ADIANPM0119487, at -482.

[221] ADIANPM0121013 - ADIANPM0121202, at ADIANPM0121079.

[222] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 17.  See also, e.g., Deposition of Chris Murphy, May 13, 2025, pages 92-95, 163; ADIANPM0169071.

[223] *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, 3:01-cv-01655-KI, Dkt. 942 (September 12, 2008), page 15.

[224] *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, 3:01-cv-01655-KI, Dkt. 860-2 (May 1, 2008), page 51.

3. Whether the evidence would support a reasonable royalty.

**105.** Judge King also instructed the jury that "[a] reasonable royalty is the royalty that would have resulted from a hypothetical negotiation between the trademark or trade dress owner and a company in the position of Payless taking place just before the infringement or unfair competition began."[225] I understand in that case, the jury awarded royalty damages of 7.78% of Payless' retail sales.

**106.** Judge Hernández provided an Opinion and Order in *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, in which it was determined that "[r]easonable royalty rate damages are available to adidas in this case. Courts in this circuit have permitted royalty rate damages in the absence of prior licensing agreements between the parties where evidence provided a sufficiently reliable basis from which the courts could calculate such damages."[226]

**107.** Based on the above, as well as described more fully below, I understand that a reasonable royalty is a potential form of damages in this case for the fact finder to consider.

## A   Reasonable Royalty: Hypothetical Negotiation

**108.** To determine a reasonable royalty, courts often consider a "hypothetical negotiation" between a willing licensor and a willing licensee to guide the analysis.[227] The hypothetical negotiation is conducted under the premise that the parties to the negotiation would have known that the Three-Stripe Mark was valid and would be infringed by Defendants unless they obtained a license to use the Three-Stripe Mark from adidas. The hypothetical negotiation in this matter is used to determine a reasonable royalty as a surrogate measure for the damages suffered by adidas due to

---

[225] *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, 3:01-cv-01655-KI, Dkt. 860-2 (May 1, 2008), page 52.

[226] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 3:15-cv-01741-HZ, Dkt. 184 (August 3, 2017), page 61.

[227] *Georgia-Pacific Corporation v. United States Plywood Corporation*, 318 F. Supp. 1116 (S.D. N.Y. 1970).

the alleged actions of Defendants. While the hypothetical negotiation is assumed to take place at the time infringement began, courts often consider data subsequent to the date of first infringement in determining reasonable royalty damages.

**109.** A royalty calculation is typically comprised of two components: a royalty rate and a royalty base. ███████████████████████████, as well as my apparel industry research and experience with trademark licensing, indicate that royalty rates are commonly expressed as a percentage of sales or revenue. The royalty base is the amount to which the royalty rate is applied, typically net sales, or revenue of the products at issue. In this matter, I have implemented a common royalty damages calculation methodology as follows:

> For Aviator Nation Wholesale Sales of Accused Products
>
> Royalty Rate (expressed as a percentage of wholesale revenue) × Royalty Base (wholesale net sales of Aviator Nation's Accused Products)
>
> *plus*
>
> For Aviator Nation Retail & E-Commerce Sales of Accused Products
>
> Royalty Rate (expressed as a percentage of retail revenue) × Royalty Base (retail and e-commerce net sales of Aviator Nation's Accused Products)

**110.** To determine the results of a hypothetical negotiation for the right to use the Three-Stripe Mark by Defendants in selling the Accused Products, I have considered several factors that may provide relevant information regarding an appropriate royalty rate in intellectual property infringement cases. These factors include: evidence of royalty rates paid by the parties or by others in similar contexts; the benefits and costs/risks to the trademark owner of licensing; the willingness of the trademark owner to enter into a license agreement; the benefits to the licensee associated with the use of the marks; and other relevant factors specific to the hypothetical negotiation, such as the parties' respective strategic and bargaining positions.[228] These factors

---

[228] The Court in *Georgia-Pacific Corporation v. United States Plywood Corporation*, 318 F. Supp.

are consistent with those considered by courts in the context of intellectual property hypothetical negotiations,[229] are consistent with licensing practice, and represent a reasonable and reliable method for calculating royalty damages.

**111.** ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ ████ ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

**112.** I calculated royalties through the latest dates for which Aviator Nation produced sales data for the Accused Products, according to documents that have been provided to me.[231] I reserve the right to update my calculations based on other damages periods or sales data that may be determined in the future.

**113.** The sections that follow describe my analyses and conclusions regarding the Three-Stripe Mark, the reasonable royalty rate, and the royalty base in further detail.

---

1116 (S.D. N.Y. 1970), identified a set of fifteen factors for patent infringement matters. In trademark cases, experts typically analyze and utilize the factors or concepts that are relevant to the specific situation.

[229] *Georgia-Pacific Corporation v. United States Plywood Corporation*, 318 F. Supp. 1116 (S.D. N.Y. 1970).

[230] AVN2_025921; AVN2_025922; AVN2_050091.

[231] As discussed above, there may be Accused Products in Aviator Nation stores that had not sold as of the date that Aviator Nation ran its sales reports for production in this matter.

## B  Three-Stripe Mark

**114.** I understand that consumers recognize that the Three-Stripe Mark is a central part of the adidas brand; Dr. Pham is of the opinion that "the centrality of the Three-Stripe Mark to adidas's brand concept and brand messaging cannot be understated."[232] As discussed above and testified to by Mr. Murphy, adidas alleges that the Three-Stripe Mark is integral to the company's branding and appears in all, or virtually all, adidas marketing.[233] For example, adidas states that "the Three-Stripe Mark is a unitary branding device, as confirmed by the holdings of numerous federal courts" and that "the Three-Strike Mark is inherently distinctive, as courts have found multiple times."[234]

**115.** Further, adidas states that the Three-Stripe Mark has been found to be famous multiple times.[235] For example, in Judge Hernández's opinion in the District Court of Oregon in *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, the Three-Stripe Mark was described as "commercially strong" and "famous."[236] A Ninth Circuit Court of Appeals opinion in that case described the Three-Stripe Mark as "one of the most famous marks in the world."[237]

---

[232] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraph 94.

[233] See, e.g., Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 5; adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory Nos. 19 and 20.

[234] adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory No. 19.

[235] adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025, Response to Interrogatory Nos. 19 and 20.

[236] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 3:15-cv-01741-HZ, Dkt. 184 (August 3, 2017), page 37.

[237] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir. 2018), page 12.

## C   Royalty Rate

**116.** As noted above, I considered several factors that provide relevant information regarding an appropriate royalty rate in intellectual property infringement cases. These factors include: evidence of royalty rates paid by the parties or by others in similar contexts; the benefits and costs/risks to the trademark owner of licensing; the willingness of the trademark owner to enter into a license agreement; the benefits to the licensee associated with the use of the marks; and other relevant factors specific to the hypothetical negotiation.

**117.**



**118.**

---

[238] See Tabs 9a and 9b.
[239] See Tabs 9a and 9b; and adidas Annual Report 2024, page 382.
[240] See Tabs 9c and 9e.

███████████████████

**119.** My research indicates that there is trademark licensing activity broadly within the apparel industry.[242] Taken together, ████████████████████ ███████████████████████████████████████, as well as partici- pants in the apparel industry, to enter into license agreements involving trademarks.

**120.** Further, my analysis of other relevant considerations to the hypothetical negotiation is described below. The factors and issues considered herein are based on the concepts set forth in the *Georgia-Pacific* case, which is commonly used by experts in intellectual property litigation. The factors considered and described herein are factors that parties engaged in trademark license negotiations outside of litigation consider. As such, the analysis of a hypothetical negotiation considered in this report represents a reliable basis for calculating reasonable royalty damages. Collectively, the information described in this report, with a particular emphasis on adidas's ac- tual licensing of the Three-Stripe Mark, the benefits received by adidas's licensees in exchange for payments to adidas, and the risk to adidas from a license, provides a reliable basis for determining a reasonable royalty for adidas's damages.

## i    adidas License Agreements

### a) adidas as Licensor

**121.** ████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████       ██████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████

---

[241] See 10a.

[242] See Tabs 11a and 11b.

[243] Co-branded agreements, in which the licensed products include both adidas marks and third-party marks, are described in the following section.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

**122.** █████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

**123.** ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████ ███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████

**124.** ████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████ █████████

██████████████████████████████████████████████████

███████ ███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████ ████

**125.** ████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████ ███████████████████████████████

██████████████████████████████████████████████████

---

244 Discussion with Josh Van Winkle.
245 Discussion with Josh Van Winkle.
246 Discussion with Josh Van Winkle.
247 ADIF0354348 - ADIF0354361, at ADIF0354361.
248 Tab 9a; ADIF0354348 - ADIF0354361, at ADIF0354354 - ADIF0354355.
249 Tab 9a.

███████████████████████████████████████████████████

██████████████

**126.** ███████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

**127.** ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████

**128.** ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

███████████████

███████████████

███████████████

██████████████████████

█████████████████████████████████

████████████████

██████████████████

███████████████████████████████████████

[250] Tab 9a; ADIF0353828 - ADIF0353831, at ADIF0353828.
[251] Tab 9a.
[252] Tab 9a; Tab 9b.



**129.** ████████████████████████████████████

██████████████████████████████████████████████

███████ ███████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████ As described above, the
Three-Stripe Mark is a central part of adidas's brand concept and messaging.

**130.** ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████

**131.** ████████████████████████████████████

██████████████████████████████ ██████████ ████

████████████████████████████████████ ████

<hr />

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████

[254] See Tab 9a.

[255] See, e.g., ADIANPM0169608-ADIANPM0169750, at ADIANPM0169630 (████████████████████████

[256] See, e.g., ADIF0353800 - ADIF0353827, Article 4; ADIF0353796 - ADIF0353799, Article 1; ADIF0354126 - ADIF0354173, Articles 4 and 5; ADIAN0201886 - ADIAN0201995, Articles 4 and 5; ADIAN0201996 - ADIAN0201999, at ADIAN0201997; ADIANPM0169546 - ADIANPM0169573, at ADIANPM0169547; ADIAN0178693 - ADIAN0178822, Articles 4 and 5.

## b) adidas Co-Branding Agreements

**132.** ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ ███████████████████████████████████

█████████████ ██████ ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ ███ ████████████████

████████████████████████████████████████████

████████████████████████ ███ ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

**133.** ████████████████████████████████████

█████████████████ ██ █████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[257] ADIAN0201886 - ADIAN0201995. See also "Triform Custom Apparel," <www.triformapparel.com>. ███████████████████████████████████████

[258] ADIAN0201886 - ADIAN0201995; ADIAN0201996 - ADIAN0201999. ████████████████████████████████████████████████████████████████████████████████████████

[259] Discussion with Josh Van Winkle.

[260] ADIAN0201886 - ADIAN0201995, Articles 4 and 5.

[261] See Tab 9c.

### c) adidas Collaborations

**134.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**135.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[262] See Tab 9c.

[263] ADIANPM0169751 - ADIANPM0169836; and Tab 9d. ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮. See ADIANPM0169754 and Annex 4.

[264] ADIANPM0169751 - ADIANPM0169836, at ADIANPM0169756 and Tab 9d.

[265] ADIANPM0169751 - ADIANPM0169836, at ADIANPM0169776; and Tab 9d.

[266] ▮▮▮▮▮▮▮▮▮▮▮▮. ADIANPM0169751 - ADIANPM0169836, at Annex 1, ADIANPM0169790 - ADIANPM0169792; and Tab 9d.



**136.**

**137.**

[267] ADIANPM0169751 - ADIANPM0169836, at Articles 4 and 5, ADIANPM0169769 - ADI-ANPM0169774; and Tab 9d.

[268] ADIANPM0169751 - ADIANPM0169836, at ADIANPM0169757; and Tab 9d.

[269] ADIANPM0175739 - ADIANPM0175802; and Tab 9d.

[270] ADIANPM0175739 - ADIANPM0175802, at ADIANPM0175740 - ADIANPM0175744, ADI-ANPM0175750; and Tab 9d.

[271] ADIANPM0175739 - ADIANPM0175802, ADIANPM0175740, ADIANPM0175786.

[272] ADIANPM0175803 - ADIANPM0175806, at ADIANPM0175803; and ADIANPM0175807 - ADI-ANPM0175811, at ADIANPM0175808.

[273] ADIAN0178823 - ADIAN0178833; ADIAN0178834 - ADIAN0178849; and Tab 9d.

[274] ADIAN0178823 - ADIAN0178833, at ADIAN0178823; ADIAN0178834 - ADIAN0178849, at ADIAN0178835; and Tab 9d.



### d) adidas Intercompany Agreements

**138.**



[275] ADIAN0178823 - ADIAN0178833, at ADIAN0178823 and ADIAN0178831; ADIAN0178834 - ADIAN0178849, at ADIAN0178835 and ADIAN0178844; and Tab 9d.

[276] ADIAN0178823 - ADIAN0178833, at ADIAN0178825 - ADIAN0178826; ADIAN0178834 - ADIAN0178849, at ADIAN0178835 - ADIAN0178838; and Tab 9d.

[277] See Tab 9e.

[278] ADIF0342634-661.

[279] ADIF0342634-661, at 646.

[280] ADIF0342634-661, at 646-647.

[281] ADIF0342366-398.



**140.**

### *e) adidas Settlement Agreements*

**141.** As discussed above, adidas and Aviator Nation entered into the 2012 Settlement Agreement, the 2013 Letter Agreement, and the 2022 Settlement Agreement.[290]

[282] ADIF0342366-398, at 398.

[283] ADIF0342366-398, at 369 and 398.

[284] ADIF0342366-398, at 380.

[285] ADIF0342366-398, at 375-376.

[286] Discussion with Josh Van Winkle.

[287] See Tab 9e. I understand that adidas sold Taylor Made Golf Company, Inc. in 2017. See "adidas to Sell TaylorMade, Adams Golf and Ashworth to KPS Capital Partners," <www.adidas-group.com>.

[288] See Tab 9e.

[289] ADIF0342592 - ADIF0342633, at ADIF0342604 - ADIF0342605 and Tab 9e.

[290] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935



**142.**

## ii   Aviator Nation License Agreements

**143.**

- ADIANPM0146024); Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960); Letter Agreement between adidas AG and Aviator Nation, January 15, 2013 (ADIAN0198477 - ADIAN0198482).

[291] Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960), at page 1; Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 3.

[292] Letter Agreement between adidas AG and Aviator Nation, January 15, 2013 (ADIAN0198477 - ADIAN0198482), at page 4.

[293] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 4.

[294] Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024), Section 4.

[295] See Tab 9f.

**144.** ████████████████████████████████████████████

**145.** ████████████████████████████████████████████

**146.** ████████████████████████████████████████████

---

[296] Defendant Aviator Nation, Inc.'s First Amended Response to Plaintiffs' First Set of Interrogatories, December 4, 2024, Response to Interrogatory Nos. 18 and 19.

[297] See Tab 10a. ██████████████████████████

[298] AVN2_024378 - AVN2_024382, at AVN2_024379; AVN2_010104 - AVN2_010106, at AVN2_010106.

[299] AVN2_050000 - AVN2_050022; AVN2_024437 - AVN2_024455; AVN2_050025 - AVN2_050027, at AVN2_050027; AVN2_050023 - AVN2_050024; AVN2_050028 - AVN2_050030, at AVN2_050030.

[300] AVN2_024542 - AVN2_024576.

[301] AVN2_024726 - AVN2_024759.

[302] AVN2_023298 - AVN2_023313.

[303] See Tab 10b.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

### iii   Apparel Industry License Agreements

**147.** Other indications of information regarding licensing, royalty structures, and royalty rates for rights to the Three-Stripe Mark may be obtained from third-party sources of licensing data.

**148.** I consulted the RoyaltySource Intellectual Property Database, a database of publicly available information regarding intellectual property license agreements, for trademark license agreements involving apparel products. ██████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

**149.** ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████

**150.** ████████████████████████████████████████

████████████████████████

████████████████████████████████████████

██████████████████████ I reviewed <u>Licensing Royalty Rates – 2024 Edition</u> by Gregory J. Battersby and Charles W. Grimes, which provides a "working range" of royalty rates from a survey of industry experts.[305] This source, which is often referenced by licensing experts and is respected within the industry, provides a range of royalty rates for many apparel and other product categories relevant to adidas and Aviator Nation, as seen in Tab 11a.[306] The royalty rates in this source are provided for different categories (e.g., Celebrity, Collegiate, Corporate, Fashion, Sports). The Corporate category for these products generally indicates a range of royalty rates from 4% to 12% of net sales for apparel products.[307]

### iv    adidas's Benefits and Costs of Licensing the Three-Stripe Mark

**151.** ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████ ███████████
████████████████████████████████████████
████████████████████████████████████████
█████████

**152.** ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████

[305] Gregory J. Battersby, Charles W. Grimes, "Licensing Royalty Rates," Wolters Kluwer Legal & Regulatory U.S., 2024.

[306] See *Marketquest Group, Inc. v. Bic Corporation, et al.*, Case No. 11-cv-618 (S.D. Cal. 2018).

[307] See Tab 11a. This source indicates that for these types of products, Corporate, Art, and Fashion properties tend to have lower royalty rates than Celebrity, Entertainment/Character, Events, or Sports properties.

[308] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 16, 67, 137, 143-144.

**153.** 

**154.** Similarly, as described above, adidas witnesses testified about the harm to adidas resulting from the alleged actions of Aviator Nation. Ms. Vanderhoff testified that Aviator Nation's sales of the Accused Products "weaken the mark" and "lessen the. . . strong associations that consumers make with adidas and our three-stripe mark and all the qualities that consumer associate with adidas when they see the three-stripe mark."[311] She also testified that the sale of the Accused Products impaired the distinctiveness of adidas's Three-Stripe Mark.[312] Regarding the qualities associated with the adidas brand potentially being different than Aviator Nation, Ms. Vanderhoff testified that adidas "want[s] consumers to associate the use of our brand with adidas and. . . want[s] to control that messaging and keep our trademark strong."[313] She also testified that adidas wants to control its brand, "not someone else," and that that would harm adidas's brand.[314] Ms. Vanderhoff testified that damage to adidas occurs at point-of-sale, initial interest, and post-sale.[315]

**155.** The adidas brand is well known and provides considerable value to Plain-

---

[309] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraphs 111 and 113.
[310] Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025, paragraph 16.
[311] Deposition of Sara Vanderhoff, June 10, 2025, pages 234, 250, and 252.
[312] Deposition of Sara Vanderhoff, June 10, 2025, page 237.
[313] Deposition of Sara Vanderhoff, June 10, 2025, page 240.
[314] Deposition of Sara Vanderhoff, June 10, 2025, page 242.
[315] Deposition of Sara Vanderhoff, June 10, 2025, page 247.

tiffs. As discussed above, adidas has the sixth highest brand value among apparel companies according to "Kantar BrandZ 2023 Most Valuable Global Brands," and the 51st highest brand value among all companies according to Interbrand's "Top 100 Best Global Brand 2024."[316]

**156.** The adidas brand has "strong [product] offering[s] that [resonate] with consumers" and is globally recognized.[317] These brand strengths and brand awareness are reinforced through adidas's sales and significant annual marketing and advertising spending.

**157.** ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

## v   adidas's Willingness to License the Three-Stripe Mark

**158.** ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████[318] adidas has stated that it believes that Aviator Nation is a competitor because both parties sell apparel for performance, athletic purposes, ath-leisure, or pure fashion, comfort, and/or style at similar price points.[319] This apparel includes t-shirts, sweatshirts, sweatpants, hoodies, jackets, sports bras, shorts, and swimwear, and the parties sell the apparel into similar channels of trade to similar consumers.[320] In addition, both parties sell

---

[316] ADIANPM0121013 - ADIANPM0121202, at -079; ADIANPM0119455 - ADIANPM0119487, at ADIANPM0119482.

[317] adidas Annual Report 2024, page 59 and 81.

[318] Deposition of Chris Murphy, May 13, 2025, page 108.

[319] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 12.

[320] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-

products at similar prices points and market their apparel using digital advertising and social media.[321]

**159.** ███████████████████████████████████████

███████████████████████████████████ I understand that adidas sells products in many categories that are similar to Defendants' Accused Products and that the products are sold through similar channels of trade to similar consumers.[322] ██████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

### vi  Aviator Nation's Benefits of Licensing the Three-Stripe Mark

**160.** ███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

cv-2049-HZ, Response to Interrogatory No. 12.

[321] Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory Nos. 12 and 13.

[322] See, e.g., Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, Response to Interrogatory No. 12. See also AVN_014228 - AVN_014232, at -229, ██████████████████████████████████████ and AVN_014210 - AVN_014213, at -211. ██████

[323] Discussion with Josh Van Winkle.

[324] As noted above, I have assumed that liability will be found against Aviator Nation. My understanding is that this would involve a determination that a likelihood of confusion exists and/or breach of contract involving the Accused Products and the Three-Stripe Mark.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

**161.** ████████████████████████████████████████ █

████████████████ █ ████████████████ █ █████████████

████ █ ██████████████ █ ████████████ ████████████

███████████████████████████████████████████████████

████████ █ As Mr. Murphy testified, adidas's marketing includes the Three-Stripe Mark.[327]

**162.** The Ninth Circuit Court of Appeals has called the Three-Stripe Mark "one of the most famous marks in the world."[328] ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████

## vii   Other Factors

**163.** ████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[325] Tab 8c.

[326] Deposition of Curtis Ulrich, May 6, 2025, pages 100-101.

[327] See, e.g., Deposition of Chris Murphy, May 13, 2025, pages 92-95.

[328] *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir. 2018).

**164.** As discussed above, adidas claims that there is evidence of alleged consumer confusion and misattribution regarding the Accused Products and the Three-Stripe Mark.[329]

**165.**

## viii   Royalty Rate Conclusion

**166.**

---

[329] See, e.g., ADIANPM0121431 - ADIANPM0121432.

[330] AVN_011878 - AVN_011879; Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ, pages 89-90.

[331] See, e.g., AVN_024372.

████████████████████████████████████████████████████

████████████████████████████████████████

**167.** To determine a royalty rate for Aviator Nation's use of the Three-Stripe Mark, I considered a number of factors as discussed in the preceding sections, including the nature of and use of the Three-Stripe Mark by both parties; ███████████ ████████████████████████; and apparel industry licensing information. I also considered the benefits and costs to adidas, benefits to Aviator Nation, competitive positioning of the companies, and other factors — ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████. Based on the above information and analyses, as well as my experience in trademark valuation and licensing, I determined an appropriate royalty rate that would result from a hypothetical negotiation for the Three-Stripe Mark in this context.

**168.** ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[332] Tab 9a.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

**169.** ████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ ██████████

███████████████████████████████████████████████

██████████████████████ ██████ █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████ ██ ███████████████████████████████████

███████████████████████████████████████████████

██████████████████████ ███████

**170.** ████████████████████████████████████████

██████████████████████ ██████ █████████████████████

███████████████████████████████████████████████

███████████ █ ██████ ███████████████████████████████

████████████████████████████████ ███████████████████

███████████████████████████████████████████████

██████████████████████████████████ ██

---

[333] See Tabs 9a–9h and Tab 11b.
[334] Tab 7; Tab 6c; Tab 5c.
[335] Tab 3b.
[336] Tab 3b.
[337] Tab 3b.
[338] Tab 3b.
[339] Tab 3b.

## D   Royalty Base

**171.** 

**172.** As discussed above, adidas alleges that Aviator Nation continues to sell apparel bearing confusingly similar imitations of the Three-Stripe Mark and is or was marketing and selling such product in breach of the 2022 Settlement Agreement (the products in Bucket 1).

**173.** Regarding Aviator Nation sales of products adidas alleges were or are being marketed and sold in breach of the 2022 Settlement Agreement (the products in Bucket 2),

For Aviator Nation sales of products adidas alleges were being marketed using images that are allegedly in breach of the 2022 Settlement Agreement (the products in Bucket 3),

---

[340] Tab 5c; Tab 6c. I reserve the right to update my Accused Products net sales analysis if additional documents, data, or information are furnished to me.

[341] Tab 4b; Tab 5a; Tab 6a.

[342] Tab 4b; Tab 5a; Tab 6a.

██████

# E    Reasonable Royalty Damages Conclusion

**174.** Based on the above discussed royalty rates and royalty bases:

- ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████ If liability is found against
Aviator Nation and it is determined that reasonable royalty damages are appro-
priate to award adidas, then the reasonable royalty damages for Aviator Nation
wholesale sales are as follows:[344]

  - ██████████████████████████ ████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████

  - ██████████████████████████ ████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████

  - ████████████████████████ █████████████████████████
██████████████████████████████████████████████████
█████████████████████████████████
████████████████████

---

[343] Tab 4b; Tab 5a; Tab 6a.
[344] Tab 3a; Tab 4b.

- ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████. If liability is found against Aviator Nation and it is determined that reasonable royalty damages are appropriate to award adidas, then the reasonable royalty damages are as follows:[345]

██ ███████████████████████████ ██████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████

██ ████████████████████████████ █████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████

██ █████████████████████████ ███████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

█ ███████████████████████████████

██ ███████████████████████ █████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████

[345] Tab 3a.
[346] Tab 3a; Tab 4b.



## VIII    Breach of Contract: Confidentiality

**175.** I understand that adidas claims that Ms. Mycoskie breached the parties' 2022 Settlement Agreement by disclosing confidential information regarding the terms of the agreement and adidas's related actions. Based on my discussions with Mr. Van Winkle and Ms. Vanderhoff, I understand that adidas believes that the public disclosure of confidential agreement terms or negotiation actions of adidas could undermine adidas's negotiating positions in future license negotiations with potential partners, as well as in future enforcement actions and settlement agreement negotiations.[347] In my experience, having been involved during my career with advising companies on their licensing negotiations outside of litigation, it would not be helpful to Party A if Party B, a potential licensing counterparty, had learned of confidential agreement terms or information about Party A's negotiating actions or tactics.

## IX    CONCLUSION

**176.** Based on my analysis of the documents and other information produced in this litigation, research, and my education and experience, I have reached the

---

[347] Discussion with Sara Vanderhoff; Discussion with Josh Van Winkle. See also Deposition of Sara Vanderhoff, June 10, 2025, pages 258-259.

following conclusions:



- If the fact-finder determines that adidas has been harmed by the actions of Defendants, and that reasonable royalty damages are an appropriate means to compensate adidas for that harm, a reasonable royalty rate can be readily calculated based on extensive evidence discussed below ██████████████

██████████████████████████████████████

██████████████████████

---

[348] Tab 4a.
[349] Tab 6c.
[350] Tab 5c.
[351] Tab 4b.
[352] Tab 6a.
[353] Tab 5a.



- For the breach of contract claims, in the alternative, if the fact-finder determines that it is appropriate to award unjust enrichment monetary relief to adidas in the form of Aviator Nation's profits, I have calculated sales earned by Aviator Nation from the sale of products marketed and sold in breach of the 2022 Settlement Agreement;

[354] Tab 3a; Tab 4b.
[355] Tab 3a; Tab 4b.
[356] Tab 3a; Tab 4b.
[357] Tab 4b; Tab 5a; Tab 6a.



**177.** I am also prepared to calculate prejudgment interest if requested by the Court or by counsel.

John G. Plumpe

July 15, 2025

---

[358] Tab 6a.
[359] Tab 5a.
[360] Tab 4b; Tab 5a; Tab 6a.
[361] Tab 6a.
[362] Tab 5a.





## John G. Plumpe
### Managing Director

Epsilon Economics
111 South Wacker Drive; 50th Floor
Chicago, Illinois 60606

jplumpe@epsiloneconomics.com

Office:  312.637.2943
Mobile:  773.213.3962

## Summary

John Plumpe is a Managing Director of Epsilon Economics.  Mr. Plumpe specializes in analyzing the economic aspects of intellectual property, and provides litigation and valuation expert services involving trademarks/trade dress, false advertising, patents, trade secrets, copyrights, and other intangible assets. Since 1999 he has worked with plaintiffs and defendants in the analysis and reporting of lost profits, defendant's profits, reasonable royalties, brand value, and other forms of monetary relief in intellectual property infringement, breach of contract, and related matters. Mr. Plumpe has testified at trial in federal district court, in deposition, and in arbitration on issues including intellectual property damages, monetary relief, and valuation; breach of contract damages; licensing; business valuation; false advertising monetary relief; defamation damages; economic aspects of irreparable harm; and commercial success.

Mr. Plumpe also consults on engagements involving the valuation of businesses and intellectual property for financial reporting, mergers and acquisitions, joint ventures, licensing transactions, bankruptcy proceedings, transfer pricing, financing, and tax purposes. In addition, he assists clients in developing and implementing strategies and processes for managing and commercializing their intellectual property portfolios.

Mr. Plumpe is the author of several published articles regarding intellectual property valuation, due diligence, and monetary relief. He has also spoken to legal organizations and taught law school classes on these subjects.


Prior to joining Epsilon Economics, Mr. Plumpe was a Principal in the intellectual property practice of Charles River Associates. Previously, he worked in the management consulting practice of a Big Four public accounting firm, assisting an Internet startup with a new product strategy. In addition, he worked for two national engineering and architecture firms, helping clients optimize the energy efficiency of their buildings and campuses through the analysis and design of HVAC systems. He has published two papers in technical research journals regarding multiphase fluid dynamics.

Mr. Plumpe has held leadership roles in the International Trademark Association for many years, and served on the Board of Directors of the Lawyers for the Creative Arts. Lawyers for the Creative Arts provides pro bono legal assistance to clients in all areas of art, culture, media, and entertainment, including the visual, literary, and performing arts.

## Education

- M.B.A., University of Chicago Booth School of Business

- M.S., Mechanical Engineering, University of Illinois

- B.S., Mechanical Engineering, University of Illinois

## Professional Affiliations

- International Trademark Association:
  - Co-Chair, Presidential Task Force on Intellectual Property Reporting
  - IP Accounting & Brand Valuation Standards Project Team
  - Brand Valuation Project Team
  - Commercialization of Brands Committee (Chair of IP Reporting Subcommittee)
  - Building Bridges Committee (Chair of Financial and Standard-Setting Subcommittee)
  - Enforcement Committee (Discovery Practices & Procedures Subcommittee)
  - Government Officials Education & Training Committee
  - Leadership Development Committee
- World Intellectual Property Organization (WIPO): Expert Consultative Group on Valuation of Intangible Assets



## Professional Experience

- **Epsilon Economics**
  2017 – present

- **Charles River Associates / InteCap, Inc.**
  1999 - 2017

## Expert Testimony

- Banjo Corporation v. Green Leaf, Inc.
  Case No. 1:23-cv-01770
  United States District Court, Southern District of Indiana
  Deposition Testimony

- Impossible Foods, Inc. v. Impossible LLC, *et al.*
  Case No. 5:21-cv-02419
  United States District Court, Northern District of California
  Deposition Testimony

- Kelly Toys Holdings, LLC, *et al.* v. Zuru, LLC
  Case No. 2:23-cv-09255
  United States District Court, Central District of California
  Deposition Testimony

- ReactX LLC v. Google LLC, *et al.*
  Case No. 18STCV09674
  Superior Court of the State of California, County of Los Angeles, Central District
  Trial Testimony

- Design Mart LLC v. Matthews International Corporation
  Case No. 3:23-cv-00082
  United States District Court, Middle District of Georgia
  Deposition Testimony

- Sonate Corporation d/b/a Vegadelphia Foods v. Dunkin' Brands Group, Inc., *et al.*
  Case No. 1:23-cv-10690
  United States District Court, District of Massachusetts
  Deposition Testimony

- ReactX LLC v. Google LLC, *et al.*
  Case No. 18STCV09674
  Superior Court of the State of California, County of Los Angeles, Central District
  Deposition Testimony



- Sunless, Inc. v. Palm Beach Tan, Inc, *et al.*
  Case No. 5:21-cv-00248
  United States District Court, Northern District of Ohio
  Deposition Testimony

- Apollo Healthcare Corp. v. Sol de Janeiro USA Inc., *et al.*
  Case No. 1:22-cv-07719
  United States District Court, Southern District of New York
  Deposition Testimony

- Amarte USA Holdings, Inc. v. Kendo Holdings Inc., *et al.*
  Case No. 3:22-cv-08958
  United States District Court, Northern District of California
  Deposition Testimony

- Vericool World LLC v. Igloo Products Corporation
  Case No. 4:22-cv-02440
  United States District Court, Northern District of California
  Deposition Testimony

- Fujifilm North America Corporation v. PLR IP Holdings, LLC, *et al.*
  Case No. 1:17-cv-08796
  United States District Court, Southern District of New York
  Deposition Testimony

- Security Bank & Trust Company, Personal Representative of the Estate of Kurt A. Amplatz v. Cook Incorporated, *et al.*
  Case No. 0:21-cv-02572
  United States District Court, District of Minnesota
  Deposition Testimony

- Trojan Battery Company, LLC v. Trojan EV, LLC, *et al.*
  Case No. 4:21-cv-3075
  United States District Court, Southern District of Texas
  Trial Testimony

- Delta Air Lines, Inc. v. Marriott International, Inc.
  Case No. 1:20-cv-01125
  United States District Court, Northern District of Georgia
  Deposition Testimony

- Galderma Laboratories, L.P. v. Chad Tisckos
  Case No. 2:21-cv-05522
  United States District Court, Central District of California
  Deposition Testimony



- Edible IP, LLC, *et al.* v. 1-800-FLOWERS.COM, Inc., *et al.*
  Case No. 1:20-cv-02405
  United States District Court, Northern District of Georgia
  Deposition Testimony

- Guantanamera Cigars Company v. SMCI Holding, Inc., *et al.*
  Case No. 1:21-cv-21714
  United States District Court, Southern District of Florida
  Trial Testimony

- adidas America, Inc., *et al.* v. Thom Browne, Inc.
  Case No. 1:21-cv-05615
  United States District Court, Southern District of New York
  Trial Testimony

- Trojan Battery Company, LLC v. Trojan EV, LLC, *et al.*
  Case No. 4:21-cv-3075
  United States District Court, Southern District of Texas
  Deposition Testimony

- ExxonMobil Oil Corporation v. Landmark Industries, LLC, *et al.*
  Case No. 01-21-0018-1042
  American Arbitration Association
  Arbitration Testimony

- adidas America, Inc., *et al.* v. Thom Browne, Inc.
  Case No. 1:21-cv-05615
  United States District Court, Southern District of New York
  Deposition Testimony

- In Re: The Marriage of: Linda Marie Bollea and Terry Gene Bollea v.
  TGB Family Limited Partnership, II, *et al.*
  Case No. 07-DR-013355-FD-14
  Circuit Court of the Sixth Judicial Circuit, Pinellas County Florida, Family Law Division
  Trial Testimony

- Art Akiane LLC v. Art & SoulWorks LLC
  Case No. 1:19-cv-02952
  United States District Court, Northern District of Illinois
  Deposition Testimony

- Thrive Natural Care, Inc. v. Le-Vel Brands, LLC
  Case No 2:21-cv-02022
  United States District Court, Central District of California
  Deposition Testimony



- Delta T, LLC v. Kale Fans America S.A. DE C.V., *et al.*
  Case No. 6:20-cv-170-40EJK
  United States District Court, Middle District of Florida
  Deposition Testimony

- CareDx, Inc. v. Natera, Inc.
  Case No. 1:19-cv-00662
  United States District Court, District of Delaware
  Trial Testimony

- adidas America, Inc., *et al.* v. Fashion Nova, Inc.
  Case No. 3:19-cv-00740
  United States District Court, District of Oregon
  Deposition Testimony

- Mountaineers Foundation v. The Mountaineers
  Case No. 2:19-cv-01819
  United States District Court, Western District of Washington
  Deposition Testimony

- Orange Bang, Inc., *et al.* v. Vital Pharmaceuticals, Inc.
  Case No. 01-20-0005-6081
  American Arbitration Association
  Arbitration Testimony

- Wildfang Co. v. Target Corporation, *et al.*
  Case No. 3:20-cv-00195
  United States District Court, District of Oregon
  Deposition Testimony

- Orange Bang, Inc., *et al.* v. Vital Pharmaceuticals, Inc.
  Case No. 01-20-0005-6081
  American Arbitration Association
  Deposition Testimony

- Storage Cap Management LP v. Robarco, Inc. and SpareSpace Storage, LLC
  Case No. 2:19-cv-04328
  United States District Court, Southern District of Ohio
  Deposition Testimony

- Colony Grill Development, LLC, *et al.* v. Colony Grill, Inc., *et al.*
  Case No. 3:20-cv-00213
  United States District Court, District of Connecticut
  Deposition Testimony



## Speeches and Publications

- "Level Up: Elevating Brands Through IP Reporting," Panelist, International Trademark Association - Annual Meeting, May 2024.

- "Intellectual Property Reporting for Brands: IP Valuation," Miami-Dade Bar Association, May 2022.

- "Recent Trends in Monetary Relief in Lanham Act Litigation Matters in the United States," International Trademark Association - Annual Meeting, May 2022.

- "The Business of Brands: The Interplay Between Brand Value and ESG Initiatives," Moderator, International Trademark Association - Annual Meeting, May 2022.

- "Recent Trends in Monetary Relief in Lanham Act Litigation Matters in the United States," International Trademark Association - Annual Meeting, May 2019.

- "Recent Trends in Monetary Relief in Lanham Act Litigation Matters in the United States," International Trademark Association - Annual Meeting, May 2018.

- "Show Me The Money! A Primer on Lanham Act Damages," New York Intellectual Property Law Association, November 2016.

- "Litigation Strategies: New U.S. Federal Trade Secrets Law," Meritas U.S./Canada Litigation and Labor & Employment Group Joint Fall Meeting, October 2016.

- "Current Trends and Topics on Monetary Relief in Lanham Act Litigation in the United States," International Trademark Association - Annual Meeting, May 2016.

- "An Introduction to Trademark Valuation and Infringement Damages," presented to Chicago-Kent College of Law, Trademarks and Unfair Competition Class, March 2016.

- "The Rise of SVOD: How the Growth of Subscription Video-on-Demand Impacts Copyright Holders," with Ben W. Sheppard, Landslide, ABA Section of Intellectual Property Law, September/October 2015.

- "Federal Circuit Provides Guidance on Jury Instructions on Apportionment of Patent Damages," with Kimberly J. Schenk, New York State Bar Association Intellectual Property Section Bright Ideas, Spring/Summer 2015.

- CRA Insights: Intellectual Property, co-editor, Charles River Associates quarterly newsletter, 2014- 2016.

**Tab 2**

# List of Documents Considered

*Pleadings*

1. adidas's First Amended Responses and Objections to Defendants' First Interrogatories, February 25, 2025.

2. adidas's Responses and Objections to Defendants' Second Interrogatories, April 25, 2025.

3. adidas's Second Amended Responses and Objections to Defendants' First Interrogatories, April 11, 2025.

4. Aviator Nation - Disputed Apparel as of January 22, 2021, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

5. Aviator Nation, Inc.'s First Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, November 9, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

6. Aviator Nation, Inc.'s First Amended Objections and Responses to Plaintiffs' First Set of Requests for Production, November 9, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

7. Aviator Nation, Inc.'s Fourth Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, February 9, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

8. Aviator Nation, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

9. Aviator Nation, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production, November 9, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

10. Aviator Nation, Inc.'s Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, April 14, 2021, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

11. Aviator Nation, Inc.'s Third Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, August 3, 2021, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

12. Defendant Aviator Nation, Inc.'s First Amended Response to Plaintiffs' First Set of Interrogatories, December 4, 2024.

13. Defendant Aviator Nation, Inc.'s First Amended Response to Plaintiffs' First Set of Requests for Production, November 15, 2024.

14. Defendant Aviator Nation, Inc.'s Second Amended Response to Plaintiffs' First Set of Requests for Production, February 19, 2025.

15. Defendant Paige Mycoskie's First Amended Response to Plaintiffs' First Set of Requests for Production, November 15, 2024.

16. Exhibit A, Accused Designs Post-Fact Discovery.

17. First Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, and Breach of Contract), June 7, 2024.

18. First Amended Initial Disclosures, September 4, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

19. Letter re: Disputed Designs and attached Revised Exhibit A, Accused Designs Post-Fact Discovery, June 26, 2025.

20. Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s First Set of Interrogatories, August 3, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

21. Plaintiff adidas America's Objections and Responses to Aviator Nation, Inc.'s Second Set of Interrogatories, August 23, 2021, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

22. Plaintiffs' First Request for the Production of Documents and Things, November 19, 2019, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

23. Plaintiffs' First Set of Interrogatories to Aviator Nation, Inc., July 2, 2020, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

24. Second Amended Complaint (Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing), December 6, 2024.

### Depositions and Exhibits

1. Deposition of Chris Murphy, May 13, 2025.

2. Deposition of Curtis Ulrich, May 6, 2025.

3. Deposition of Dave Mason, June 4, 2025.

4. Deposition of Jessica Madrid, May 8, 2025.

5. Deposition of Kelly Gvildys, June 5, 2025.

6. Deposition of Paige Mycoskie, April 29, 2025.

7. Deposition of Paige Mycoskie, April 30, 2025.

8. Deposition of Philip Hambach, June 3, 2025.

9. Deposition of Reed Thompson, May 23, 2025.

10. Deposition of Sara Vanderhoff, June 10, 2025.

### Depositions and Exhibits in the matter *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ

1. Deposition of Curtis Ulrich, February 17, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

2. Deposition of Dave Mason, March 24, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

3. Deposition of Jamie David, March 14, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

4. Deposition of Jessica Madrid, February 10, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

5. Deposition of Jessica Martin, January 28, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

6. Deposition of Kelly Gvildys, March 25, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

7. Deposition of Kourush Bakhtiar, January 27, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

8. Deposition of Reed Thompson, March 16, 2022, *adidas America, Inc. and adidas AG v. Aviator Nation, Inc.*, No. 3:19-cv-2049-HZ.

### *Expert Reports*

1. Expert Report of Professor (Michel) Tuan Pham, Ph.D., July 15, 2025.

### *Legal*

1. 15 U.S.C. § 1117(a).

2. 15 U.S.C. § 1117(c).

3. 15 U.S.C. § 1125(a).

4. *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1242 and 1247 (D. Or. 2016).

5. *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 3:15-cv-01741-HZ, Dkt. 184 (August 3, 2017).

6. *adidas America, Inc., adidas AG, and adidas International Marketing B.V. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir. 2018).

7. *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, 3:01-cv-01655-KI, Dkt. 860-2 (May 1, 2008).

8. *adidas America, Inc. and adidas-Solomon AG v. Payless Shoesource, Inc.*, 3:01-cv-01655-KI, Dkt. 942 (September 12, 2008).

9. *Fox Broad. Co. v. Dish Network LLC*, 160 F. Supp. 3d 1139, 1180 (C.D. Cal. 2015).

10. *Georgia-Pacific Corporation v. United States Plywood Corporation*, 318 F. Supp. 1116 (S.D. N.Y. 1970).

11. *GNLV, Corp. v. T. Warren Enters., Inc.*, No. 2:13-CV-943 JCM (CWH), 2015 WL 4038968, at *2 (D. Nev. July 1, 2015).

12. *Marketquest Group, Inc. v. Bic Corporation, et al.*, Case No. 11-cv-618 (S.D. Cal. 2018).

13. *Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703-JCC, 2008 WL 7404617, at *3-4 (W.D. Wash. Feb. 26, 2008).

14. *Vital Pharms., Inc. v. Orange Bang, Inc.*, EDCV 20-1464 DSF (SHKx), 2022 WL 3007631, at *2 (C.D. Cal. June 30, 2022).

15. *Vital Pharms., Inc. v. Orange Bang, Inc.*, No. 5:20-cv-01464-DSF-SHK, (C.D. Cal. Apr. 6, 2022), ECF No. 58-2 at 175 (Redacted).

### Websites

1. "adidas to Sell TaylorMade, Adams Golf and Ashworth to KPS Capital Partners," <www.adidas-group.com>.

2. "About Us," <www.aviatornation.com>.

3. "adidas AG," <www.reuters.com>.

4. "adidas Presents Growth Strategy 'Own the Game' Until 2025," March 10, 2021, <www.adidas-group.com>.

5. "Adidas," <www.bloomingdales.com>.

6. "Adidas," <www.nordstrom.com>.

7. "Adidas," <www.saksfifthavenue.com>.

8. "Austin-based Bumble makes new move with buzzworthy clothing line," <www.austin.culturemap.com>.

9. Aviator Nation Account, <www.tiktok.com>.

10. Aviator Nation Austin Account, <www.tiktok.com>.

11. "Aviator Nation Launches Fitness Studio and Music Space In L.A.," May 9, 2022, <www.aviatornation.com>.

12. Aviator Nation Miami Account, <www.tiktok.com>.

13. Aviator Nation RIDE, <www.instagram.com>.

14. Aviator Nation, <www.facebook.com>.

15. Aviator Nation, <www.instagram.com>.

16. Aviator Nation, <www.twitter.com>.

17. "BACARDÍ Debuts "Winter Summerland" Campaign, New Collection With Aviator Nation And Return Of The BACARDÍ Coquito," <www.bevnet.com>.

18. "Gibson Announces First-Ever Apparel Collection with Aviator Nation," <www.americansongwriter.com>.

19. "History," <www.adidas-group.com>.

20. "Tocaya Launches Capsule Collection with Aviator Nation," <www.qsrmagazine.com>.

21. "Triform Custom Apparel, Fall 2021 Apparel Catalog," <www.triformapparel.com/catalogs>.

22. "Triform Custom Apparel, Spring 2022 Apparel Catalog," <www.triformapparel.com/catalogs>.

23. "Triform Custom Apparel: Who Are We," <www.triformapparel.com>.

24. "Triform Custom Apparel," <www.triformapparel.com>.

25. "Why Brands Like Aviator Nation Are Opting Out Of Venture Capital Funding — And Still Growing," March 4, 2020, <www.forbes.com>.

26. <www.adidas.com>.

27. <www.adidassler.org>.

28. <www.aviatornation.com>.

29. <www.instagram.com/adidas/>.

### Books, Articles, and Other Information

1. adidas Annual Report 2024.

2. Allan Brettman, "World Cup brings out the shoes, uniforms from Adidas, Nike," *The Oregonian*, February 17, 2014.

3. Amendment No. 5 to Trademark License Agreement, July 23, 2012.

4. Ami James Brands Inc. SEC Form 8-K, Exhibit 10.1, reported May 30, 2017.

5. Amincor, Inc. SEC Form 10-K, Exhibit 10.19, for the fiscal year ended December 31, 2010.

6. Blue Holdings, Inc. SEC Form 10-KSB, Exhibit 10.60, for the fiscal year ended December 31, 2006.

7. Blue Holdings, Inc. SEC Form 10-KSB, Exhibit 10.61, for the fiscal year ended December 31, 2006.

8. Chaus Bernard Inc. SEC Form 10-Q, reported October 2, 2010, at Exhibit 10.6.

9. Cherokee Inc. Form 8-K, Exhibit 10.1, reported January 31, 2013.

10. Cherokee Inc. Form 8-K, Exhibit 10.1, reported January 8, 2008.

11. Cherokee Inc. SEC Form 10-K, Exhibit 10.35, for the fiscal year ended February 1, 2014.

12. Daniella Tyson, "adidas Originals at Paris Fashion Week: Where Football Heritage Meets Future Fashion," *Soccer Bible*, July 1, 2025.

13. DesignerSportsApparel, Inc. SEC Form SB-2, Exhibit 10.1, 2006.

14. Everlast Worldwide Inc. SEC Form 8-K, Exhibit 99.1, reported December 14, 2005.

15. Everlast Worldwide Inc. SEC Form 8-K, Exhibit 99.2, reported December 17, 2004.

16. Express, Inc. SEC Form 8-K, Exhibit 10.1, reported May 24, 2023.

17. Faraday Future Intelligent Electric Inc. SEC Form 8-K, Exhibit 99.1, reported November 13, 2024.

18. Genesco Inc., SEC Form 10-Q, Exhibit 10.1, for quarter ended October 28, 2006.

19. Genesco Inc., SEC Form 10-Q, Exhibit 10.1, for quarter ended October 30, 2004.

20. Genesco Inc., SEC Form 10-Q, Exhibit 10.2, for quarter ended October 30, 2004.

21. Genesco Inc. SEC Form 10-Q, for quarter ended August 1, 2009, at Exhibit (10)b.

22. Genesco Inc., SEC Form 8-K, Exhibit 10.1, reported July 25, 2012.

23. Gregory J. Battersby, Charles W. Grimes, "Licensing Royalty Rates," Wolters Kluwer Legal & Regulatory U.S., 2024.

24. Hampshire Group, Limited SEC Form 10-Q, Exhibit 99.1, for the quarterly period ended June 28, 2014.

25. Horiyoshi Worldwide Inc. SEC Form 10-Q, Exhibit 10.7, for the quarterly period ended June 30, 2011.

26. HPIL Holding SEC Form 8-K, Exhibit 99.1, reported January 16, 2018.

27. Innovo Group Inc. SEC Form 10-K, for the fiscal year ended November 25, 2006.

28. JP Outfitters, Inc. SEC Form S-1/A, Exhibit 10.5, filed July 5, 2023.

29. Letter Agreement between adidas AG and Aviator Nation, January 15, 2013 (ADIAN0198477 - ADIAN0198482).

30. Level Brands, Inc. SEC Form 1-A, Exhibit 6.35, filed September 18, 2017.

31. "Licensing, Royalty Rates, and Valuation," in: Gordon V. Smith and Russell L. Parr, VALUATION OF INTELLECTUAL PROPERTY AND INTANGIBLE ASSETS, Third Edition, John Wiley & Sons, Inc., 2000.

32. Omni Ventures, Inc. SEC Form 10-Q, for the quarterly period ended March 31, 2011.

33. Pineapple Express, Inc. SEC Form 10-12G, filed January 22, 2018.

34. Quorum Corp. SEC Form 8-K, Exhibit 10.02, reported July 24, 2015.

35. Sequential Brands Group, Inc. SEC Form 10-K, filed March 30, 2012, at Exhibit 10.49.

36. Settlement Agreement between adidas AG and Aviator Nation, April 25, 2012 (ADIANPM0145949 - ADIANPM0145960).

37. Settlement Agreement between adidas AG and Aviator Nation, May 4, 2022 (ADIANPM0145935 - ADIANPM0146024).

38. Umair Bashir, "Leading sportswear brands ranked by brand awareness in the United States in 2024," Statista, November 18, 2024.

**Documents Produced in the Proceedings:**

| | | | |
|---|---|---|---|
| 1. ADIAN0026726 | 24. ADIAN0179474 | 47. ADIAN0180065 | 70. ADIAN0180327 |
| 2. ADIAN0026727 | 25. ADIAN0179494 | 48. ADIAN0180066 | 71. ADIAN0180343 |
| 3. ADIAN0026728 | 26. ADIAN0179530 | 49. ADIAN0180067 | 72. ADIAN0180344 |
| 4. ADIAN0048991 | 27. ADIAN0179604 | 50. ADIAN0180101 | 73. ADIAN0180345 |
| 5. ADIAN0055330 | 28. ADIAN0179660 | 51. ADIAN0180107 | 74. ADIAN0180349 |
| 6. ADIAN0167459 | 29. ADIAN0179705 | 52. ADIAN0180108 | 75. ADIAN0180363 |
| 7. ADIAN0172998 | 30. ADIAN0179734 | 53. ADIAN0180109 | 76. ADIAN0180364 |
| 8. ADIAN0178611 | 31. ADIAN0179776 | 54. ADIAN0180110 | 77. ADIAN0180365 |
| 9. ADIAN0178693 | 32. ADIAN0179784 | 55. ADIAN0180111 | 78. ADIAN0180375 |
| 10. ADIAN0178823 | 33. ADIAN0179803 | 56. ADIAN0180112 | 79. ADIAN0180390 |
| 11. ADIAN0178834 | 34. ADIAN0179845 | 57. ADIAN0180113 | 80. ADIAN0180446 |
| 12. ADIAN0178850 | 35. ADIAN0179887 | 58. ADIAN0180127 | 81. ADIAN0180641 |
| 13. ADIAN0178895 | 36. ADIAN0179907 | 59. ADIAN0180164 | 82. ADIAN0180642 |
| 14. ADIAN0178962 | 37. ADIAN0179908 | 60. ADIAN0180189 | 83. ADIAN0180676 |
| 15. ADIAN0179031 | 38. ADIAN0179919 | 61. ADIAN0180190 | 84. ADIAN0180733 |
| 16. ADIAN0179075 | 39. ADIAN0179995 | 62. ADIAN0180191 | 85. ADIAN0180789 |
| 17. ADIAN0179106 | 40. ADIAN0180051 | 63. ADIAN0180204 | 86. ADIAN0180819 |
| 18. ADIAN0179173 | 41. ADIAN0180054 | 64. ADIAN0180206 | 87. ADIAN0180822 |
| 19. ADIAN0179240 | 42. ADIAN0180060 | 65. ADIAN0180208 | 88. ADIAN0180893 |
| 20. ADIAN0179243 | 43. ADIAN0180061 | 66. ADIAN0180233 | 89. ADIAN0180927 |
| 21. ADIAN0179296 | 44. ADIAN0180062 | 67. ADIAN0180252 | 90. ADIAN0180935 |
| 22. ADIAN0179398 | 45. ADIAN0180063 | 68. ADIAN0180280 | 91. ADIAN0180938 |
| 23. ADIAN0179451 | 46. ADIAN0180064 | 69. ADIAN0180313 | 92. ADIAN0180941 |

| | | | |
|---|---|---|---|
| 93. ADIAN0180944 | 117. ADIAN0181783 | 141. ADIAN0182092 | 165. ADIAN0182508 |
| 94. ADIAN0180954 | 118. ADIAN0181784 | 142. ADIAN0182160 | 166. ADIAN0182544 |
| 95. ADIAN0180965 | 119. ADIAN0181785 | 143. ADIAN0182161 | 167. ADIAN0182553 |
| 96. ADIAN0180991 | 120. ADIAN0181786 | 144. ADIAN0182223 | 168. ADIAN0182569 |
| 97. ADIAN0180999 | 121. ADIAN0181823 | 145. ADIAN0182279 | 169. ADIAN0182642 |
| 98. ADIAN0181001 | 122. ADIAN0181854 | 146. ADIAN0182296 | 170. ADIAN0182668 |
| 99. ADIAN0181009 | 123. ADIAN0181859 | 147. ADIAN0182323 | 171. ADIAN0182688 |
| 100. ADIAN0181031 | 124. ADIAN0181865 | 148. ADIAN0182324 | 172. ADIAN0182696 |
| 101. ADIAN0181064 | 125. ADIAN0181871 | 149. ADIAN0182325 | 173. ADIAN0182714 |
| 102. ADIAN0181068 | 126. ADIAN0181877 | 150. ADIAN0182326 | 174. ADIAN0182724 |
| 103. ADIAN0181129 | 127. ADIAN0181883 | 151. ADIAN0182327 | 175. ADIAN0182725 |
| 104. ADIAN0181190 | 128. ADIAN0181892 | 152. ADIAN0182328 | 176. ADIAN0182746 |
| 105. ADIAN0181250 | 129. ADIAN0181915 | 153. ADIAN0182329 | 177. ADIAN0182747 |
| 106. ADIAN0181264 | 130. ADIAN0181917 | 154. ADIAN0182330 | 178. ADIAN0182748 |
| 107. ADIAN0181318 | 131. ADIAN0181919 | 155. ADIAN0182331 | 179. ADIAN0182749 |
| 108. ADIAN0181365 | 132. ADIAN0181926 | 156. ADIAN0182332 | 180. ADIAN0182750 |
| 109. ADIAN0181377 | 133. ADIAN0181948 | 157. ADIAN0182333 | 181. ADIAN0182769 |
| 110. ADIAN0181445 | 134. ADIAN0181982 | 158. ADIAN0182334 | 182. ADIAN0182789 |
| 111. ADIAN0181492 | 135. ADIAN0182026 | 159. ADIAN0182335 | 183. ADIAN0182790 |
| 112. ADIAN0181507 | 136. ADIAN0182027 | 160. ADIAN0182336 | 184. ADIAN0182898 |
| 113. ADIAN0181512 | 137. ADIAN0182028 | 161. ADIAN0182390 | 185. ADIAN0182954 |
| 114. ADIAN0181518 | 138. ADIAN0182029 | 162. ADIAN0182444 | 186. ADIAN0182971 |
| 115. ADIAN0181580 | 139. ADIAN0182030 | 163. ADIAN0182452 | 187. ADIAN0183022 |
| 116. ADIAN0181737 | 140. ADIAN0182031 | 164. ADIAN0182482 | 188. ADIAN0183028 |

| | | | |
|---|---|---|---|
| 189. ADIAN0183029 | 213. ADIAN0184189 | 237. ADIAN0185642 | 261. ADIAN0200041 |
| 190. ADIAN0183030 | 214. ADIAN0184252 | 238. ADIAN0185763 | 262. ADIAN0200072 |
| 191. ADIAN0183192 | 215. ADIAN0184272 | 239. ADIAN0185901 | 263. ADIAN0200367 |
| 192. ADIAN0183222 | 216. ADIAN0184292 | 240. ADIAN0185955 | 264. ADIAN0200375 |
| 193. ADIAN0183250 | 217. ADIAN0184309 | 241. ADIAN0186009 | 265. ADIAN0200392 |
| 194. ADIAN0183275 | 218. ADIAN0184310 | 242. ADIAN0186048 | 266. ADIAN0200508 |
| 195. ADIAN0183322 | 219. ADIAN0184362 | 243. ADIAN0186138 | 267. ADIAN0200600 |
| 196. ADIAN0183324 | 220. ADIAN0184425 | 244. ADIAN0186169 | 268. ADIAN0200729 |
| 197. ADIAN0183414 | 221. ADIAN0184426 | 245. ADIAN0186228 | 269. ADIAN0200795 |
| 198. ADIAN0183434 | 222. ADIAN0184446 | 246. ADIAN0186294 | 270. ADIAN0200976 |
| 199. ADIAN0183520 | 223. ADIAN0184466 | 247. ADIAN0187544 | 271. ADIAN0200988 |
| 200. ADIAN0183549 | 224. ADIAN0184497 | 248. ADIAN0187679 | 272. ADIAN0200996 |
| 201. ADIAN0183550 | 225. ADIAN0184581 | 249. ADIAN0188150 | 273. ADIAN0201008 |
| 202. ADIAN0183551 | 226. ADIAN0184628 | 250. ADIAN0188543 | 274. ADIAN0201072 |
| 203. ADIAN0183605 | 227. ADIAN0184646 | 251. ADIAN0194049 | 275. ADIAN0201108 |
| 204. ADIAN0183635 | 228. ADIAN0184677 | 252. ADIAN0198467 | 276. ADIAN0201150 |
| 205. ADIAN0183666 | 229. ADIAN0184800 | 253. ADIAN0198477 | 277. ADIAN0201159 |
| 206. ADIAN0183725 | 230. ADIAN0184923 | 254. ADIAN0198556 | 278. ADIAN0201164 |
| 207. ADIAN0183829 | 231. ADIAN0184947 | 255. ADIAN0198617 | 279. ADIAN0201308 |
| 208. ADIAN0183875 | 232. ADIAN0185068 | 256. ADIAN0198631 | 280. ADIAN0201339 |
| 209. ADIAN0183942 | 233. ADIAN0185189 | 257. ADIAN0198691 | 281. ADIAN0201403 |
| 210. ADIAN0183949 | 234. ADIAN0185327 | 258. ADIAN0199273 | 282. ADIAN0201869 |
| 211. ADIAN0183971 | 235. ADIAN0185465 | 259. ADIAN0199794 | 283. ADIAN0201870 |
| 212. ADIAN0184126 | 236. ADIAN0185588 | 260. ADIAN0199827 | 284. ADIAN0201871 |

| | | | |
|---|---|---|---|
| 285. ADIAN0201879 | 309. ADIANPM0121013 | 333. ADIANPM0150200 | 357. ADIANPM0150570 |
| 286. ADIAN0201880 | 310. ADIANPM0121203 | 334. ADIANPM0150201 | 358. ADIANPM0150589 |
| 287. ADIAN0201881 | 311. ADIANPM0121431 | 335. ADIANPM0150222 | 359. ADIANPM0150608 |
| 288. ADIAN0201884 | 312. ADIANPM0145301 | 336. ADIANPM0150260 | 360. ADIANPM0150609 |
| 289. ADIAN0201886 | 313. ADIANPM0145302 | 337. ADIANPM0150277 | 361. ADIANPM0151959 |
| 290. ADIAN0201996 | 314. ADIANPM0145925 | 338. ADIANPM0150297 | 362. ADIANPM0151981 |
| 291. ADIAN0202000 | 315. ADIANPM0145935 | 339. ADIANPM0150298 | 363. ADIANPM0154697 |
| 292. ADIAN0202002 | 316. ADIANPM0146025 | 340. ADIANPM0150320 | 364. ADIANPM0154802 |
| 293. ADIAN0230314 | 317. ADIANPM0146948 | 341. ADIANPM0150342 | 365. ADIANPM0154883 |
| 294. ADIAN0230364 | 318. ADIANPM0146965 | 342. ADIANPM0150364 | 366. ADIANPM0155012 |
| 295. ADIAN0230385 | 319. ADIANPM0146982 | 343. ADIANPM0150387 | 367. ADIANPM0155367 |
| 296. ADIAN0230431 | 320. ADIANPM0146992 | 344. ADIANPM0150388 | 368. ADIANPM0155369 |
| 297. ADIAN0230578 | 321. ADIANPM0150006 | 345. ADIANPM0150409 | 369. ADIANPM0155377 |
| 298. ADIAN0230767 | 322. ADIANPM0150013 | 346. ADIANPM0150434 | 370. ADIANPM0155390 |
| 299. ADIANPM0000410 | 323. ADIANPM0150020 | 347. ADIANPM0150435 | 371. ADIANPM0155397 |
| 300. ADIANPM0000415 | 324. ADIANPM0150037 | 348. ADIANPM0150453 | 372. ADIANPM0155406 |
| 301. ADIANPM0119345 | 325. ADIANPM0150060 | 349. ADIANPM0150454 | 373. ADIANPM0155414 |
| 302. ADIANPM0119369 | 326. ADIANPM0150083 | 350. ADIANPM0150473 | 374. ADIANPM0155421 |
| 303. ADIANPM0119385 | 327. ADIANPM0150111 | 351. ADIANPM0150474 | 375. ADIANPM0155437 |
| 304. ADIANPM0119410 | 328. ADIANPM0150127 | 352. ADIANPM0150493 | 376. ADIANPM0155443 |
| 305. ADIANPM0119455 | 329. ADIANPM0150143 | 353. ADIANPM0150494 | 377. ADIANPM0155463 |
| 306. ADIANPM0120464 | 330. ADIANPM0150157 | 354. ADIANPM0150513 | 378. ADIANPM0155477 |
| 307. ADIANPM0120653 | 331. ADIANPM0150158 | 355. ADIANPM0150532 | 379. ADIANPM0157929 |
| 308. ADIANPM0120811 | 332. ADIANPM0150177 | 356. ADIANPM0150551 | 380. ADIANPM0157943 |

| | | | |
|---|---|---|---|
| 381. ADIANPM0158194 | 405. ADIANPM0175606 | 429. ADIF0006463 | 453. ADIF0006722 |
| 382. ADIANPM0161457 | 406. ADIANPM0175698 | 430. ADIF0006469 | 454. ADIF0006728 |
| 383. ADIANPM0167693 | 407. ADIANPM0175706 | 431. ADIF0006478 | 455. ADIF0006740 |
| 384. ADIANPM0167694 | 408. ADIANPM0175739 | 432. ADIF0006486 | 456. ADIF0006763 |
| 385. ADIANPM0167695 | 409. ADIANPM0175803 | 433. ADIF0006492 | 457. ADIF0006771 |
| 386. ADIANPM0169071 | 410. ADIANPM0175807 | 434. ADIF0006498 | 458. ADIF0006776 |
| 387. ADIANPM0169540 | 411. ADIANPM0175812 | 435. ADIF0006506 | 459. ADIF0006783 |
| 388. ADIANPM0169542 | 412. ADIANPM0175839 | 436. ADIF0006516 | 460. ADIF0006791 |
| 389. ADIANPM0169546 | 413. ADIANPM0175871 | 437. ADIF0006533 | 461. ADIF0006796 |
| 390. ADIANPM0169574 | 414. ADIANPM0175919 | 438. ADIF0006538 | 462. ADIF0006817 |
| 391. ADIANPM0169608 | 415. ADIANPM0175922 | 439. ADIF0006543 | 463. ADIF0006823 |
| 392. ADIANPM0169751 | 416. ADIF0000001 | 440. ADIF0006551 | 464. ADIF0006829 |
| 393. ADIANPM0169790 | 417. ADIF0006376 | 441. ADIF0006557 | 465. ADIF0006833 |
| 394. ADIANPM0169837 | 418. ADIF0006381 | 442. ADIF0006563 | 466. ADIF0006838 |
| 395. ADIANPM0169839 | 419. ADIF0006387 | 443. ADIF0006569 | 467. ADIF0006846 |
| 396. ADIANPM0169842 | 420. ADIF0006390 | 444. ADIF0006574 | 468. ADIF0006852 |
| 397. ADIANPM0169843 | 421. ADIF0006396 | 445. ADIF0006578 | 469. ADIF0006856 |
| 398. ADIANPM0169845 | 422. ADIF0006408 | 446. ADIF0006599 | 470. ADIF0006860 |
| 399. ADIANPM0175313 | 423. ADIF0006413 | 447. ADIF0006604 | 471. ADIF0006866 |
| 400. ADIANPM0175359 | 424. ADIF0006418 | 448. ADIF0006613 | 472. ADIF0006873 |
| 401. ADIANPM0175479 | 425. ADIF0006423 | 449. ADIF0006695 | 473. ADIF0006878 |
| 402. ADIANPM0175532 | 426. ADIF0006444 | 450. ADIF0006700 | 474. ADIF0006883 |
| 403. ADIANPM0175591 | 427. ADIF0006449 | 451. ADIF0006705 | 475. ADIF0006890 |
| 404. ADIANPM0175601 | 428. ADIF0006454 | 452. ADIF0006720 | 476. ADIF0006896 |

| | | | |
|---|---|---|---|
| 477. ADIF0006912 | 501. ADIF0007092 | 525. ADIF0007304 | 549. ADIF0007481 |
| 478. ADIF0006918 | 502. ADIF0007098 | 526. ADIF0007314 | 550. ADIF0007500 |
| 479. ADIF0006924 | 503. ADIF0007105 | 527. ADIF0007316 | 551. ADIF0007508 |
| 480. ADIF0006930 | 504. ADIF0007111 | 528. ADIF0007324 | 552. ADIF0007524 |
| 481. ADIF0006939 | 505. ADIF0007120 | 529. ADIF0007340 | 553. ADIF0007529 |
| 482. ADIF0006944 | 506. ADIF0007124 | 530. ADIF0007342 | 554. ADIF0007538 |
| 483. ADIF0006976 | 507. ADIF0007130 | 531. ADIF0007348 | 555. ADIF0007541 |
| 484. ADIF0006982 | 508. ADIF0007137 | 532. ADIF0007354 | 556. ADIF0007547 |
| 485. ADIF0006993 | 509. ADIF0007142 | 533. ADIF0007357 | 557. ADIF0007571 |
| 486. ADIF0006999 | 510. ADIF0007158 | 534. ADIF0007364 | 558. ADIF0007591 |
| 487. ADIF0007004 | 511. ADIF0007196 | 535. ADIF0007372 | 559. ADIF0007597 |
| 488. ADIF0007010 | 512. ADIF0007202 | 536. ADIF0007376 | 560. ADIF0007613 |
| 489. ADIF0007015 | 513. ADIF0007209 | 537. ADIF0007381 | 561. ADIF0007629 |
| 490. ADIF0007020 | 514. ADIF0007214 | 538. ADIF0007387 | 562. ADIF0007644 |
| 491. ADIF0007023 | 515. ADIF0007219 | 539. ADIF0007395 | 563. ADIF0007660 |
| 492. ADIF0007030 | 516. ADIF0007224 | 540. ADIF0007405 | 564. ADIF0007667 |
| 493. ADIF0007036 | 517. ADIF0007242 | 541. ADIF0007411 | 565. ADIF0007672 |
| 494. ADIF0007042 | 518. ADIF0007259 | 542. ADIF0007415 | 566. ADIF0007680 |
| 495. ADIF0007054 | 519. ADIF0007265 | 543. ADIF0007426 | 567. ADIF0007685 |
| 496. ADIF0007060 | 520. ADIF0007274 | 544. ADIF0007434 | 568. ADIF0007692 |
| 497. ADIF0007068 | 521. ADIF0007280 | 545. ADIF0007439 | 569. ADIF0007697 |
| 498. ADIF0007074 | 522. ADIF0007288 | 546. ADIF0007455 | 570. ADIF0007704 |
| 499. ADIF0007080 | 523. ADIF0007292 | 547. ADIF0007469 | 571. ADIF0007720 |
| 500. ADIF0007086 | 524. ADIF0007298 | 548. ADIF0007475 | 572. ADIF0007727 |

Highly Confidential — Attorneys' Eyes Only

Tab 2

| | | | |
|---|---|---|---|
| 573. ADIF0007736 | 597. ADIF0008820 | 621. ADIF0009280 | 645. ADIF0009591 |
| 574. ADIF0007743 | 598. ADIF0008821 | 622. ADIF0009281 | 646. ADIF0009650 |
| 575. ADIF0007749 | 599. ADIF0008823 | 623. ADIF0009283 | 647. ADIF0009698 |
| 576. ADIF0007754 | 600. ADIF0008825 | 624. ADIF0009314 | 648. ADIF0009741 |
| 577. ADIF0007759 | 601. ADIF0008826 | 625. ADIF0009317 | 649. ADIF0009744 |
| 578. ADIF0007764 | 602. ADIF0008828 | 626. ADIF0009318 | 650. ADIF0009785 |
| 579. ADIF0007773 | 603. ADIF0008829 | 627. ADIF0009319 | 651. ADIF0009787 |
| 580. ADIF0007778 | 604. ADIF0008830 | 628. ADIF0009320 | 652. ADIF0009791 |
| 581. ADIF0007782 | 605. ADIF0008844 | 629. ADIF0009324 | 653. ADIF0009819 |
| 582. ADIF0007788 | 606. ADIF0008848 | 630. ADIF0009352 | 654. ADIF0009834 |
| 583. ADIF0007798 | 607. ADIF0008851 | 631. ADIF0009356 | 655. ADIF0009839 |
| 584. ADIF0007804 | 608. ADIF0008852 | 632. ADIF0009446 | 656. ADIF0010518 |
| 585. ADIF0007810 | 609. ADIF0008853 | 633. ADIF0009447 | 657. ADIF0010985 |
| 586. ADIF0007813 | 610. ADIF0008890 | 634. ADIF0009473 | 658. ADIF0011205 |
| 587. ADIF0007838 | 611. ADIF0008933 | 635. ADIF0009475 | 659. ADIF0013064 |
| 588. ADIF0007854 | 612. ADIF0008934 | 636. ADIF0009478 | 660. ADIF0013065 |
| 589. ADIF0007862 | 613. ADIF0008970 | 637. ADIF0009484 | 661. ADIF0072432 |
| 590. ADIF0007878 | 614. ADIF0009002 | 638. ADIF0009495 | 662. ADIF0072447 |
| 591. ADIF0007880 | 615. ADIF0009003 | 639. ADIF0009506 | 663. ADIF0072478 |
| 592. ADIF0007883 | 616. ADIF0009031 | 640. ADIF0009528 | 664. ADIF0072506 |
| 593. ADIF0007975 | 617. ADIF0009091 | 641. ADIF0009530 | 665. ADIF0072596 |
| 594. ADIF0007997 | 618. ADIF0009141 | 642. ADIF0009574 | 666. ADIF0072694 |
| 595. ADIF0008800 | 619. ADIF0009175 | 643. ADIF0009580 | 667. ADIF0072735 |
| 596. ADIF0008815 | 620. ADIF0009212 | 644. ADIF0009587 | 668. ADIF0072739 |

Highly Confidential — Attorneys' Eyes Only

Tab 2

| | | | |
|---|---|---|---|
| 669. ADIF0145834 | 693. ADIF0342677 | 717. ADIF0353796 | 741. ADIF0354263 |
| 670. ADIF0334507 | 694. ADIF0342679 | 718. ADIF0353800 | 742. ADIF0354291 |
| 671. ADIF0341731 | 695. ADIF0353544 | 719. ADIF0353828 | 743. ADIF0354306 |
| 672. ADIF0342026 | 696. ADIF0353545 | 720. ADIF0353832 | 744. ADIF0354311 |
| 673. ADIF0342028 | 697. ADIF0353547 | 721. ADIF0353922 | 745. ADIF0354319 |
| 674. ADIF0342080 | 698. ADIF0353584 | 722. ADIF0353923 | 746. ADIF0354334 |
| 675. ADIF0342366 | 699. ADIF0353585 | 723. ADIF0353949 | 747. ADIF0354339 |
| 676. ADIF0342399 | 700. ADIF0353586 | 724. ADIF0353951 | 748. ADIF0354341 |
| 677. ADIF0342401 | 701. ADIF0353634 | 725. ADIF0353954 | 749. ADIF0354343 |
| 678. ADIF0342404 | 702. ADIF0353672 | 726. ADIF0353960 | 750. ADIF0354344 |
| 679. ADIF0342443 | 703. ADIF0353710 | 727. ADIF0353971 | 751. ADIF0354346 |
| 680. ADIF0342478 | 704. ADIF0353712 | 728. ADIF0353982 | 752. ADIF0354347 |
| 681. ADIF0342500 | 705. ADIF0353713 | 729. ADIF0354004 | 753. ADIF0354348 |
| 682. ADIF0342519 | 706. ADIF0353716 | 730. ADIF0354006 | 754. ADIF0354362 |
| 683. ADIF0342521 | 707. ADIF0353756 | 731. ADIF0354050 | 755. ADIF0354366 |
| 684. ADIF0342523 | 708. ADIF0353758 | 732. ADIF0354056 | 756. ADIF0354369 |
| 685. ADIF0342581 | 709. ADIF0353759 | 733. ADIF0354063 | 757. ADIF0354406 |
| 686. ADIF0342583 | 710. ADIF0353760 | 734. ADIF0354067 | 758. ADIF0354449 |
| 687. ADIF0342584 | 711. ADIF0353786 | 735. ADIF0354072 | 759. ADIF0354485 |
| 688. ADIF0342586 | 712. ADIF0353787 | 736. ADIF0354126 | 760. ADIF0354517 |
| 689. ADIF0342592 | 713. ADIF0353790 | 737. ADIF0354174 | 761. ADIF0354545 |
| 690. ADIF0342597 | 714. ADIF0353793 | 738. ADIF0354217 | 762. ADIF0354605 |
| 691. ADIF0342634 | 715. ADIF0353794 | 739. ADIF0354220 | 763. ADIF0354655 |
| 692. ADIF0342662 | 716. ADIF0353795 | 740. ADIF0354261 | 764. ADIF0354689 |

| | | | |
|---|---|---|---|
| 765. ADIF0354726 | 789. ADIF0357696 | 813. ADIF0358006 | 837. ADIF0358197 |
| 766. ADIF0354794 | 790. ADIF0357701 | 814. ADIF0358013 | 838. ADIF0358204 |
| 767. ADIF0354795 | 791. ADIF0357718 | 815. ADIF0358020 | 839. ADIF0358235 |
| 768. ADIF0354797 | 792. ADIF0357726 | 816. ADIF0358025 | 840. ADIF0358240 |
| 769. ADIF0354864 | 793. ADIF0357735 | 817. ADIF0358032 | 841. ADIF0358247 |
| 770. ADIF0354892 | 794. ADIF0357743 | 818. ADIF0358036 | 842. ADIF0358252 |
| 771. ADIF0354896 | 795. ADIF0357749 | 819. ADIF0358077 | 843. ADIF0358259 |
| 772. ADIF0354937 | 796. ADIF0357755 | 820. ADIF0358082 | 844. ADIF0358264 |
| 773. ADIF0354940 | 797. ADIF0357760 | 821. ADIF0358091 | 845. ADIF0358269 |
| 774. ADIF0354993 | 798. ADIF0357768 | 822. ADIF0358096 | 846. ADIF0358278 |
| 775. ADIF0355005 | 799. ADIF0357773 | 823. ADIF0358103 | 847. ADIF0358283 |
| 776. ADIF0355008 | 800. ADIF0357780 | 824. ADIF0358108 | 848. ADIF0358297 |
| 777. ADIF0355010 | 801. ADIF0357785 | 825. ADIF0358113 | 849. ADIF0358334 |
| 778. ADIF0355025 | 802. ADIF0357790 | 826. ADIF0358121 | 850. ADIF0358377 |
| 779. ADIF0355027 | 803. ADIF0357805 | 827. ADIF0358126 | 851. ADIF0358413 |
| 780. ADIF0355053 | 804. ADIF0357810 | 828. ADIF0358131 | 852. ADIF0358445 |
| 781. ADIF0355057 | 805. ADIF0357821 | 829. ADIF0358136 | 853. ADIF0358446 |
| 782. ADIF0355095 | 806. ADIF0357827 | 830. ADIF0358141 | 854. ADIF0358474 |
| 783. ADIF0355098 | 807. ADIF0357882 | 831. ADIF0358148 | 855. ADIF0358524 |
| 784. ADIF0355099 | 808. ADIF0357888 | 832. ADIF0358154 | 856. ADIF0358558 |
| 785. ADIF0355101 | 809. ADIF0357941 | 833. ADIF0358166 | 857. ADIF0358626 |
| 786. ADIF0355138 | 810. ADIF0357946 | 834. ADIF0358171 | 858. ADIF0358629 |
| 787. ADIF0355541 | 811. ADIF0357951 | 835. ADIF0358185 | 859. ADIF0358635 |
| 788. ADIF0355662 | 812. ADIF0358000 | 836. ADIF0358192 | 860. ADIF0358640 |

| | | | |
|---|---|---|---|
| 861. ADIF0358688 | 888. AVN2_012366 | 915. AVN2_023202 | 942. AVN2_025921 |
| 862. ADIF0358731 | 889. AVN2_012367 | 916. AVN2_023203 | 943. AVN2_025922 |
| 863. ADIF0361598 | 890. AVN2_012369 | 917. AVN2_023204 | 944. AVN2_050000 |
| 864. ADIF0361742 | 891. AVN2_012381 | 918. AVN2_023205 | 945. AVN2_050023 |
| 865. ADIF0361749 | 892. AVN2_012382 | 919. AVN2_023206 | 946. AVN2_050025 |
| 866. ADIF0361759 | 893. AVN2_012383 | 920. AVN2_023236 | 947. AVN2_050028 |
| 867. ADIF0361769 | 894. AVN2_014030 | 921. AVN2_023243 | 948. AVN2_050079 |
| 868. ADIF0361779 | 895. AVN2_014039 | 922. AVN2_023245 | 949. AVN2_050087 |
| 869. ADIF0361785 | 896. AVN2_015001 | 923. AVN2_023298 | 950. AVN2_050091 |
| 870. ADIF0361791 | 897. AVN2_018789 | 924. AVN2_024437 | 951. MH0000032 |
| 871. ADIF0361800 | 898. AVN2_018790 | 925. AVN2_024457 | 952. MH0000142 |
| 872. ADIF0362950 | 899. AVN2_018792 | 926. AVN2_024726 | 953. MH0000204 |
| 873. ADIF0366679 | 900. AVN2_023162 | 927. AVN2_024784 | 954. MH0000262 |
| 874. ADIF0369047 | 901. AVN2_023163 | 928. AVN2_024785 | 955. MH0000264 |
| 875. ADIF0369072 | 902. AVN2_023164 | 929. AVN2_024786 | 956. MH0000839 |
| 876. ADIF0370888 | 903. AVN2_023165 | 930. AVN2_024787 | 957. MH0000922 |
| 877. ADIF0373745 | 904. AVN2_023166 | 931. AVN2_025866 | 958. MH0001060 |
| 878. AVN_109195 | 905. AVN2_023167 | 932. AVN2_025867 | 959. MH0001126 |
| 879. AVN_109203 | 906. AVN2_023168 | 933. AVN2_025868 | 960. MH0001135 |
| 880. AVN_596572 | 907. AVN2_023169 | 934. AVN2_025869 | 961. MH0001287 |
| 881. AVN_596589 | 908. AVN2_023170 | 935. AVN2_025870 | 962. POWERDIGITAL00133 |
| 882. AVN_596590 | 909. AVN2_023171 | 936. AVN2_025871 | 963. POWERDIGITAL00134 |
| 883. AVN2_010104 | 910. AVN2_023172 | 937. AVN2_025884 | 964. POWERDIGITAL00144 |
| 884. AVN2_010224 | 911. AVN2_023185 | 938. AVN2_025885 | 965. POWERDIGITAL00146 |
| 885. AVN2_010225 | 912. AVN2_023199 | 939. AVN2_025886 | 966. POWERDIGITAL00738 |
| 886. AVN2_011409 | 913. AVN2_023200 | 940. AVN2_025887 | |
| 887. AVN2_012365 | 914. AVN2_023201 | 941. AVN2_025920 | |